KC FILED
DEC 17 2007
DEC 17 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

|  |  |  |
|---|---|---|
| Shawnetta T. Graham, Pro Se<br>    PLAINTIFF<br><br>        -VS-<br><br><br>State of Illinois and the Illinois Department<br>Of Corrections<br>    DEFENDANT | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | United States District<br>Court<br>Northern District of<br>Illinois |

Civil Action # _____

**COMPLAINT**

**EXHIBITS**

**SEE ATTACHED**

07CV7078
JUDGE DER-YEGHIAYAN
MAGISTRATE JUDGE MASON

## TABLE OF CONTENTS FOR EXHIBIT A-Z & EXHIBIT AA-DD
## EXHIBIT 1 & EXHIBIT 2

EXHIBIT 1: Graham's report about an incident

EXHIBIT   A: Illinois Department of Human Rights Complaint

EXHIBIT   B: Investigator Sandra Kelly's dismissal notification

EXHIBIT   C: Graham's request for weight review

EXHIBIT   D: IDHR Chief Legal Counsel Dismissal notification

EXHIBIT   E: U.S. EEOC letter of dismissal and Sue Rights

EXHIBIT   F:  Charges developed by IDHR with errors

EXHIBIT G:   Notification of Fact Finding Conference

EXHIBIT H:   Incident on January 06, 2004

EXHIBIT I:   Incident on July 01, 2004

EXHIBIT J:   July 01, 2004 doctor statement for Dr. Lindstorm & Time off slip

EXHIBIT K:   MRI report from Dr. Bartel and other doctor statements

EXHIBIT L:  Dreyer Walk-In Clinic Statement

EXHIBIT M:  MRI report from Dr. Lyon/ and other doctor statements

EXHIBIT N:   A prepared note by Ms. Miller

EXHIBIT O:  A written statement from YS II Daryl Tesh

EXHIBIT P: A.D. 03-02-215

EXHIBIT Q:  Force medical leave statement

EXHIBIT R:  Statement prepared by Mrs. Miller about walking and standing

EXHIBIT S: Statement from YS II Matthew Mathis

EXHIBIT T: Physician statement date 09-09-2004

**EXHIBIT U: Handicap State of Illinois Application**

**EXHIBIT V: Referral by Dr. Lyon to a neurologist**

**EXHIBIT W: Photos of injury and doctor statements from Dr. Lyon**

**EXHIBIT X:  A Doctor statement from Dr. Misty McNeill**

**EXHIBIT Y: Fail Union Grievance**

**EXHIBIT Z:  Time sheet which shows dock time and available time**
**EXHIBIT  2: Memos to state employees and union representatives**
**EXHIBIT   AA: notification of absent for 09-09-204 & 02-25-2004**

**EXHIBIT   BB: Physician statements from Dr. Lyon's office**

**EXHIBIT   CC: Pay Check Stubs**

**EXHIBIT   DD: Disclosure of witnesses**

**EXHIBIT   EE:  Affidavit of Ann Chalstrom**

# Exhibit

1

Graham's incident report

On October 11, 2002 I was in the library at IYC Warrenville and a YS-III walked in the library with a youth who was kicked out of her class because of disciplinary reasons. The YS-III name is Ms. Jones.  She works in the Bureau of Identification Department. The youth name is Youth Hampton. The assigned YS-II for the library post for the day name is Ms. Barner.

As the YS-III Jones escort the youth to the disciplinary sitting area, she made a loud statement. "These youths do not have to sit facing the wall, because it is corporate punishment. Mr. Clark said we are not having no of this." After, YS-III Jones made that comment in front of the youth. She went on to say that maybe we should pull security out of the library and Ms. Miller and I could run the library like we wanted.

Then, she went on to say the library has always been like this before I arrived and it will be like this when I am gone.

On October 08, 2002, I asked C. Miller, Principal of IYC Warrenville, if we could do something different with the youths who were kicked out of class and sent to the library, because they are very disruptive as they sit in the disciplinary sitting area and she said, yes.

After, the incident I explained to the YS-II who was the assign security for the day. That the female youths were out of control and had little respect for authority, and some of them had no fear of confinement. Then, we had a brief discussion on the incident that lead to the loss of a life of a female youth. This staff told me that the youth was killed and the whole thing was covered up. The youth who was driving hated the other girl because she was pretty.

Later on in the day youth Boyd was present in the library. She had a bathroom pass And for some reason she was asked about something. Youth Boyd said in a loud voice "if she every touch me or do any thing to me I will Kill her." YS-II Barner was present.

Before the shift ended, YS-II Barner told me that if I stay at Warrenville I was going to go though pure HELL. She wished me luck.

Over the weekend I had a called from a former YS-II of IYC Warrenville, Brenda Lloyd, I have not hear from her in years. When speaking about an incident at IYC Warrenville she said, that youth was killed and that is why stop working at Warrenville.

10-15-02

Shawnetta T. Graham, Pro Se                    )
   PLAINTIFF                              )
                                 )    **United States District**
     **-VS-**                           )         **Court**
                                   )    **Northern District of**
                                   )         **Illinois**
**State of Illinois and the Illinois Department**    )
**Of Corrections**                             )
   **DEFENDANT**                        )
                                   )
                                   )
                                   )    Civil Action # _____

## COMPLAINT

## EXHIBITS

## SEE ATTACHED

## TABLE OF CONTENTS FOR EXHIBIT A-Z & EXHIBIT AA-DD
### EXHIBIT 1 & EXHIBIT 2

**EXHIBIT A:** Illinois Department of Human Rights Complaint

**EXHIBIT B:** Investigator Sandra Kelly's dismissal notification

**EXHIBIT C:** Graham's request for weight review

**EXHIBIT D:** IDHR Chief Legal Counsel Dismissal notification

**EXHIBIT E:** U.S. EEOC letter of dismissal and Sue Rights

**EXHIBIT F:** Charges developed by IDHR with errors

**EXHIBIT G:** Notification of Fact Finding Conference

**EXHIBIT H:** Incident on January 06, 2004

**EXHIBIT I:** Incident on July 01, 2004

**EXHIBIT J:** July 01, 2004 doctor statement for Dr. Lindstorm & Time off slip

**EXHIBIT K:** MRI report from Dr. Bartel and other doctor statements

**EXHIBIT L:** Dreyer Walk-In Clinic Statement

**EXHIBIT M:** MRI report from Dr. Lyon/ and other doctor statements

**EXHIBIT N:** A prepared note by Ms. Miller

**EXHIBIT O:** A written statement from YS II Daryl Tesh

**EXHIBIT P:** A.D. 03-02-215

**EXHIBIT Q:** Force medical leave statement

**EXHIBIT R:** Statement prepared by Mrs. Miller about walking and standing

**EXHIBIT S:** Statement from YS II Matthew Mathis

**EXHIBIT T:** Physician statement date 09-09-2004

**EXHIBIT U: Handicap State of Illinois Application**

**EXHIBIT V: Referral by Dr. Lyon to a neurologist**

**EXHIBIT W: Photos of injury and doctor statements from Dr. Lyon**

**EXHIBIT X: A Doctor statement from Dr. Misty McNeill**

**EXHIBIT Y: Fail Union Grievance**

**EXHIBIT Z: Time sheet which shows dock time and available time**

**EXHIBIT   AA: notification of absent for 09-09-204 & 02-25-2004**

**EXHIBIT   BB: Physician statements from Dr. Lyon's office**

**EXHIBIT   CC: Pay Check Stubs**

**EXHIBIT   DD: Disclosure of witnesses**

**EXHIBIT   EE:  Affidavit of Ann Chalstrom**

## RELEVANT EVIDENCE

### Rule 401: Definition of Relevant Evidence

"Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to determination of the action more probable or less probable than it would be without the evidence" (See Federal Civil Judicial Procedure and Rules 2007 Edition under Article IV on page 386)

I am requesting that the United States District Court of the Northern District of Illinois allow the attached Exhibit (A-Z and AA-DD) & (Exhibits 1-2) and any other additional exhibit noted on the table of contents to be used as **RELEVANT EVIDENCE** for a matter of record, and to understand the body of complaint. The following exhibits attached to this Complaint is true.

Subscribed and sworn in the year **2007** on the day of _____ *15th* _____ and in the month of **December**

Signature of Shawnetta T. Graham: *Shawnetta T. Graham* date: 12-15-07

Notary Public signature : *Kimberly A Rygiewicz*

SEAL:

OFFICIAL SEAL
KIMBERLY A RYGIEWICZ
Notary Public - State of Illinois
My Commission Expires Mar 29, 2009

17

# EXHIBIT

# A

A copy of the Complaint filed with the Illinois Department of Human

Rights in November 2004

# ILLINOIS DEPARTMENT OF HUMAN RIGHTS

## COMPLAINANT INFORMATION SHEET
### (For discrimination in employment)

TODAY'S DATE: ___10_ / _04_ / _2004_
(Month/ Date/ Year)

**PLEASE PRINT**

1.  Your Name: Mr./Ms./Mrs.    ms. Shawnetta T. Graham

    Address    1101 Assell Ave

    City   Aurora                               Apt.#   House

    State   IL    Zip   60505

    Home Phone Number    ( 630 )   299-3509

    Day-Time Phone Number    ( 630 )  983-6231   Ext.262

2.  The names of two people who can contact you in the event this office is unable to locate you. Make sure their mailing addresses are different from your mailing address. Your charge could be dismissed if you do not provide this information and we are unable to locate you.

    A.  Name: Mr./Ms./Mrs.   Maxine Graham

        Address   3001 Kingdrive

        City  Chicago                          Apt.#   1606

        State   IL   Zip   60616

        Phone Number   (312) 326-7435   (312) 353-3579 work

    B.  Name: Mr./Ms./Mrs.   Darlene Jackson

        Address   3605 south King Drive                    Apt.#   2-B

        City   Chicago                          State   IL   Zip   60653

        Phone Number   ( 773 )  373-6260

(*Note)3.   Write out the full legal name of the Employer, Union, Employment Agency, etc., (i.e., the Respondent), that you believe discriminated against you in Illinois. **This is the facility I work at, the sch.Dist makes the decision.**

    Name in Full:   Illinois Department Of Corrections: IYC Warrenville

    Illinois Address: 30 West 200 Ferry Road

    City  Warrenville                         State   IL   Zip   60555

    Phone Number   ( 630 )  983-6231            County Dupage

4.  If you were placed at Respondent by a temporary agency which paid your wages, provide the following information about this company:

    Name in Full:   N/A

    Illinois Address: _____

    City _____

    State _____   Zip _____

    Phone Number   (   ) _____   County _____

CIS-Employment (Web 10/01)  *Note   ( The school Dist made the decision)



5.  A.  Type of Respondent that you believe discriminated against you in Illinois:

    __ Private Company                    __ Government Agency (specify):_____
    __ Employment Agency                      ‾ Federal
    __ Educational Institution              XX State
    __ Public  __ Private                   __ County
    __ Union                                __ City

    B.  What is the nature of the business of the Respondent?

    _____ Retail (specify)        _____

    _____ Government (specify)    _____

    _____ Manufacturing (specify) _____

    _____ Health Care (specify)   _____

    XX  Other (specify)    Junvenile Prison
                           _____

6.  Does the Respondent have a total of 15 or more people working in the State of Illinois?
    (Consider all locations).   XX Yes                __ No
                    If Yes,  approximate total number in IL  _____

    Does the Respondent have a total of 15 or more people working in the United States?
                                                    XXx Yes          __ No

7:  Does the Respondent named in question #3 now employ you?     XX Yes     __ No

    If you have been employed by the Respondent named in question #3; provide the following information:

    Job Title  Library Associate _____    Date Hired    5 / 04 /1994

    Were you on probation?    _____ Yes    XX  No

    Present or last salary  _____    Per _____

    Department  Academic -Library _____    Supervisor  C.N. Miller _____

8.  In the spaces below, please indicate each issue (harm) and basis (type of discrimination) which you would
    like the Department to investigate. The bases (types) of discrimination, which the Department can
    investigate, are listed in the Introduction to CIS. Some common issues (harms) are:

    Discharge                     Failure to Hire              Demotion
    Harassment                    Layoff                       Failure to Promote
    Unequal Pay                   Transfer                     Failure to Recall
    Job Eliminated                Other (specify)              Warning
    Failure to Accommodate                                     Suspension
    (handicap and religion only).

    → See Other

    Failure to provide
    medical treatment/
    assistant on 7/1/04
    due to the front cl

Please take your time and complete **all** the information requested for **each** issue and basis alleged, so that we can serve you better. Fill in a separate section for each issue and basis.

## ISSUE AND BASIS

8a.    Issue (harm): failure to provide on the job

medical treatment; therefore,I injury my ankles                    Date:    7 / 01 / 2004

Basis (type of discrimination):                                                    failure to provide Emergency
medical assistant.

Reason given for harm by Respondent:    Respondent did not want to help
of  there personal feelings towards me. She said, C.N.Miller, she did see me to me because
Who gave you this information (name/job title)?                                    the floor.
C.n. Miller,
School Principal

Explain why you feel you were discriminated against because of the basis identified above. How were others in your situation treated?  Include names and job titles.

On 07-01-2004 I was in need of medical treatment; because my knees gave out.
There were about five witnesses. No one call for assistant. On 07-01-2004
they had a man down.They were suppose to call for assistant. I had to walked to
the nurse office in a crunch position and also  I walked in  to my supervisor
office. I injury my ankle because of the incident. If I could have a wheel
chair which they have on ground. My injuries would not have occurred. I have
heard that when other staff have illness they recieved medical attention. I
am different and a mix-breed and non-African American. Also, I report incidents
which occurred in my  **ISSUE AND BASIS**  department. I report abuse of
job Assignments  Therefore, it was retaliation.

8b.    Issue (harm): failure to provide on the job medical treatment; therefore, I injury my
ankles.

Basis (type of discrimination):                                                    Failure to provide Emergency
medical assistant

Reason given for harm by Respondent:    Respondent did not want to help me because of
personal feelings and retaliation. for waiting incident Reports,
Who gave you this information (name/job title)?

Explain why you feel you were discriminated against because of the basis identified above. How were others in your situation treated?  Include names and job titles.

In August 2004 my supervisor C. N.Miller and Assistant Warden  Mendoza call me for 1
Meeting. My supervisor said     the reason she did not call for assistant is because she
didnot see me fall to the floor. I have heard about other staff having
medical problems; and a medical code was call.

Note: If you need to list additional issues or bases, copy this page or use additional paper.

9.    If you wrote **sexual harassment** in your answer to number 8 above, indicate the **name** and **job title** of the harasser:

Do you want the harasser charged separately as an additional Respondent?
If yes, give the address and phone number of that person:                    ___ Yes    ___ No

10.    If you wrote **physical or mental handicap** in your answer to number 8 above, state your medically diagnosable handicap(s):

Explain how the Respondent became aware of each handicap:

I fail in January 2004 and recieved Physical Therapy. I was on a work ~~restriction until 5-19-04. During my work restriction I did have to work~~

State whether you requested any form of accommodation: could not. After speaking to my advisor I

~~in some condition that my doctor said I~~ explain to *them* I could not work out of

No I did                                                                    doctor orders.

If you requested accommodation, what was the Respondent's response?

I did not request  any accommodation.

If you do not have a handicap, but you believe the Respondent acted because it perceives you as handicapped, explain:

My supervisor knew that I had knees problems

11. If you wrote **national origin or citizenship status** in your answer to number 8 above, do you think the Federal Immigration Reform and Control Act of 1986 influenced your employer's actions? If so, explain:

No

12. If you wrote **retaliation** in your answer to number 8 above, state how you opposed unlawful discrimination (i.e., testified at a discrimination hearing, filed a prior discrimination claim, or complained about unlawful discrimination). Include dates, charge numbers, and/or the name or title of the person to whom you complained.

I oppose *unlawful* discrimination because everyone *is* a creation of god, so

everyone should be treated equally with respect as a human being.

My family helped finance the Civil Right Movement.

(Bails, freedom riders, or Marches) All these things needed finance.

13. If there are witnesses that the Department should contact, who can support your claim of discrimination, state their names, addresses and phone numbers and the pertinent information each witness can provide.

**Witness #1.** Name:  Vivan Travis, *School Secaetary*
Address: 30 West 2oo Ferry Road Warrenville, Il 60555
Phone No. (630) 983-6231

Information:  Witness that my knees gave out on 7/01/2004 and I walked into
my supervisor office and no one called      assistant/

**Witness #2.** Name:  YSII Gargantai
Address: 30 West 2oo Ferry Road Warrenville, IL 60555
Phone No. (630) 983-6231

Information:  Witness that I walk pass the school desk on 07/01/2004 in a crunch
position and I need a wheel chair. I walk from the inter-library
to the nurses offices   YSII Eggleson

**Witness #3.** Name:                          YSII Eggleson
Address:  30 West 2oo Ferry Road Warrenville, IL 60555
Phone No. ( 630  ~~983-6231~~

Information:  Witness *that I walked pass* the school desk in a crunch position
and I need a wheel chair.

*more Witness on Page* *back of*

14. Do you have any documents to support your claim of discrimination? ___ Yes __x__ No

15. Have you tried to resolve your situation through a grievance procedure? ___ Yes _X_ No
If yes, with whom? *Also not for failing to provide me medical treatment or Assistant*
Briefly describe your actions and the results thus far:

_____

_____

16. Have you filed a previous charge against this employer with this Department? ___ Yes __x__ No
If yes, when? _____

Charge Number _____

17. Have you filed a charge regarding this situation with any other Agency? ___ Yes _X_ No

EEOC: ___ Yes _X_ No    If yes, when? _____

OTHER: ___ Specify: Yes _X_ No    _____
If yes, when? _____

18. **PERSONAL DATA:**

We need some information for statistical purposes. Please provide the following information:

Date of Birth ___06___ / ___06___ / __1968__    Sex ___M___ ~~XXX~~

Circle the appropriate category from the list below of national origin or ancestry with which you most strongly identify:

| | | |
|---|---|---|
| Greece = B | Liberia = R | U.S.A. = U |
| Haiti = T | Mexico = M | Vietnam = V |
| India = N | Middle East = L | Other African/Non-Arab = F |
| Ireland = I | Pakistan = K | Other East Asia = W |
| Italy = Y | Philippines = S | Other Eastern Europe = E |
| Japan = J | Poland = O | Other Hispanic = H |
| Korea = A | Puerto Rico = P | (Other = Z) *Mix Breed* |

19. Please specify how you learned of our office. This information will be used to enable us to serve the public better:

internet; I just know the the agency

_____

I certify that this information is true and correct to the best of my knowledge.
I understand this information sheet is not a charge.

Signature: *Mawretta Graham*    Date: *10, 04, 04*

*( Witness on back of page 5 )*

CIS-Employment (Web 10/01)

Witness: C.N. Miller   30 west 200 Ferry Road Warrenville, IL 60555 (630) 983-6231
     Information: On 7-01-2004 I needed medical treatment, my knees gave out, Ext.260
       I had problem walking because my knees gave out and I had to
walk to the nurses office. in a crunch position

Witness: Nurse Middleton 30 West 200 Ferry Road Warrenville, IL 60555 (630) 983-6231    Ext

   information: On 07-01-2004 I walked in the nurse office in a crunch
position. My Knees gave out.

Witness: YS II Morman 30 West 200 Ferry Road Warrenville, IL 60555   (630) 983-6231
       ( Ys II Moorman )
    Information:     7-01-2004 I walked pass her YSII Morman in
   a crunch position, My Knees gave out.

Witness : Assistant Warden Mendoza: 30 West 200 Ferry Road (630) 983-6231 Ext. 204
               Warrenville, IL 60555

   Informations In August 2004 She was a witness to a statement my supervisor
   stated—— in a meeting.

# ILLINOIS DEPARTMENT OF HUMAN RIGHTS

## COMPLAINANT INFORMATION SHEET
### (For discrimination in employment)

TODAY'S DATE: ___10__ / __04__ / _2004_
(Month/ Date/ Year)

**PLEASE PRINT**

1. Your Name: Mr./Ms./Mrs.    ms. Shawnetta T. Graham

   Address __1101 Assell Ave__    Apt.# __House__

   City __Aurora__    State __IL__    Zip __60505__

   Home Phone Number    ( 630 ) __299-3509__

   Day-Time Phone Number    ( 630 ) __983-6231__ Ext.262

2. The names of two people who can contact you in the event this office is unable to locate you. Make sure their mailing addresses are different from your mailing address. Your charge could be dismissed if you do not provide this information and we are unable to locate you.

   A. Name: Mr./Ms./Mrs. __Maxine Graham__

   Address __3001 Kingdrive__    Apt.# __1606__

   City __Chicago__    State __IL__    Zip __60616__

   Phone Number ( 312 ) 326-7435    (312) 353-3579 ~~work~~

   B. Name: Mr./Ms./Mrs. __Darlene Jackson__

   Address __3605 south King Drive__    Apt.# __2-B__

   City __Chicago__    State __IL__    Zip __60653__

   Phone Number ( 773 ) __373-6260__

(\*Note)3. Write out the full legal name of the Employer, Union, Employment Agency, etc., (i.e., the Respondent), that you believe discriminated against you in Illinois. **This is the facility I work  at, the sch.Dist. makes the decision.**

   Name in Full: __Illinois Department Of Corrections: IYC Warrenville__

   Illinois Address: 30 __West 200 Ferry Road__

   City __Warrenville__    State __IL__    Zip __60555__

   Phone Number ( 630 ) __983-6231__    County _Dupage_

4. If you were placed at Respondent by a temporary agency which paid your wages, provide the following information about this company:

   Name in Full: __N/A__

   Illinois Address: _____

   City _____    State _____ Zip _____

   Phone Number ( )  _____    County _____

   ( The school Dist. ...



5:    A.    Type of Respondent that you believe discriminated against you in Illinois:

    __ Private Company                __ Government Agency (specify):_____
    __ Employment Agency               __ Federal
    __ Educational Institution           XX State
      __ Public   __ Private        __ County
    __ Union                       __ City

B.    What is the nature of the business of the Respondent?

    _____ Retail (specify)         _____

    _____ Government (specify)     _____

    _____ Manufacturing (specify)   _____

    _____ Health Care (specify)     _____

    __XX__ Other (specify)     Junvenile Prison

6.    Does the Respondent have a total of 15 or more people working in the State of Illinois?
(Consider all locations).  ⅄ Yes     __ No
                 If Yes,  approximate total number in IL   _____

    Does the Respondent have a total of 15 or more people working in the United States?
                                   XXx Yes     __ No

7.    Does the Respondent named in question #3 now employ you?   XX Yes     __ No

    If you have been employed by the Respondent named in question#3, provide the following information:

Job Title  Library Associate               Date Hired     5 / 04 /1994

Were you on probation?    _____ Yes     XX No

Present or last salary   _____ Per _____

Department  Academic -Library       Supervisor   C.N. Miller

8.    In the spaces below, please indicate each issue (harm) and basis (type of discrimination) which you would
like the Department to investigate. The bases (types) of discrimination, which the Department can
investigate, are listed in the Introduction to CIS. Some common issues (harms) are:

| | | |
|---|---|---|
| Discharge | Failure to Hire | Demotion |
| Harassment | Layoff | Failure to Promote |
| Unequal Pay | Transfer | Failure to Recall |
| Job Eliminated | Other (specify) | Warning |
| Failure to Accommodate | | Suspension |
| (handicap and religion only) | | |

Failure to provide
medical treatment)
assistant on 7/1/94

→ See Other

Please take your time and complete __all__ the information requested for __each__ issue and basis alleged, so that we can serve you better. Fill in a separate section for each issue and basis.

## ISSUE AND BASIS

Loss of pay is the harm                    Physical

8a.    Issue (harm): __I had an disability on 8/23/04__    Date: __8__ / __25__/ __2004__

Took a doctor statement to work on 8/24/04 and was sent home on 8/25/04.
Basis (type of discrimination): __failure to accommodate__

*(note)Reason given for harm by Respondent: __discrimination and loss of paid. Return to work__
on 8-26-2004  request to have pay back and payment for discrimination.

Who gave you this information (name/job title)?
I was told that because of policy I had to leave grounds My supervisor C.N.Miller,School Princ

Explain why you feel you were discriminated against because of the basis identified above. How were others in your situation treated? Include names and job titles.

I worked the hold day on 8-24-04 I walk to the copy room and other area of the buil
, I did all my job duties as require. I had time on the books  to use and my superv
did not tell me. She took average of my mind state.She said I had no time on the books.
She said all my time was exhausted. She said the only time I had    was dock-ti
I had a disability and she was giving me a hard time.   I   had a on the job inju
She said I was a nuisance in a meeting with the Asst. Warden Mendoza during the ea
part of August. I have not witness her speaking or doing other like this.
Appartently, upper Managerment direct her to send me home. I hold heartly believe
was retaliation.

## ISSUE AND BASIS

8b.    Issue (harm)I had a physical disability on 9-10-2004 I was working with an injury
I was told I had to go home, because my doctor was called repeatedly
Failure    Basis (type of discrimination): so, she fax over a statement which said my leave started  immed
to accommo-                                                               later.
date    Reason given for harm by Respondent: do to fact my doctor said my leave started immediately.

Who gave you this information (name/job title)?   C.N. Miller, School Principal
upper Mangerment told her she had to do this.

Explain why you feel you were discriminated against because of the basis identified above. How were others in your situation treated? Include names and job titles.

I was allowed  to use vacation time from 3:00-4:00pm and I should have been allowed
to work an additional hour. If if fact my doctor fax over something that stated
my leave started immediately. I should have left alot early. If in fact they had
to follow policy I should have got dock-time for this incident also.   I feel like
I was   discriminate against because I had  a work related injury. I was told
that I  did not have a good attendance recorder. I have not heard of them doing
anyone else like this. I believe hold heartly that it was retaliation.

Note: If you need to list additional issues or bases, copy this page or use additional paper.

9.    If you wrote __sexual harassment__ in your answer to number 8 above, indicate the __name__ and __job title__ of the harasser:

Do you want the harasser charged separately as an additional Respondent?        ___ Yes    ___ No
If yes, give the address and phone number of that person:

10.    If you wrote __physical or mental handicap__ in your answer to number 8 above, state your medically diagnosable handicap(s):

See    medical notes

Explain how the Respondent became aware of each handicap:

Doctor statements

State whether you requested any form of accommodation:

No, I did not. I did asked to use a high chair  when xeroxing

If you requested accommodation, what was the Respondent's response?

see answer of above

If you do not have a handicap, but you believe the Respondent acted because it perceives you as handicapped, explain:

I had a doctor statement with limitation

11.  If you wrote **national origin or citizenship status** in your answer to number 8 above, do you think the Federal Immigration Reform and Control Act of 1986 influenced your employer's actions? If so, explain:

12.  If you wrote **retaliation** in your answer to number 8 above, state how you opposed unlawful discrimination (i.e., testified at a discrimination hearing, filed a prior discrimination claim, or complained about unlawful discrimination). Include dates, charge numbers, and/or the name or title of the person to whom you complained.

I write incident reports when I'm asked to work out side of my job description.
I had bugs in my office and I have wrote incident report on the issue. We are
not suppose to have bugs in our work area,  I am oppose to unlawful
discrimination and my family finance the Civil Rights Movement. I am a Advocate
for Junvenile Justice in my own way.  Youths should not have to be incarcerated
and live with bugs. People in the Agency do not like my point of views.

13.  If there are witnesses that the Department should contact, who can support your claim of discrimination, state their names, addresses and phone numbers and the pertinent information each witness can provide.

Witness #1. Name:      YS  Tesh
Address:              30 West 200 Ferry Road       Warrenville,IL 60555
Phone No. ( 630      983-6231

Information:  Witness to incident on 8-25-2004

Witness #2. Name:    YS II Mathis
Address:      30 West 200 Ferry Road   Warrenville,IL 60555
Phone No. (630      983-6231 Ext 262

Information:   Witness to incident on 9-10-2004

Witness #3. Name:      _____
Address:              _____
Phone No. (     )     _____

Information:          _____

14. Do you have any documents to support your claim of discrimination?    **XXX** Yes    ___ No

15. Have you tried to resolve your situation through a grievance procedure?    **XXX** Yes    ___ No
    If yes, with whom?    <u>Union</u>

Briefly describe your actions and the results thus far:

<u>It was denied on the first level which was a hearing with the School District #428</u>

16. Have you filed a previous charge against this employer with this Department?    ___ Yes    **XXX** No
    If yes, when?    _____

    Charge Number    _____

17. Have you filed a charge regarding this situation with any other Agency?    ___ Yes    **XXX** No

    EEOC:    ___ Yes    **XXX** No    If yes, when?    _____

    OTHER:    Specify:
    ___ Yes    ___ No
    If yes, when?    _____

18. **PERSONAL DATA:**

    We need some information for statistical purposes.  Please provide the following information:

    Date of Birth    **06** / **06** / **1968**        Sex    M    F    **XX**

    Circle the appropriate category from the list below of national origin or ancestry with which you most strongly identify:

    | | | |
    |---|---|---|
    | Greece = B | Liberia = R | U.S.A. = U |
    | Haiti = T | Mexico = M | Vietnam = V |
    | India = N | Middle East = L | Other African/Non-Arab = F |
    | Ireland = I | Pakistan = K | Other East Asia = W |
    | Italy = Y | Philippines = S | Other Eastern Europe = E |
    | Japan = J | Poland = O | Other Hispanic = H |
    | Korea = A | Puerto Rico = P | Other = Z ⟩ _Mix Breed_ |

19. Please specify how you learned of our office.  This information will be used to enable us to serve the public better:

    ( internet )    I have know about the department for a long time.

I certify that this information is true and correct to the best of my knowledge.
I understand this information sheet is not a charge.

Signature: _Shawnetta Graham_        Date: _11 / 04 / 2004_

# EXHIBIT

# B

**Investigator Sandra Kelly's dismissal notification**

## STATE OF ILLINOIS
## DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF: )
)
SHAWNETTA T. GRAHAM, )     CHARGE NO.  2005CF2167
)     EEOC NO.   21BA51042
COMPLAINANT, )
)
AND )
)
STATE OF ILLINOIS DEPARTMENT OF )
CORRECTIONS, )
)
RESPONDENT. )

## NOTICE OF DISMISSAL FOR LACK OF JURISDICTION
## AND LACK OF SUBSTANTIAL EVIDENCE

Ms. Shawnetta T. Graham          Ms. Janet A. Richmond
1101 Assell Avenue               Administrator
Aurora, IL 60505                 Illinois Department of Corrections
                                 100 West Randolph, Suite 4-200
                                 Chicago, IL 60601

DATE:  July 17, 2006

REQUEST FOR REVIEW FILING DEADLINE DATE:  August 21, 2006

YOU ARE HEREBY NOTIFIED that based upon the enclosed investigation report, the DEPARTMENT OF HUMAN RIGHTS (DHR) has determined that there is NOT substantial evidence to support the following allegations of civil rights violations nor does DHR have jurisdiction over allegations as listed below:

### SEE INVESTIGATION REPORT ATTACHED

### PROCEDURE

If Complainant disagrees with this action, Complainant must seek review of this dismissal before the CHIEF LEGAL COUNSEL (CLC), Illinois Department of the Department, by filing a "Request for Review" with the CLC within thirty (30) days after receipt of this Notice, by the request for review filing deadline date above. Respondent will be notified by the CLC if a Request for Review is filed.

(continued on page two)

**NOTICE OF DISMISSAL FOR LACK OF JURISDICTION
AND LACK OF SUBSTANTIAL EVIDENCE**
July 17, 2006
Page Two

## DISMISSAL FOR LACK OF JURISDICTION

YOU ARE HEREBY NOTIFIED that, based on the Investigation conducted by DHR, as reflected in the enclosed report, the Director has concluded that there is a lack of jurisdiction in support of allegations(s) B, C, as shown on the investigation report.

## DISMISSAL FOR LACK OF SUBSTANTIAL EVIDENCE

YOU ARE HEREBY NOTIFIED that, based on the investigation conducted by DHR, as reflected in the enclosed report, the Director has concluded that there is a lack of substantial evidence to support allegation(s) A, as shown on the investigation report. Accordingly, pursuant to Section 7A-102(D) of the Human Rights Act, Illinois compiled Statutes, 775 ILCS 5/3-101 ET. SEQ. AND ITS Rules and Regulations (56 Ill. Adm. Code, Chapter II, Section 2520.460), the charge is hereby dismissed.

If an EEOC charge number is cited above, this charge was also filed with the Equal Employment Opportunity Commission (EEOC). If this charge alleges a violation under Title VII of the Civil Rights Act of 1964, as amended, or the Age Discrimination in Employment Act of 1967, Complainant has the right to request EEOC to perform a Substantial Weight Review of this dismissal. <u>(Charges filed under the Americans with Disabilities Act of 1990 are automatically given this review.)</u> Please note that in order to receive such a review, it must be requested in writing to EEOC within fifteen (15) days of the receipt of this notice, or if a request for review is filed with the Chief Legal Counsel, within fifteen days of the Chief Legal Counsel's final order. Any request filed prior to your receipt of a final notice WILL NOT BE HONORED. Send your request for a Substantial Weight Review to EEOC, 500 West Madison Street, Suite 2800, Chicago, Illinois 60661. Otherwise, EEOC will generally adopt the Department of Human Rights' action in this case.

PLEASE NOTE: BUILDING SECURITY PROCEDURES PRESENTLY IN PLACE DO NOT PERMIT ACCESS TO EEOC WITHOUT AN APPOINTMENT. IF AN APPPOINTMENT IS REQUIRED, CALL 312-353-2713 OR 1-800-669-4000.

DEPARTMENT OF HUMAN RIGHTS

NOD/LSE/LOJ                                    12/01

## STATE OF ILLINOIS
## DEPARTMENT OF HUMAN RIGHTS
## INVESTIGATION REPORT

DHR NO. <u>2005CF2167</u>                    EEOC NO. <u>21BA51042</u>

<u>COMPLAINANT</u>                             <u>RESPONDENT</u>

Shawnetta T. Graham                         SOI Department of Corrections

I. <u>Issue/Basis</u>                          II. <u>Finding</u>

   A. Harassment/race, black                 A. Lack of substantial evidence

   B. Failure to accommodate/physical         B. Lack of jurisdiction
     handicap, anterior talofibular
     (both ankles)

   C. Medical Leave of Absence/physical       C. Lack of jurisdiction
     handicap, anterior talofibular ligament
     (both ankles)

III. <u>Sandra Kelley</u> / _____ *SK* 7.14.06

IV.   <u>Jurisdiction</u>

|  |  |
|---|---|
| | A. July 2004 and August 2004 |
| | B. August 25, 2004 |
| Alleged violations | C. August 25, 2004 (corrected) |
| Charge filed | November 16, 2004 |
| Perfected date | February 4, 2005 |
| Amendments | N/A |
| Number of employees | 97 |

Charge Number 2005CF2167
Page 2

**Verified Response**

Received: April 13, 2005
Timely: __X__ Untimely:_____
If untimely, good cause shown: Yes ___   No _____

V.    <u>Uncontested Facts</u>

    A. Respondent operates as a department of corrections.

    B. Complainant was hired as a Library technical assistant on May 2, 1994, and is currently a library associate.

    C. On August 25, 2004, Respondent sent Complainant home due to medical restrictions. Complainant returned to work on August 26, 2004.

VI.   <u>Employment Data</u>

Respondent indicated through correspondence that they employ 97 individuals in the location where Complainant worked. Of these individuals, 55 (57%) are black and 13 (13%) have known handicaps.

VII.  <u>Allegation A</u>: Harassment/race, black.

    A. <u>Prima facie allegations</u>

    1. Complainant's race is black.

    2. Complainant performed her duties as a library associate in a satisfactory manner.

    3. During July 2004, and again in August 2004, Complainant was harassed by Cynthia Miller (black), Education Administrator. The harassment consisted of Miller denying Complainant medical attention for an injury on July 1, 2004, and indicating that Complainant was a nuisance with an attendance problem during August, 2004.

    4. Miller's conduct towards Complainant created a hostile, intimidating, or offensive work environment for Complainant.

    5. Similarly situated non-black employees were not treated in the same manner as Complainant.

Charge Number 2005CF2167
Page 3

<u>Defenses</u>

1. Respondent's position is that Complainant was not harassed.

2. Cynthia Miller (black, non-handicapped), Education Director, stated that on July 1, 2004, Complainant came to her office doorway while she was in a meeting and said that her knees had given out on her. Miller stated that Complainant was standing in her doorway and did not appear as if she needed any assistance so she told Complainant to go to the nurse. Miller stated that Complainant went to the nurse and the nurse said that they did not find anything wrong with Complainant. Miller stated that she never refused Complainant any help Complainant did not ask for assistance getting to medical and she did not appear to need assistance.

3. A supervisor's report of injury completed by Miller on July 2, 2004 (Exhibit A) indicates that Complainant came to her office and indicated that her knees went out, but she was able to limp to her office without assistance. It indicates that she did not see an injury that had taken place but she told Complainant to go to the nurse. It indicates that the nurse found no swelling or injury to the knees. It indicates that Complainant wanted the day off and she explained to her that asking for a work-connected day off before the holiday did not appear needed or founded. Miller stated that she informed Complainant that she would have to take a sick day until the work-connected day was approved. It indicates that Complainant wanted to file a claim and indicated that she was going to urgent care even though she was walking better.

4. A workers compensation witness form completed by Vivian Travis (black, non-handicapped), Secretary, (Exhibit B) indicates that Complainant came to her office, which is located next to Miller's office, and started moaning and limping. It indicates that Complainant said that her knee went out. It indicates that Complainant then engaged in a conversation with Miller. It indicates that Travis asked a youth what happened and the youth indicated that Complainant stated that she would "fix us" because she had been assigned to supervising the bathroom duty, and walked normally to Travis office, before entering and saying that she was injured.

5. Miller stated that Respondent did have a meeting with Complainant because she was trying to apply for medical compensation. Miller stated that she does not remember the date of the meeting. Miller stated that she never told Complainant that she was a nuisance or that she was making up injuries.

6. A letter dated September 16, 2005, from Margarita Mendoza (Exhibit C) indicates that she and Miller had met with Complainant on several occasions and at all times Miller conducted herself professionally. It indicates that Miller has never referred to Complainant as a nuisance.

Charge Number 2005CF2167
Page 4

Rebuttal

1. Complainant stated that on July 1, 2004, she was on duty assigned to watch the girl's bathroom. Complainant stated that while she was standing there her kneecaps slipped out of place. Complainant stated that she walked to the office of Cynthia Miller (black, non-handicapped), Education Director, and informed her that she needed medical care. Complainant stated that she told Miller that her knees had gave out on her. Complainant stated that Miller just looked at her and did not say anything, so she walked to the medical unit. Complainant stated that while she was talking to the nurse she messaged her kneecaps back into place. Complainant stated that the nurse told her that they could not do anything to help her. Complainant stated that Miller refusing to help her or get her any medical assistance was harassment.

2. Complainant stated that she had a meeting with Miller around August 17, 2004. Complainant stated that Margarita Mendoza (non-black, non-handicapped), Assistant Warden, was also present. Complainant stated that the meeting was about her injury. Complainant stated that Miller told her that she was a nuisance and she was making up injuries. Complainant stated that this was harassment.

3. An incident report completed by Complainant on July 1, 2004 (Exhibit D), indicates that as she supervised the bathroom her knees went out. It indicates that she limped all the way to her supervisor's office and then to the nurses' office.

4. Complainant stated that she does not believe that she was harassed due to her race, black because she is not black she is mixed with Indian, and partially white. Complainant stated that people usually think that she is black until she tells them different. Complainant stated that she believes that she was harassed because Miller did not like her and Miller had animosity towards her.

Surrebuttal

1. None.

Findings and Conclusion

A finding of lack of substantial evidence is recommended because:

1. Complainant indicates that she did go to the nurse to receive medical attention.

2. Complainant's allegations of being called a nuisance and accused of making up injuries, does not rise to the level of harassment.

Charge Number 2005CF2167
Page 5

3. Complainant indicated that she is mixed and does not claim the race of black.

4. Complainant indicated that she does not believe that she was harassed due to her race, black. She believes she was harassed because Miller had animosity towards her and did not like her.

VIII. Allegation B: Failure to accommodate/physical handicap, anterior talofibular ligament

Complainant filed the instant charge alleging that on August 25, 2004, she was denied an accommodation due to a physical handicap, anterior talofibular ligament.

Complainant concedes that on August 24, 2005, she provided Respondent with a note dated August 23, 2004, from Dr. Ester Lyon at Lombard foot and ankle clinic, P.C. (Exhibit E) which indicates that due to injury of ankles, Complainant was not to be walking at work continuously for longer than five minutes. It indicates that she could only lift while sitting, and no more than five pounds. It indicated that Complainant was to be seated at work except to go to the restroom, lunch or to make copies of paper. Complainant concedes that on August 26, 2005, she provided Respondent with a note dated August 25, 2004, from Dr. Ester Lyon at Lombard foot and ankle clinic, P.C. (Exhibit F) which indicates that due to injury, Complainant may walk or stand no more than sixty minutes at a time with rest at her discretion. It indicates that she was to lift no more than five pounds. Complainant concedes that she provided Respondent with her MRI report dated August 26, 2004, from the Vision MRI & CT of Oak Brook (Exhibit G) which indicates that Complainant had a sprain and partial disruptions of the superior band of the anterior talofibular ligament with no acute or pathologic process accounting for Complainant symptomatology on the right ankle and there were no problems found with the left ankle. Complainant further concedes that she did not provide Respondent with her medical diagnosis of anterior talofibular until one week after August 26, 2004, which was after the time period of Complainant's allegation of failure to accommodate due to a physical handicap, anterior talofibular. Furthermore, this condition is considered to be a sprain.

The Department's Interpretive Rules on Handicap Discrimination specify that the definition of a handicap excludes those conditions which are transitory and insubstantial or not sufficiently disfiguring or disabling.

Complainant's condition is considered transitory because according to her MRI dated August 26, 2004, she had a sprain to the right ankle and everything else appeared normal in the right ankle and no problems were noted with Complainant's left ankle. Therefore her condition of anterior talofibular does not meet the definition of a handicap under Section 1-103 (I) of the Human Rights Act. There is no indication that Respondent perceived Complainant to be handicapped.

Therefore, a finding of Lack of Jurisdiction is recommended for IDHR and EEOC.

Charge Number 2005CF2167
Page 6

IX.    <u>Allegation C</u>:  Medical leave of absence/physical handicap, anterior talofibular ligament

Complainant filed the instant charge alleging that on August 25, 2004, Respondent made her take a medical leave of absence due to a physical handicap, anterior talofibular ligament.

Complainant concedes that on August 24, 2005, she provided Respondent with a note dated August 23, 2004, from Dr. Ester Lyon at Lombard foot and ankle clinic, P.C. (Exhibit E) which indicates that due to injury of ankles, Complainant was not to be walking at work continuously for longer than five minutes.  It indicates that she could only lift while sitting, and no more than five pounds.  It indicated that Complainant was to be seated at work except to go to the restroom, lunch or to make copies of paper. Complainant concedes that on August 26, 2005, she provided Respondent with a note dated August 25, 2004, from Dr. Ester Lyon at Lombard foot and ankle clinic, P.C. (Exhibit F) which indicates that due to injury, Complainant may walk or stand no more than sixty minutes at a time with rest at her discretion.  It indicates that she was to lift no more than five pounds.  Complainant concedes that she provided Respondent with her MRI report dated August 26, 2004, from the Vision MRI & CT of Oak Brook (Exhibit G) which indicates that Complainant had a sprain and partial disruptions of the superior band of the anterior talofibular ligament with no acute or pathologic process accounting for Complainant symptomatology on the right ankle and there were no problems found with the left ankle.  Complainant further concedes that she did not provide Respondent with her medical diagnosis of anterior talofibular until one week after August 26, 2004, which was after the time period of Complainant's allegation of forced medical leave of absence due to a physical handicap, anterior talofibular.  Furthermore, this condition is considered to be a sprain.

The Department's Interpretive Rules on Handicap Discrimination specify that the definition of a handicap excludes those conditions which are transitory and insubstantial or not sufficiently disfiguring or disabling.

Complainant's condition is considered transitory because according to her MRI dated August 26, 2004, she had a sprain to the right ankle and everything else appeared normal in the right ankle and no problems were noted with Complainant's left ankle. Therefore her condition of anterior talofibular does not meet the definition of a handicap under Section 1-103 (I) of the Human Rights Act.  There is no indication that Respondent perceived Complainant to be handicapped.

Therefore, a finding of Lack of Jurisdiction is recommended for IDHR and EEOC.

Charge Number 2005CF2167
Page 7

X.    **WITNESS INFORMATION**

    A.  Complainant (ffc)
       1101 Assell Ave.
       Aurora, IL  60605
       630-709-7165

    B.  Cynthia Miller (black, non-handicapped) (ffc)
       Education Administrator
       c/o Janet Richmond
       Administrator
       Illinois Department of Corrections
       100 W. Randolph, Suite 4-200
       Chicago, IL  60601

    C.  Vivian Travis (black, non-handicapped) (written statement)
       Secretary
       c/o Janet Richmond
       Administrator
       Illinois Department of Corrections
       100 W. Randolph, Suite 4-200
       Chicago, IL  60601

    D.  Daryl Tesh (non-black, non-handicapped) (written statement)
       YS/Union Representative
       30W200 Ferry Rd.
       Warrenville, IL  60555
       630-983-6231

    E.  Matthew Mathis (black, non-handicapped) (written statement)
       YSII/Union Representative
       30W200 Ferry Rd.
       Warrenville, IL  60555
       630-983-6231

<u>Staff Note</u>:

Complainant listed Theodore Gargantael (non-black, non-handicapped) YSII, LaSonya Eggleson (black, non-handicaped), Carolyn Middleton (non-black, non- handicap) Nurse, Tomeka Morman (non-black, non-handicapped), YSII as witnesses. Complainant stated that the witnesses have no knowledge about the allegations in her charge. Complainant stated that these people saw her when she was walking down the hall in a crouched position. Complainant stated the above witnesses would not have known why she was crouched. Complainant stated that she has asked these individuals to be her witnesses but they are not willing to cooperate.

Charge Number 2005CF2167
Page 8

## XI.    LIST OF EXHIBITS

A.  A supervisor's report of injury completed by Miller on July 2, 2004.

B.  A workers compensation witness form completed by Vivian Travis.

C.  A letter dated September 16, 2005, from Margarita Mendoza.

D.  An incident report completed by Complainant on July 1, 2004.

E.  A note dated August 23, 2004, from Dr. Ester Lyon at Lombard foot and ankle clinic, P.C..

F.  A note dated August 25, 2004, from Dr. Ester Lyon at Lombard foot and ankle clinic, P.C..

G.  An MRI report for Complainant dated August 26, 2004, from the Vision MRI & CT of Oak Brook.

H.  A statement from Daryl Tesh.

I.  A statement from Matthew Mathis.

# EXHIBIT

# C

**Graham's request for weight review**

**STATE OF ILLINOIS**
**DEPARTMENT OF HUMAN RIGHTS**

IN THE MATTER OF:                                    )
                                                     )
SHAWNETTA T. GRAHAM,                                 )          CHARGE NO.  2005CF2167
                                                     )          EEOC NO.   21BA51042
                    COMPLAINANT,                     )
                                                     )
AND                                                  )
                                                     )
STATE OF ILLINOIS DEPARTMENT OF                      )
CORRECTIONS,                                         )
                                                     )
                    RESPONDENT.                      )

<u>**REQUEST FOR REVIEW**</u>

Ms. Shawnetta T. Graham                  Ms. Janet A. Richmond
1101 Assell Avenue                       Administrator
Aurora, IL  60505                        Illinois Department of Corrections
                                         100 West Randolph,  Suite 4-200
                                         Chicago, IL  60601

TO:    Ms. Shawnetta T. Graham
DATE:  July 17, 2006
REQUEST FOR REVIEW FILING DEADLINE DATE:  August 21, 2006

        I hereby request that the Department of Human Rights' (DHR) dismissal of the
charge be reviewed by the Chief Legal Counsel of the Department.

        IN THE SPACE PROVIDED BELOW, YOU <u>**MUST**</u> LIST AND DESCRIBE THE SPECIFIC
REASONS THAT THE CHARGE SHOULD NOT HAVE BEEN DISMISSED. If applicable, you may
write on the back of this form or attach additional information or documents, which support your
Request for Review. You may review your investigation file, to help you prepare your request by
calling 312-814-6262 or 217-785-5100. The decision of the Chief Legal Counsel will be published on
the Department's website.

Due to the fact that Defense #4 is untrue. A fourth
word is not solid. There social History needs to be address.
Due to the fact that Defense #6 is untrue. . (over)

_____                    7-21-06
        SIGNATURE                                      DATE

<u>YOU MUST ENCLOSE THE ORIGINAL AND THREE COPIES OF YOUR ENTIRE
REQUEST AND SIGN, DATE AND HAVE THIS FORM POSTMARKED OR HAND
DELIVERED BY THE FILING DEADLINE DATE ABOVE, TO:</u>

Chief Legal Counsel, Illinois Department of Human Rights, 100 West Randolph Street,
Suite 10-100, Chicago, IL  60601.

**THIS FORM MAY NOT BE SENT VIA TELEFAX.**

Ms. Mendoza is and was at the time was a fairly New employee. She havemet with me or Cynthia miller on many occasions I spoke with Ns. Mendoza and she stated she remember the meeting and the name calling.

Defense # 3 is untrue statement, I did not ask for anytime off. I work thru my injury as from the First day in January 2004.

Do to the fact the Ms Travis,    , and Ms. Miller were trying to destroy a worker compensation claim.

In the hearing in September, Ms. Miller said she did not help me because I did not hit the Floor. It does not matter if I hit the floor all staff regardless of race, age, or Region she have a fair chance for medical treatment, This statement was made infront Ms. Kelly.

July 29, 2006

Substantial Weight Review
EEOC
500 West Madison ST.
Suite 2800
Chicago, Illinois 60661

Please Review a case which was file with the Human Right Department (2005CF2167). The EEOC Case number is 21BA51042.

I received a notice of dismissal for lack of jurisdiction and lack of substantial evidence. The Respondent is the State of Illinois. I work for the Department of Justice and the facility is Illinois Youth Center Warrenville.

I was sent home due to a work injury, I was told that I had to take a medical leave. My knees gave out at work and I did not get medical treatment. When I went down at work they was suppose to called a code which states that a man or staff need medical attention. I had to walk in a crunched position to the medical unit.
I had time on the breaks to cover a dock situation; I was told in front of a union representative that I had no time available but dock time. Others in my position had had the opportunity to use there time.

Please have the Department of Human Rights mail you the investigation file.

Shawnetta T. Graham
1101 Assell Ave
Aurora, IL 60505
630-983-6231 Ext 262 (work #)
(630)-709-7165

# EXHIBIT

# D

**Illinois Chief Legal Counsel Dismissal Notification**

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF THE                    )
REQUEST FOR REVIEW BY:                  )
                                        )
S. T. G.[1]                             )
                                        )        CHARGE NO:  2005CF2167
                                        )        EEOC NO:   21BA51042
                                        )

## ORDER

This matter coming before the Chief Legal Counsel upon Complainant's Request for Review ("Request") of the dismissal by the Department of Human Rights ("Department") of Charge No. 2005CF2167, S. T. G., Complainant, and State of Illinois, Department of Corrections, Respondent; and the Chief Legal Counsel having reviewed de novo the Department's investigation file, including the Investigation Report, Complainant's Request and supporting materials, Respondent's Reply to Complainant's Request ("Reply"), and Complainant's Surreply to Respondent's Reply ("Surreply"); and the Chief Legal Counsel being fully advised of the premises;

NOW, THEREFORE, it is hereby ORDERED:

I.     The dismissal of Count A is SUSTAINED for LACK OF SUBSTANTIAL EVIDENCE; and

II.    The dismissal of Counts B and C is SUSTAINED for LACK OF JURISDICTION.

In support of which determinations the Chief Legal Counsel states the following findings of fact and reasons:

1.     Complainant filed an unperfected charge of discrimination with the Department on November 16, 2004, perfected on February 4, 2005, alleging that Respondent harassed her because of her race, black (Count A); failed to accommodate her physical handicap, anterior talofibular ligament injury (Count B); and denied her medical leave because of her physical handicap, anterior talofibular ligament injury (Count C), in violation of Section 2-102(A) of the Illinois Human Rights Act ("Act"). On July 17, 2006, the Department dismissed Count A of Complainant's charge for Lack of Substantial Evidence and Counts B and C for Lack of Jurisdiction. On July 29, 2006, Complainant filed this timely Request.

[1] Use of initials is consistent with public policy favoring protection of confidentiality of a person's medical conditions.

2

2.      As to Count A, Complainant alleges that Respondent harassed her because of her race, in that Respondent denied Complainant medical attention.

3.      As to Count A, Respondent articulates that after Complainant reported that she injured her knee, Respondent permitted Complainant to see Respondent's nurse.

4.      As to Count A, the Department's investigation did not reveal that Complainant established a prima facie case that Respondent harassed Complainant because of her race.  The investigation revealed that on July 1, 2004, Complainant went to the office of Cynthia Miller ("Miller"), Complainant's supervisor, while Miller was in a meeting and reported to Miller that her knees "gave out".  Complainant walked to Respondent's nurse's office.  Respondent's nurse examined Complainant but did not detect any apparent injury to Complainant's knees. Complainant filed a workers compensation claim against Respondent for her alleged knee injuries.  Miller had several meetings with Complainant in connection with her workers compensation claim.  Complainant alleges that during one of these meetings, Miller called Complainant "a nuisance".  Complainant further alleges that Miller's failure to assist her in getting to the nurse's office and calling of her a "nuisance" created a hostile work environment because of her race.

5.      In order to establish a prima facie case for racial harassment, "a complainant must establish that the behavior complained of was so pervasive that it constitutes a different term and condition of employment based upon a discriminatory factor."  Henry and The Chicago Corporation,  ___ Ill.HRC Rep. ___, page 6, (Charge No. 1996CF2615) (February 2, 2001), citing Rennison and Amax Coal Co., 31 Ill.HRC Rep. 178 (1987).  A hostile work environment is "an environment in which complainant is subjected to a pattern of racially motivated incidents, such as racial slurs, in the workplace."  Henry, page 6, citing Davies and Seguin Services, Inc., 1997 WL 311409, Charge No. 1994SF0841 (April 17, 1997), citing Village of Bellwood v. Human Rights Commission, 184 Ill. App. 3d 339, 541 N.E. 2d 1248 (1st Dist. 1989).  Additionally, "in order to qualify as actionable harassment, the harassing behavior must occur frequently enough to constitute a term or condition of employment.  Thus, infrequent or isolated comments of a harassing nature will not constitute a violation of the Human Rights Act."  Lever and Wal-Mart Stores, Inc., ___ Ill.HRC Rep. ___, page 3, Charge No. 1998SF0551 (January 2, 2001) citing Hill and Peabody Coal Co., ___ Ill. HRC Rep. ___ Charge No. 1991SF0123 (June 26, 1996).

6.      In the instant case, the evidence does not demonstrate that the complained-of behavior was so pervasive that it constituted a different term and condition of employment based upon a discriminatory factor.  At most, the comment made by Miller constituted an isolated and trivial incident which failed to rise to the level of a hostile work environment.  Further, there is no evidence that the complained of behavior was because of Complainant's race.  There is no evidence that Miller made any derogatory comments regarding Complainant's race or that Respondent treated a similarly situated non-black employee more favorably under similar circumstances.  Since the evidence does not show that the complained of behavior rose to the level of a hostile environment or that Respondent treated a similarly situated non-black employee more favorably under similar circumstances, Complainant fails to establish a prima facie case of racial harassment.

3

7.      As to Counts B and C, the Department's investigation revealed that Complainant is not a handicapped person within the meaning of the Act. The investigation revealed that on August 18, 2004, Complainant reported to Respondent that she injured her ankles while using the photocopy machine. X-rays of Complainant's ankles revealed slight swelling but no factures. Complainant was instructed to avoid prolonged standing or walking. On August 23, 2004, an ultrasound of Complainant's ankles revealed swelling. Complainant's doctors prescribed her physical therapy, sent her for a MRI, and restricted her from walking or standing for longer than 5 minutes. On August 25, 2004, Complainant's doctor modified her restrictions to no walking or standing for longer than one hour. On August 26, 2004, Complainant's MRI revealed mild swelling consistent with a sprained ankle. On September 9, 2004, Complainant's doctor completed a disability leave form stating Complainant was not temporarily or permanently disabled and that Complainant had slight limitation of functional capacity and could return to work in a light duty capacity. On November 18, 2004, Complainant's doctor completed another disability form stating that Complainant did not have any limitation of her functional capacity and that she could return to work without restrictions.

8.      As to Counts B and C, Section 1-103(I)(1) of the Act defines "handicap" as "a determinable physical or mental characteristic of a person" which is "unrelated to the person's ability to perform the duties of a particular job or position. . . ." 775 ILCS 5/1-103(I)(1). "Determinable physical or mental characteristic" is interpreted as excluding conditions which are "transitory and insubstantial" or which are not "significantly debilitating or disfiguring." 56 Ill.Admin.Code, Ch. II, Section 2500.20(b). Complainant has the burden to establish that his condition qualifies as a handicap under the Act. 56 Ill.Admin.Code, Ch. II, Section 2500.20(c). In the instant case there is no evidence that Complainant's condition constituted a physical handicap within the meaning of the Act. There is no medical evidence Complainant suffered any significant debilitating effects from her condition. At best, the medical evidence demonstrates that Complainant suffered from mildly sprained ankles which caused temporary swelling and pain. Furthermore, the evidence shows that Complainant's condition is transitory in nature. The evidence shows that in November 2004, three months after injuring her ankles, Complainant did not suffer from any limitations as a result of her injury and was released to return to work without any restrictions. The investigation did not reveal, and Complainant did not present, any evidence that Complainant suffered any long-term, significantly debilitating effects from her condition. Therefore, the Department does not have jurisdiction to investigate Counts B and C of Complainant's charge.

9.      In her Request, Complainant does not provide any additional evidence which would warrant a reversal of the Department's original determination.

10.     In its Reply, Respondent contends that the Department properly dismissed Count A of Complainant's charge for Lack of Substantial Evidence and Counts B and C for Lack of Jurisdiction.

11.     In her Surreply, Complainant does not provide any additional evidence which would warrant a reversal of the Department's original determination. To her Surreply, Complainant attaches a copy of a doctor's note dated July 1, 2004; Complainant's Notification of Absence

4

forms; a memorandum from Miller to Complainant, dated October 22, 2003; a physician's report, dated July 19, 2004; a draft letter dated October 27, 2006; and Complainant's grievance decision. There is nothing in the attached documents which show Respondent harassed Complainant because of her race or that her ankle injury constituted a physical handicap within the meaning of the Act. Complainant's Surreply is unpersuasive.

12.   In sum, Complainant failed to establish, and the Department's investigation failed to show, that the Respondent harassed her because of her race, or that the Department had jurisdiction over Counts B and C of Complainant's charge.

13.   This is a final Order. A final Order may be appealed to the Appellate Court by filing a petition for review, naming 1) the Chief Legal Counsel, 2) the Department, and 3) Respondent as appellees, with the Clerk of the Appellate Court within 35 days after the date of service of this Order. The Department deems "service" complete 5 days after mailing.

ENTERED THIS 13th DAY OF February, 2007.

Chief Legal Counsel

# EXHIBIT

# E

United States Equal Opportunity Commission letter of dismissal and Sue Rights

EEOC Form 161 (3/98)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### DISMISSAL AND NOTICE OF RIGHTS

To: **Ms. Shawnetta T. Graham**
**1101 Assell Avenue**
**Aurora, IL 60505**

From: **Equal Employment Opportunity Commission**
**Chicago District Office**
**500 West Madison Street**
**Suite 2800**
**Chicago, Illinois 60661-2511**

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 21B-2005-01042 | Nola Smith, State & Local Coordinator | (312) 886-5973 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this Notice;** or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*John P. Rowe*

**John P. Rowe, District Director**

SEP 21 2007

_(Date Mailed)_

Enclosure(s)

cc:   **State of Illinois Dept of Corrections**

# EXHIBIT

# F

**Charges from Illinois Department of Human Rights with errors**

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

**05M1118.09**

| AGENCY | CHARGE NUMBER |
|---|---|
| [X] IDHR | |
| [X] EEOC | |

## Illinois Department of Human Rights and EEOC

NAME *(indicate Mr., Ms., Mrs.)*
SHAWNETTA T. GRAHAM

HOME TELEPHONE (include area code)
~~630-299-3503~~ 630-369-9769

STREET ADDRESS
1101 ASSELL AVE

CITY, STATE AND ZIP CODE
AURORA, IL 60505

DATE OF BIRTH ~~00/00/00~~ 6-6-68

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME *(IF MORE THAN ONE, LIST BELOW)*

NAME
SOI - DEPARTMENT OF CORRECTIONS

NUMBER OF EMPLOYEES, MEMBERS 15+

TELEPHONE (include area code)
630 983 6231

STREET ADDRESS
30W200 FERRY RD

CITY, STATE AND ZIP CODE
WARRENVILLE IL 60555

COUNTY
043

NAME

TELEPHONE (include area code)

STREET ADDRESS

CITY, STATE AND ZIP CODE

COUNTY

CAUSE OF DISCRIMINATION BASED ON:

RACE          PHYSICAL HANDICAP

DATE OF DISCRIMINATION

EARLIEST (ADEA/EPA) / /          LATEST (ALL) 08/25/2004  7/1/2004

[ ] CONTINUING ACTION

THE PARTICULARS ARE *(If additional space is needed attach extra sheet(s))*

I.  A.  ISSUE/BASIS

HARASSMENT - JULY, 2004, AND AGAIN ON AUGUST, 2004, DUE TO MY RACE, ~~WHITE~~ African Indian

B.  PRIMA FACIE ALLEGATIONS

1.  My race is ~~white~~ African Indian

2.  I was performing my duties as Library Associate in a satisfactory manner. I was hired on May 4, 1994.

3.  In July, 2004, I was harassed by C.N. Miller African American ~~(white)~~ Principal, in that I was denied immediate medical attention for an injury sustained while at work. There were other people on grounds who wouldnt assist me, too.

Continued...

[X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

NOTARY *(when necessary for State and Local Requirements)*

*[notary signature]*

OFFICIAL SEAL
JOYCE A LACOMBA
Notary Public - State of Illinois
My Commission Expires Aug 21, 2007
Notary Public Seal

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief

SIGNATURE OF COMPLAINANT          DATE 12/24/04

*[signature]* Shawnetta Graham

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
*(Day, month, year)*

EEOC FORM 5 (6/60)          FEP9RDT3

**Complainant Name:**   SHAWNETTA T. GRAHAM

**Charge Number:**

**Page 2**

4.   In August, 2004, I was again harassed by Ms. Miller, who indicated that I had an attendance problem and that I was a nuisance.

5.   Similarly situated, black employees are not treated the same under similar circumstances. *All employees who work on grounds.*

II.   A.   ISSUE/BASIS

FAILURE TO ACCOMMODATE - AUGUST 25, 2004, DUE TO MY PHYSICAL HANDICAP, ANTERIOR TALOFIBULAR LIGAMENT (BOTH ANKLES)

B.   PRIMA FACE ALLEGATIONS

1.   I am a handicapped individual within the meaning of Section 1-103 (I) of the Illinois Human Rights Act.

2.   Respondent was aware of my condition which was the result of an on-the-job injury.

3.   I was performing my duties as Library Associate in a satisfactory manner. I was hired on May 4, 1994.

4.   I requested and was denied a reasonable accommodation consisting of no continuous walking for at least five minutes by Cynthia N. Miller, Educational Administrator. *Sch Dist #428 ordered, C.N. Miller to send me home.*

5.   My condition is unrelated to my ability to perform the essential functions of my job duties as a Library Associate, had Respondent afforded me a reasonable accommodation.

III.   A.   ISSUE/BASIS

MEDICAL LEAVE OF ABSENCE - AUGUST 26, 2004, DUE TO MY PHYSICAL HANDICAP, ANTERIOR TALOFIBULAR LIGAMENT (BOTH ANKLES)

Continued...

Complainant Name:  SHAWNETTA T. GRAHAM

Charge Number

Page 3

B.    PRIMA FACE ALLEGATIONS

1.    I am a handicapped individual within the meaning of Section 1-103 (I) of the Illinois Human Rights Act.

2.    Respondent was aware of my condition which was the result of an on-the-job injury.

3.    I was performing my duties as library Associate in a satisfactory manner. I was hired on May 4, 1994.

4.    On August 26, 2004, I was forced to take a medical leave of absence by Cynthia N. Miller, Education Administrator. The reason cited for the forced medical leave of absence was due to my medical restriction of not walking more than five minutes in a continuous manner. School Dist 428 apparently told Cu Miller, that I had to leave.

5.    My condition does not interfere with my ability to perform the essential functions of my job as a Library Associate, with a reasonable accommodation.

HMS/JJT/RCG

## CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974: See Privacy act statement before completing this form.

05M1118.09

| | AGENCY | CHARGE NUMBER |
|---|---|---|
| [X] | IDHR | |
| [X] | EEOC | 2005CF2167 |

### Illinois Department of Human Rights and EEOC

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include area code) |
|---|---|
| SHAWNETTA T. GRAHAM | 630-709-7165 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 1101 ASSELL AVE | AURORA, IL 60505 | 00/00/00 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME ( IF MORE THAN ONE, LIST BELOW )

| NAME | NUMBER OF EMPLOYEES, MEMBERS 15+ | TELEPHONE (Include area code ) |
|---|---|---|
| SOI - DEPARTMENT OF CORRECTIONS | | 630 983 6231 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 30W200 FERRY RD | WARRENVILLE IL 60555 | 043 |

| NAME | | TELEPHONE ( Include area code ) |
|---|---|---|
| | | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

| CAUSE OF DISCRIMINATION BASED ON: | DATE OF DISCRIMINATION |
|---|---|
| RACE          PHYSICAL HANDICAP | EARLIEST (ADEA/EPA)    LATEST (ALL) |
| | /  /          08/25/2004 |
| | [ ] CONTINUING ACTION |

THE PARTICULARS ARE ( If additional space is needed attach extra sheet(s) )

I.    A.    ISSUE/BASIS

HARASSMENT - JULY, 2004, AND AGAIN ON AUGUST, 2004, DUE TO MY RACE, BLACK

B.    PRIMA FACIE ALLEGATIONS

1.    My race is black.

2.    I was performing my duties as Library Associate in a satisfactory manner.    I was hired on May 4, 1994.

3.    In July, 2004, I was harassed by C.N. Miller (white), Principal, in that I was denied immediate medical attention for an injury sustained while at work.

DEPT. OF HUMAN RIGHTS
INTAKE UNIT

FEB 0 4 2005

RECEIVED

Continued...

BY  dropped off AT

| [X] I also want this charge filed with the EEOC. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY (when necessary for State and Local Requirements) |
|---|---|
| I declare under penalty of perjury that the foregoing is true and correct | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief |

"OFFICIAL SEAL"
KIMBERLY A. RYGIEWICZ
Notary Public, State of Illinois
My Commission Expires May 8, 2006

Notary Public Seal

SIGNATURE OF COMPLAINANT          DATE  2/3/05

x  Shawnetta Graham

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(day, month, year)

Complainant Name:    SHAWNETTA T. GRAHAM

Charge Number:    2005CF2167

Page 2

4.    In August, 2004, I was again harassed by Ms. Miller, who indicated that I had an attendance problem and that I was a nuisance.

5.    Similarly situated non-black employees were not treated the same under similar circumstances.

II.    A.    ISSUE/BASIS

FAILURE TO ACCOMMODATE - AUGUST 25, 2004, DUE TO MY PHYSICAL HANDICAP, ANTERIOR TALOFIBULAR LIGAMENT (BOTH ANKLES)

B.    PRIMA FACE ALLEGATIONS

1.    I am a handicapped individual within the meaning of Section 1-103 (I) of the Illinois Human Rights Act.

2.    Respondent was aware of my condition which was the result of an on-the-job injury.

3.    I was performing my duties as Library Associate in a satisfactory manner. I was hired on May 4, 1994.

4.    I requested and was denied a reasonable accommodation consisting of no walking for more than five consecutive minutes by Cynthia N. Miller, Educational Administrator; instead she sent me home.

5.    My condition is unrelated to my ability to perform the essential functions of my job duties as a Library Associate, had Respondent afforded me a reasonable accommodation. Said accommodation would not have created a hardship on Respondent.

III.    A.    ISSUE/BASIS

MEDICAL LEAVE OF ABSENCE - AUGUST 26, 2004, DUE TO MY PHYSICAL HANDICAP, ANTERIOR TALOFIBULAR LIGAMENT (BOTH ANKLES)

Continued...

Complainant Name:    SHAWNETTA T. GRAHAM
Charge Number    2005CF2167
Page 3

B.    PRIMA FACE ALLEGATIONS

1.    I am a handicapped individual within the meaning of
Section 1-103 (I) of the Illinois Human Rights Act.

2.    Respondent was aware of my condition which was the result
of an on-the-job injury.

3.    I was performing my duties as library Associate in a
satisfactory manner.    I was hired on May 4, 1994.

4.    On August 26, 2004, I was forced to take a medical leave
of absence by Cynthia N. Miller, Education Administrator.
The reason cited for the forced medical leave of absence
was due to my medical restriction of no walking for more
than five consecutive minutes.

5.    My condition does not interfere with my ability to perform
the essential functions of my job as a Library Associate,
with a reasonable accommodation.    Said accommodation would
not have created a hardship on Respondent.

HMS/JJT/RCG

Exhibit:    EE

This is a statement that  state that if I had to pick a race on the the Human Rights Complaint is Non-Arab/other African-F

I feel most comfortable and relate to that category.

If there is any question please write or contact me.


Shawnetta Graham
1101 Assell Ave.
Aurora, IL 60505
(630)-709-7165

Signature: _Shawnetta Graham_  Date: _11/4/05_


Notary : _Jec C. 2 __  _11/4/05_


OFFICIAL SEAL
JOHN C MCCARDAN V
Notary Public - State of Illinois
My Commission Expires Dec 2, 2008

8/16/05

Charge # ( 2005CF2167

Candice M. Bonham

OFFICIAL SEAL
CANDICE M. BONHAM
Notary Public, State of Illinois
My Commission Expires 12-31-07

Dear Investigator Kelly;

Notary Public Seal

I am writing you to ask a general question about the fact finding hearing on September 14, 2005 at 11:00A.M.

Is it necessary to have a lawyer present?

Also I am writing you to let you know that the race of C. W. Miller is African American. On page one under allegations you have listed her race as white.

On my intitial Human Rights Complaint, I wrote "mix Breed." I am writing you an explaination why I wrote "mix breed." I am mixed with Indian of North America, Indian of Canada, South African, French and a trait of white gene. When people see me, they think I'm an African American. They do not see the mixture of races, until they speak to me and they are told.

Print. Shawnetta Crahton   Signature Shawnetta Crahton   date

# EXHIBIT

# G

**Notice of Fact Finding Conference**



# ILLINOIS DEPARTMENT OF
# Human Rights

COMMEMORATING **25** YEARS OF SERVICE

ROD BLAGOJEVICH, GOVERNOR
ROCCO CLAPS, DIRECTOR

August 16, 2005

**Complainant**

Shawnetta T. Graham
1101 Assell Avenue
Aurora, IL 60505

**Respondent**

Cathy Miller, Principal
Janet Richmond, Administrator
State of Illinois, Department of Corrections
100 W. Randolph, Suite 4-200
Chicago, IL 60601

Charge Number: 2005CF2167
Complainant: Shawnetta T. Graham
Respondent: State of Illinois, Department of Corrections

## NOTICE OF FACT FINDING CONFERENCE

The persons named above are hereby required to appear and participate in a Fact-Finding Conference scheduled for  September 14, 2005,  at  11:00 a.m.  to be held at Department of Human Rights, 100 West Randolph Street, and 10th floor, Chicago.  Said conference will be conducted by the Department representative whose name and telephone number appear at the bottom of this notice.

The Fact-Finding Conference is an investigative forum intended to define the issues, determine which facts are undisputed, obtain evidence and ascertain whether there is a basis for a negotiated settlement of the charge. An attorney or other representative (or a friend or relative) may accompany you to the conference. However, you may not send a substitute for yourself. If you bring persons whose presence has not been requested without first receiving express permission to do so from the Department representative, those persons will be heard only at the discretion of the Department representative.

**RESPONDENT'S FAILURE TO ATTEND THE FACT FINDING CONFERENCE AS SCHEDULED MAY SUBJECT THE RESPONDENT TO <u>DEFAULT</u>. RESPONDENTS WHO APPEAR AT THE CONFERENCE EXCLUSIVELY THROUGH AN ATTORNEY OR OTHER REPRESENTATIVE UNFAMILIAR WITH THE EVENTS AT ISSUE SHALL BE DEEMED TO HAVE FAILED TO ATTEND AND MAY SUBJECT THE RESPONDENT TO <u>DEFAULT</u>.** If Respondent's representatives who are named in the fact finding notice no longer work for Respondent, or are not available, please contact the investigator immediately.

Charge No.: 2005CF2167
Notice of Fact Finding Conference
Page 2

**COMPLAINANT'S FAILURE TO ATTEND THE CONFERENCE MAY RESULT IN <u>DISMISSAL</u> OF THE CHARGE.**

If a Questionnaire or Request for Further Information is enclosed with this notice, you are requested to complete and return it to the Department representative by <u>N/A</u>. You may submit complete written statement of your position including a proposal for settlement. Any evidence or statements you provide will be made a part of the file and will be considered by the Department in its investigation, but settlement discussions will not be used as evidence without the written consent of the parties.

<u>You must provide all relevant evidence which is available to you, and you must tell the Department representative named below of any other material or witnesses you deem relevant at your earliest opportunity, but no later than at the fact finding conference on the date indicated above.</u>

**RESPONDENT'S FAILURE TO SUBMIT RELEVANT EVIDENCE MAY BE CONSTRUED AGAINST RESPONDENT AND RESULT IN A FINDING OF SUBSTANTIAL EVIDENCE.**

**COMPLAINANT'S FAILURE TO SUBMIT RELEVANT EVIDENCE AND INFORMATION MAY RESULT IN A FINDING OF LACK OF SUBSTANTIAL EVIDENCE OR DISMISSAL OF THE CHARGE FOR FAILURE TO COOPERATE.**

The Department strongly encourages the settlement of charges prior to or during the Fact Finding Conference. If you would like to discuss the possibility of a settlement, please contact the investigator named below.

Persons with disabilities who need accommodation to participate in Department of Human Rights programs should request such help from the Americans with Disabilities Act Coordinator, by calling (312) 814-2412, (312) 263-1579 (TDD) or writing to her at 100 West Randolph, Suite 10-100, Chicago, Illinois 60601.

**Please Note:  Building security procedures require that any person requesting access to the offices at 100 West Randolph present proper photo identification.**

Sandra Kelley
INVESTIGATOR

312-814-6786
TELEPHONE

FF1CPR/CPFORMS
rev. 10/02

# EXHIBIT

# H

Incident on January 06, 2004

## ILLINOIS WORKERS' COMPENSATION COMMISSION
## SETTLEMENT CONTRACT LUMP SUM PETITION AND ORDER

ATTENTION. Please type or print. Answer all questions. File four copies of this form. Attach a recent medical report.

Workers' Compensation Act ✔  Occupational Diseases Act ___   Fatal case? No ✔  Yes ___  Date of death _____

**Shawnetta Graham**                                Case #    04 WC 4533
Employee/Petitioner

v.

**Illinois Dept. of Corrections**                   Setting   **Wheaton**
Employer/Respondent

To resolve this dispute regarding the benefits due the petitioner under the Illinois Workers' Compensation or Occupational Diseases Act, we offer the following statements. We understand these statements are not binding if this contract is not approved.

| **Shawnetta Graham** | **1101 Assell Avenue** | **Aurora, Illinois 60505** |
|---|---|---|
| Employee's name | Street address | City, State, Zip code |
| | 30West200 Ferry Road | |
| **Illinois Dept. of Corrections** | **20W300 Ferry Road** | **Warrenville, Illinois 60555** |
| Employer's name | Street address | City, State, Zip code |

Employee's Social Security # **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**    Male ___  Female ✔    Married ___  Single ✔

# Dependents under age 18 **1**    Birthdate **06-06-68**    Average weekly wage $ **867.57**

Date of accident **01-06-04**

How did the accident occur? **During course of employment**

What part of the body was affected? **left right legs/knees**

What is the nature of the injury? **bilateral anterior knee pain**

The employer was notified of the accident orally ✔  in writing ✔ .    Return-to-work date **01-07-04**

Location of accident **Warrenville, Illinois**    Did the employee return to his or her regular job? Yes ✔  No ___
If not, explain below and describe the type of work the employee is doing, the wage earned, and the current employer's name and address.

**TEMPORARY TOTAL DISABILITY BENEFITS:** Compensation was paid for **N/A** weeks at the rate of $ _____ /week.
The employee was temporarily totally disabled from **N/A** through **N/A**

**MEDICAL EXPENSES:** The employer has ✔  has not ____ paid all medical bills. List unpaid bills in the space below.

**PREVIOUS AGREEMENTS:** Before the petitioner signed an *Attorney Representation Agreement*, the respondent or its agent offered in writing to pay the petitioner $ **0.00** as compensation for the permanent disability caused by this injury.

An arbitrator or commissioner of the Commission previously made an award on this case on **N/A** regarding

TTD **N/A**    Permanent disability **N/A**    Medical expenses **N/A**    Other **N/A**

IC3  12.01  100 W. Randolph Street  #8 200  Chicago, IL 60601  312.814.6611   Toll free 866.352.3033   Web site  www.iwcc.il.gov
Downstate offices:  Collinsville 618/346-3450   Peoria 309.671-3019   Rockford 815/987-7292   Springfield 217.785-7084
Disclosure of this information to the Commission is done voluntarily under 820 ILCS 305/6(b).

## SETTLEMENT STATEMENT

SHAWNETTA GRAHAM      )
                                  )
                                  )
                                  )
vs.                          ) Case No. 04 WC 4533
                                  )
                                  )
IL. DEPT. CORRECTIONS    )
                                  )
                                  )

### SETTLEMENT STATEMENT

**GROSS AMOUNT OF SETTLEMENT**        $10,410.80

Less Attorney fee                      $ 2,082.16
       -Paul Marzano, Esq.-$1,041.08
       -Evans, Loewenstein, Shimanovsky
        & Moscardini, Ltd.- $1,041.08


Less Costs and Liens:                $ 45.00

-Diversified Medical Records(medical records)-$20.00
-Lindstrom Chiropractic Clinic(medical records)-$25.00

### NET DUE TO CLIENT    $8,283.64

    I, Shawnetta Graham, have read the above and foregoing Settlement Statement and that it is true and correct. I understand that I am solely responsible for any unpaid medical bills and hold Paul Marzano, Esq. harmless with respect thereto. I hereby authorize Paul Marzano, Esq. to distribute my settlement. I further acknowledge receipt of check number AF5983108 in the amount of $8,283.64 as my portion of said settlement.

_10/15/05_
DATE

_Shawnetta Graham_ (signature)
SHAWNETTA GRAHAM

**TERMS OF SETTLEMENT:**    Attach a recent medical report signed by the physician who examined or treated the employee.

Respondent to pay and Petitioner to accept $10,410.80 in full and final settlement of all claims under the Workers Compensation Act for injuries allegedly occurring on or about 01/06/04, including any results, developments or sequelae, fatal or non-fatal, allegedly resulting from such accidental injuries. The settlement includes liability for temporary total compensation and all medical, surgical and hospital expenses incurred or to be incurred allegedly resulting from the accidental injury. Review under Sections 19(h) and 8(a) is waived by the parties. The settlement represents 5% loss of use of a left leg and 5% loss of use of a right leg. Petitioner and Respondent acknowledge that settlement payment is deferred until September 30, 2005.

| | | |
|---|---|---|
| Total amount of settlement | $ | 10,410.80 |
| Deduction: Attorney's fees | $ | 2,082.16 |
| Deduction: Medical reports, X-rays | $ | 45.00 |
| Deduction: Other (explain) | $ | 0.00 |
| Amount employee will receive | $ | 8,283.64 |

**PETITIONER'S SIGNATURE.** *Attention, petitioner. Do not sign this contract unless you understand all of the following statements.* I have read this document, understand its terms, and sign this contract voluntarily. I believe it is in my best interests for the Commission to approve this contract. I understand that I can present this settlement contract to the Commission in person. I understand that by signing this contract, I am giving up the following rights:

1. My right to a trial before an arbitrator;
2. My right to appeal the arbitrator's decision to the Commission;
3. My right to any further medical treatment, at the employer's expense, for the results of this injury;
4. My right to any additional benefits if my condition worsens as a result of this injury.

X *Shawnetta Graham* — **Shawnetta Graham**          630-674-5406          X 6-29-05

Signature of petitioner      Name of petitioner (please print)          Telephone number          Date

**PETITIONER'S ATTORNEY.** I attest that any fee petitions on file with the IWCC have been resolved. Based on the information reasonably available to me, I recommend this settlement contract be approved.

**RESPONDENT'S ATTORNEY.** I attest that any fee petitions on file with the IWCC have been resolved. The respondent agrees to this settlement and will pay the benefits to the petitioner or the petitioner's attorney, according to the terms of this contract, promptly after receiving a copy of the approved contract.

Signature of attorney          Date

**Paul Marzano**

Attorney's name and IC code # (please print)

**Paul Marzano Attorney at Law**

Firm name

**2835 Aurora Avenue Suite 115-126**

Street address

**Naperville, Illinois 60540**

City, State, Zip code

**630-375-9190**

Telephone number          E-mail address

Signature of attorney or agent          Date

**Eric A. Burgeson**

Attorney's name and IC code # or agent (please print)

**Office of the Attorney General**

Firm name

**100 West Randolph Street**

Street address

**Chicago, Illinois 60601**

City, State, Zip code

**312-814-3696**

Telephone number          E-mail address

**Self**

Name of respondent's insurance or service company (please print)

**ORDER OF ARBITRATOR OR COMMISSIONER:**
Having carefully reviewed the terms of this contract, in accordance with Section 9 of the Act, by my stamp I hereby approve this contract, order the respondent to promptly pay in a lump sum the total amount of settlement stated above, and dismiss this case.

# EXHIBIT

# I

**Incident on July 1, 2004**

STATE OF ILLINOIS — DEPARTMENT OF CORRECTIONS

## ADULT AND JUVENILE DIVISIONS
## INCIDENT REPORT

Institution/Program: __IYC-WARRENVILLE-LIB__    Date and Time of Incident: __7/1/04 - 1:10 pm__

If the answer is yes to any of the following questions, explain in narrative below:

A. Was a Weapon Involved: YES ☐ NO ☒   B. Were Restraints/Force Used: YES ☐ NO ☒   C. Was Property Damaged: YES ☐ NO

D. Have Apprehension Unit and/or Law Enforcement Agencies Been Notified: YES ☐ NO ☒   E. Were Arrests Made: YES ☐ NO ☒

F. Any Injuries/Hospitalizations: YES ☐ NO ☒   G. Were there Media Inquiries: YES ☐ NO ☒

| Inmates/Staff Involved: Name | I.D.# | Offense | Commitment Date | Witnesses to Incident: Name | I.D.# |
|---|---|---|---|---|---|
| Mrs. C. N. Miller | | | | | |
| Ms. Travis | | | | | |

Statement of Facts: (NARRATIVE)

On July 1, 2004 at 1:10 pm both my knees "gave out"
as I (c/o) did other duty assigned. The duty
was to supervise the bathroom. I was told
about 10 am that the assigned staff (Ms. Lucas)
had to be pulled from the duty of supervising
trouble-resident mental-ill youth. He was I assign
to the Gym. So I was told by my supervisor
(Mrs. C.N. Miller) to run the bathroom line. She
said they would try to get someone to relieve me. At
1:10 pm I was still assigned. I limped all the way to
my supervisor office then to the nurse office. There
were witness that I was limping (Ms. Travis, Ms.
Miller, Ms. Eggleston, and Ms. Gadsentail) No one
called for assistant. However,
after I injury myself. A staff was assigned to the
bathroom before I gave duty.

_[signature]_  7/1/04 1:10 pm

| Reporting Employee | Date/Time | Person Calling in Report | Person Accepting Report | Date/Time |
|---|---|---|---|---|

Administrative Assessment: _____

Chief Administrative Officer _____    Date/Time _____

Distribution:   Director
        Deputy Director of Appropriate Division
        Deputy Director of Bureau of Inspections and Audits     Legal Services (only if restraints/force used)
                                                                File

DC 434 (4/83)

# EXHIBIT

# J

**July 01, 2004 doctor statement from Dr. Lindstorm**

**THOMAS J. LINDSTROM, D.C.**
1965 West Downer Place
Suite 201
Aurora, IL 60506

This is to certify that _Shawetta Graham_

is under our professional care. In order to avoid

aggravation of his/her condition, I recommend that he/she

be excused from _____

until _____

Remarks: _No swelling appears is_
_Bilateral hip_
_joint. Refer_
_to ORTHO._

Dr. _[signature]_    Date _7/1/04_

ILLINOIS DEPARTMENT OF CORRECTIONS

**Notification of Absence**

Employee's Name: Shawnetta Graham Shift & Location: Residence - IYC WRK

8AM - 4PM

**Call in Report:**

Reason for Call in: ______

Call Received by: ______ (Print Name) on ______ (Date) at ______ (Time) ☐ a.m. ☐ p.m.

**Notification of Absence:**

I ☐ have been

I ☒ request to be absent on July 2 2004

for a total of ______ days and / or 7.5 hour for reason of:

☒ Full Day ☐ Half Day (also indicate hours) ☐ Hours

From: 8 ☒ a.m. ☐ p.m. to 4 ☐ a.m. ☒ p.m.

☐ Personal Business ☐ Vacation ☐ Accumulated Holiday

☐ Compensation Time ☒ Sick Leave – Personal ☐ Sick Leave – Family

☐ Service Connected Sick Leave ☐ Dock Time ☐ Other (explain in Comments)

Comments: Legs gave out at work, during other duty assignment

Shawnetta Graham (Employee's Signature) ☒ Approved C. H. [illegible] (Supervisor's Signature)

7-1-04 (rewrote 8-23-04) (Date) ☐ Disapproved 8/23/04 (Date)

Distribution: Chief Timekeeper; Supervisor; Employee

DOC 0128 (Eff. 9/2002)
(Replaces DC 314-F)

ILLINOIS DEPARTMENT OF CORRECTIONS

**Notification of Absence**

8AM - 4PM

Employee's Name: Shawnetta Graham Shift & Location: Residence - IYC WRK

**Call in Report:**

Reason for Call in: ______

Call Received by: ______ (Print Name) on ______ (Date) at ______ (Time) ☐ a.m. ☐ p.m.

**Notification of Absence:**

I ☐ have been

I ☐ request to be absent on July 2, 2004

for a total of ______ days and / or 7.5 hour for reason of:

☒ Full Day ☐ Half Day (also indicate hours) ☐ Hours

From: ______ ☐ a.m. ☐ p.m. to ______ ☐ a.m. ☐ p.m.

☐ Personal Business ☐ Vacation ☐ Accumulated Holiday

☐ Compensation Time ☐ Sick Leave – Personal ☐ Sick Leave – Family

☒ Service Connected Sick Leave ☐ Dock Time ☐ Other (explain in Comments)

Comments:

Shawnetta Graham (Employee's Signature) ☐ Approved ______ (Supervisor's Signature)

7-1-04 (Date) ☒ Disapproved ______ (Date)

Distribution: Chief Timekeeper; Supervisor; Employee

DOC 0128 (Eff. 9/2002)
(Replaces DC 314-F)

# EXHIBIT

# K

**MRI report from Dr. Bartel and other doctor statement from Doctor Bartel**

**FOX VALLEY ORTHOPAEDIC INSTITUTE**
**FOX VALLEY ORTHOPAEDIC ASSOCIATES, S.C.**
2525 KANEVILLE ROAD - GENEVA, IL 60134 - TELEPHONE (630)584-1400
1975 LIN LOR LANE, PLAZA SUITE - ELGIN, IL 60123 (847)468-1400

## MRI REPORT

**NAME:**       GRAHAM, SHAWNETTA

**ACCOUNT:**     100648.0

**DATE:**       7/27/04

**PHYSICIAN:**    Eric K. Bartel, M.D.

**MRI SCAN OF THE BILATERAL KNEES**

**LEFT KNEE –**

**HISTORY:**  Patellofemoral pain.

**FINDINGS:**

The anterior and posterior cruciate ligaments, medial and lateral collateral ligaments are normal in course and signal.

The lateral meniscus is normal.

The medial meniscus is normal.

The extensor mechanism is unremarkable.

There is Grade IV focal chondromalacia seen involving the patellar cartilage at the lateral facet with subchondral bone marrow edema and cystic changes. There is diffuse thinning of the trochlear groove cartilage. No significant joint effusion is present.

**RIGHT KNEE –**

**HISTORY:**  Pain.

**FINDINGS:**

There is diffuse thinning and fraying of the cartilage of the patella noted predominantly the lateral facet and at the

Continued...

## FOX VALLEY ORTHOPAEDIC INSTITUTE
### FOX VALLEY ORTHOPAEDIC ASSOCIATES, S.C.
2525 KANEVILLE ROAD - GENEVA, IL 60134 - TELEPHONE (630)584-1400
1975 LIN LOR LANE, PLAZA SUITE - ELGIN, IL 60123 (847)468-1400

## MRI REPORT

**NAME:**        GRAHAM, SHAWNETTA

**ACCOUNT:**      100648.0

**DATE:**        7/27/04

**PHYSICIAN:**   Eric K. Bartel, M.D.

**MRI SCAN OF THE BILATERAL KNEES**                     **Page 2**

**RIGHT KNEE continued....**

patellar apex with a small 3 to 4 mm full thickness loss of the
cartilage involving the lateral facet with subchondral edema.
There is shallow medial facet with a slight lateral tilt to the
patella with thickening of the lateral patellar retinaculum. The
trochlear groove cartilage is intact.

The extensor mechanism is otherwise unremarkable.

The medial and lateral meniscus appear normal.

The anterior and posterior cruciate ligaments, medial and lateral
collateral ligaments are normal.

There is a small joint effusion in the suprapatellar bursa.

Sharmi Jayachandran, M.D.
Electronic Authentication

SJ:ab

FOX VALLEY ORTHOPAEDIC INSTITUTE
FOX VALLEY ORTHOPAEDIC ASSOCIATES, S.C.
2525 KANEVILLE ROAD ~ GENEVA, IL 60134 ~ TELEPHONE (630)584-1400
1975 LIN LOR LANE, PLAZA SUITE ~ ELGIN, IL 60123 (847)468-1400

## MRI REPORT

**NAME:**            GRAHAM, SHAWNETTA

**ACCOUNT:**         100648.0

**DATE:**            7/27/04

**PHYSICIAN:**       Eric K. Bartel, M.D.

**MRI SCAN OF THE BILATERAL KNEES**                **Page 2**

**RIGHT KNEE continued...**

patellar apex with a small 3 to 4 mm full thickness loss of the cartilage involving the lateral facet with subchondral edema. There is shallow medial facet with a slight lateral tilt to the patella with thickening of the lateral patellar retinaculum. The trochlear groove cartilage is intact.

The extensor mechanism is otherwise unremarkable.

The medial and lateral meniscus appear normal.

The anterior and posterior cruciate ligaments, medial and lateral collateral ligaments are normal.

There is a small joint effusion in the suprapatellar bursa.

Sharmi Jayachandran, M.D.
Electronic Authentication

SJ:ab

**FOX VALLEY ORTHOPAEDIC INSTITUTE**
**FOX VALLEY ORTHOPAEDIC ASSOCIATES, S.C.**
2525 KANEVILLE ROAD - GENEVA, IL 60134 - TELEPHONE (630)584-1400
1975 LIN LOR LANE, PLAZA SUITE - ELGIN, IL 60123 (847)468-1400

### MRI REPORT

**NAME:**          GRAHAM, SHAWNETTA

**ACCOUNT:**       100648.0

**DATE:**          7/27/04

**PHYSICIAN:**     Eric K. Bartel, M.D.

**MRI SCAN OF THE BILATERAL KNEES**

**LEFT KNEE –**

**HISTORY:** Patellofemoral pain.

**FINDINGS:**

The anterior and posterior cruciate ligaments, medial and lateral collateral ligaments are normal in course and signal.

The lateral meniscus is normal.

The medial meniscus is normal.

The extensor mechanism is unremarkable.

There is Grade IV focal chondromalacia seen involving the patellar cartilage at the lateral facet with subchondral bone marrow edema and cystic changes. There is diffuse thinning of the trochlear groove cartilage.  No significant joint effusion is present.

**RIGHT KNEE –**

**HISTORY:** Pain.

**FINDINGS:**

There is diffuse thinning and fraying of the cartilage of the patella noted predominantly the lateral facet and at the

Continued...

# FOX VALLEY ORTHO... ...PHY... REPORT

Rodney ...

Date: 5/10/0?

Employee's Name: Shawn...

Physician: Mildred a...

... only mode ____ No driving or operating machinery

Additional Testing: ____ CT Scan ____ Arthrogram ____ EMG

**Activity Restrictions:**

____ No heavy lifting greater than:
____ 2 lbs. ____ 5 lbs. ____ 10 lbs. ____ 20 lbs. ____ lbs. (specify)

____ No push pull ... greater than:
____ 2 lbs. ____ 5 lbs. ____ 10 lbs. ____ 20 lbs. ____ lbs. (specify)

____ No work involving use of: ____ right ____ left
____ upper extremity ____ hand ____ lower extremity ____ foot

____ No ... use of: ____ right ____ left
____ ... ____ hand ____ ... extremity ____ foot

____ No over the shoulder work.

✓ Limit continuous walking or standing to 1 hours/day.

____ Sitting work only.

____ Limit continuous sitting to ____ hours/day.

____ No repetitive bending.

____ No operating heavy machinery.

✓ No driving.

____ Must keep affected extremity clean and dry.

____ Must wear splint. ____ cervical collar ____ shoulder immobilizer ____ sling ____ Cam Walker
____ elbow support ____ wrist splint ____ hand splint ____ ... port
____ ankle support ____ cast shoe ____ knee immobilizer ____ Wear ... support ... as need...

____ Limit hours worked to ____ hours/day.

____ No ...

Expected duration of disability: 1 month – Plan for return to full ... in ...
as needed

Attention: 
Attorney:
Paul J Marzano

**PHYSICIAN REPORT**

2525 Kaneville Road · Geneva, IL 60134 · (630) 584-1400
1975 Lin Lor Lane, Plaza Suite · Elgin, IL 60123 · (847) 468-1400

Rodney W. Rieger, M.D. · Jeffrey W. Grosskopf, M.D. · Kevan E. Ketterling, M.D. · David R. Morawski, M.D.
Craig M. Torosian, M.D. · Eric K. Bartel, M.D. · Craig A. Popp, M.D. · Timothy S. Petsche, M.D.
Thomas A. Atkins, M.D. · Laura M. Lemke, M.D.

Date: 7/19/04                Time In: _____              Time Out: _____
Employee's Name: Shawnetta Graham
Diagnosis: Bilateral anterior knee pain

Treatment Rendered: _____ Cast     _____ Splint     _____ Injection
   ✓ Activity Restriction (below)
   Physical Therapy _____ times/week for _____ weeks
   Occupational Therapy _____ times/week for _____ weeks
Medications Prescribed: _____

_____ Take with meals     _____ No driving or operating machinery

Additional Testing: X MRI     _____ CT Scan     _____ Arthrogram     _____ EMG
_____ May return to work full duty without restriction on _____
✓ May return to work light duty with the following restriction on 7/19/04
_____ May not work.
Activity Restriction:
_____ No heavy lifting greater than:
   _____ 2 lbs.   _____ 5 lbs.   _____ 10 lbs.   _____ 20 lbs.   _____ lbs. (specify)          _____ No squatting or kneeling.
_____ No push, pull, twist greater than:                                                       _____ Continue full activity.
   _____ 2 lbs.   _____ 5 lbs.   _____ 10 lbs.   _____ 20 lbs.   _____ lbs. (specify)
_____ No work involving use of:   _____ right   _____ left
   _____ upper extremity   _____ hand   _____ lower extremity   _____ foot
_____ No rapid repetitive use of:   _____ right   _____ left.
   _____ upper extremity   _____ hand   _____ lower extremity   _____ foot
_____ No over the shoulder work.
✓ Limit continuous walking or standing to 1 hours/day.
_____ Sitting work only.
_____ Limit continuous sitting to _____ hours/day.
_____ No repetitive bending.
_____ No operating heavy machinery.
_____ No driving.
_____ Must keep affected extremity clean and dry.
✓ Must wear splint:
   _____ elbow support     _____ cervical collar     _____ shoulder immobilizer     _____ sling
   _____ ankle support     _____ wrist splint        _____ hand splint              _____ back support     _____ Cam Walker
_____ Limit hours worked to _____ hours/day.     _____ cast shoe     _____ knee immobilizer     wear knee support
_____ No overtime.                                                                              as needed
Expected duration of disability: _____
Next appointment: after MRI's
Physician: _____

FVO 1000

# FOX VALLEY ORTHOPAEDIC INSTITUTE PHYSICIAN REPORT

2525 Kaneville Road · Geneva, IL 60134 · (630) 584-1400
1975 Lin Lor Lane, Plaza Suite · Elgin, IL 60123 · (847) 468-1400

Rodney W. Rieger, M.D. · Jeffrey W. Grosskopf, M.D. · Kevan E. Ketterling, M.D. · David R. Morawski, M.D.
Craig M. Torosian, M.D. · Eric K. Bartel, M.D. · Craig A. Popp, M.D. · Timothy S. Petsche, M.D.
Thomas A. Atkins, M.D. · Laura M. Lemke, M.D.

Date: _8-16-04_  Time In: _____  Time Out: _____

Employee's Name: _Shawnetta Graham,_

Diagnosis: _____ /chondromalacia

Treatment Rendered: ____ Cast  ____ Splint  ____ Injection

____ Activity Restriction (below)

Physical Therapy _2_ times/week for _6_ weeks

Occupational Therapy ____ times/week for ____ weeks

Medications Prescribed: _____

____ Take with meals  ____ No driving or operating machinery

Additional Testing: ____ MRI  ____ CT Scan  ____ Arthrogram  ____ EMG

_X_ May return to work full duty without restriction on _10-4-04_

_X_ May return to work light duty with the following restriction on _8-16-__

____ May not work.

Activity Restriction:

____ No heavy lifting greater than:  ____ No squatting or kneeling.

____ 2 lbs.  ____ 5 lbs.  ____ 10 lbs.  ____ 20 lbs.  ____ lbs. (specify)  ____ Continue full activity.

____ No push, pull, twist greater than:

____ 2 lbs.  ____ 5 lbs.  ____ 10 lbs.  ____ 20 lbs.  ____ lbs. (specify)

____ No work involving use of:  ____ right  ____ left

____ upper extremity  ____ hand  ____ lower extremity  ____ foot

____ No rapid repetitive use of:  ____ right  ____ left

____ upper extremity  ____ hand  ____ lower extremity  ____ foot

____ No over the shoulder work.

_X_ Limit continuous walking or standing to _1_ hours/day.

____ Sitting work only.

____ Limit continuous sitting to ____ hours/day.  error

____ No repetitive bending.

____ No operating heavy machinery.

____ No driving.

____ Must keep affected extremity clean and dry.

____ Must wear splint:  ____ cervical collar  ____ shoulder immobilizer  ____ sling  ____ Cam Walker

____ elbow support  ____ wrist splint  ____ hand splint  ____ back support

____ ankle support  ____ cast shoe  _X_ knee immobilizer  _as needed_

____ Limit hours worked to ____ hours/day.

____ No overtime.

Expected duration of disability: _____

Next appointment: _____

# EXHIBIT

# L

**Dreyer Walk-In Clinic doctor Statement**

*Dreyer Medical Clinic*
*Advocate*

August 18, 2004

To Whom It May Concern:

Shawnetta was in the Walk-In Clinic today with bilateral ankle pain and some swelling of the ankles. She did have X-rays of the ankles today. No fractures were noted. She may return to work, but should avoid prolonged standing or walking for the next week.

She was given an anti-inflamatory medicine (Relafen) to use.

Sincerely,

Jon Christoffersen MD
DREYER MEDICAL CLINIC
Dreyer Medical Clinic - Walk-in Care
725 W. Fabyan Parkway0
Batavia, IL 60510
630-762-4820
630-859-6700

STATE OF ILLINOIS — DEPARTMENT OF CORRECTIONS

## ADULT AND JUVENILE DIVISIONS
## INCIDENT REPORT

Institution/Program: _TYC-WARRENVILLE-Library_  Date and Time of Incident: _8/18/04 / 1:30 pm_

If the answer is yes to any of the following questions, explain in narrative below:

A. Was a Weapon Involved: YES ☐ NO ☒  B. Were Restraints/Force Used: YES ☐ NO ☒  C. Was Property Damaged: YES ☐

D. Have Apprehension Unit and/or Law Enforcement Agencies Been Notified: YES ☐ NO ☒  E. Were Arrests Made: YES ☐ NO ☐

F. Any Injuries/Hospitalizations: YES ☐ NO ☒  G. Were there Media Inquiries: YES ☐ NO ☒

Inmates/Staff Involved:

| Name | I.D.# | Offense | Commitment Date |
|---|---|---|---|
| _Mrs. Ross_ | | | |
| _Mrs. C.N. Miller_ | | | |
| _on duty Nurse._ | | | |

| Witnesses to Incident: Name | I.D.# |
|---|---|
| | |
| | |

Statement of Facts: (NARRATIVE)

_On 7-1-04 cf submitted documents on how the job injury cf was running the bathroom line and both my knees gave out. cf limp to my supervisor office and then limp to the nurses office. Because of the injury on 7-1-04 my ankles are hurting. On 8-18-04 cf was during some Xeroxing behavior repetity and I sharp pain shot threw both my ankles. So, cf went into the nurse office and asked for some pain killers; they said they could not give me any. cf asked for a workmen comp package; they said cf was the school district and cf had to get the information from my supervisor. So, the hadith car administer celledard spoke C MY Supervisor. cf didn't get a workman comp package from the nurse. cf had another form from a previous incident cpt is attach. To deal with the pain cf asked one of the kitchen staff for a bag of ice. cf applied ice, and cf will be going to Urgent Care tonight_

_Laurette Graham_  _8-18-04 / 1:30 pm_

| Reporting Employee | Date/Time | Person Calling in Report | Person Accepting Report | Date/Time |
|---|---|---|---|---|

Administrative Assessment: _____

_____

_____

Chief Administrative Officer _____

_____ Date/Time _____

ribution:  Director
Deputy Director of Appropriate Division
Deputy Director of Bureau of Inspections and Audits  Legal Services (only if restraints/force used)
File

434 (4/83)

# EXHIBIT

# M

**MRI report from Dr Lyon and other doctor Statements from**

**Dr. Lyon office**

08/30/04  MON 12:49 FAX 630 572 1455          VISION MRI OAK BROOK                    @ 0

 **Vision MRI & CT of Oak Brook**
A SUBSIDIARY OF MIRACOR DIAGNOSTICS, INC.
2425 W. 22nd Street, Suite 105
Oak Brook, Illinois 60523

(888) 240 - 8E38
(630) 990 - 4N RI
Fax: (630) 572 - 14 55

| Patient Name | Physician | Date |
|---|---|---|
| Graham, Shawnetta | Lyon, D.P.M. | 08-26-04 |

## MRI OF THE RIGHT ANKLE AND MIDTARSUS

**HISTORY:**   This 36-year-old female complains of sudden pain and swelling in both ankles for approximately two weeks.

**FINDINGS:**   An MRI evaluation of the right ankle and midtarsus using multiple cross-sectional planes in a variety of pulse sequences demonstrates a mild amount of diffuse subcutaneous soft tissue edema noted along the lateral aspect of the ankle. The superior band of the anterior talofibular ligament appears partially disrupted with a very thickened fibrotic morphology. The inferior band remains intact but appears thin and attenuated at the talar neck insertion. The MRI is consistent with ligamentous sprain and partial disruption of the superior band. Clinical findings are necessary to determine the structural soundness of the anterior talofibular ligament. The calcaneofibular ligament as well as all other medial and ankle ligaments remain intact with no visible disruption.

All osseous structures, right lower leg, ankle and midtarsus show normal amount of signal, this rules out bone contusion, acute fracture, occult fracture and talar dome lesion.

The ankle mortise and subtalar joint appear normal with no degenerative change and no joint effusion.

The sinus tarsi show no degenerative fibrosis and no acute inflammatory process. The interosseous and cervical ligaments within the sinus tarsi remain intact.

All flexor and extensor tendons remain longitudinally intact with no intratendinous tear or tenosynovitis.

All muscles appear normal ruling out intramuscular edema and intramuscular tear.

08/30/04  MON 12:49 FAX 630 572 1455        VISION MRI OAK BROO⸱⸱⸱                    ☒0

## CONTINUED

**Patient Name**                    **Physician**                    **Date**

Graham, Shawnetta                   Lyon, D.P.M.                    08-26-04
Page 2

## MRI OF THE RIGHT ANKLE AND MIDTARSUS

The tarsal tunnel appears open with no impingemen: or entrapment of the neurovascular bundle.

There is no space occupying mass or neoplastic process noted.

**IMPRESSION:**
1.  Sprain and partial disruption of the superior band of the anterior talofibular ligament with no other acute or pathologic process accounting for the patients symptomatology.

*Joseph Porada, M.D*

Joseph Porada, M.D.
Radiologist

John A. Alkenhead, D.C., Diplomate
American Chiropractic Board of Radiology
Radiologist

Curt Tessman, D.P.M.
Podiatric Consultant

hc/08-28-04

09/02/04  THU 16:43 FAX 630 572 1455        VISION MRI OAK BROOK                    ☒ 0 



## Vision MRI & CT of Oak Brook
**A SUBSIDIARY OF MIRACOR DIAGNOSTICS, INC.**
**2425 W. 22nd Street, Suite 105**
**Oak Brook, Illinois 60523**

(888) 240 - 8689
(630) 990 - 4MRI
Fax: (630) 572 - 1455

| Patient Name | Physician | Date |
|---|---|---|
| Graham, Shawnetta | Lyon, D.P.M. | 08-26-04 |

### MRI OF THE LEFT ANKLE AND MIDTARSAL

**HISTORY:** This 36-year-old female complains of sudden pain and swelling in the lateral aspect of both ankles for approximately two weeks. The patient relates no specific traumatic episode.

**FINDINGS:** MRI evaluation of the left ankle using multiple cross-sectional planes in a variety of pulse sequences demonstrates no subcutaneous soft tissue or soft tissue inflammation noted.

All osseous structures of the lower leg and midtarsal show normal marrow signal ruling out bone contusion, acute fracture, occult stress fracture and talar dome lesion.

The ankle mortise and subtalar joint show no degenerative change and no joint effusion.

The sinus tarsi shows no inherent fibrosis and no acute inflammatory process.

The interosseous cervical ligaments within the sinus tarsi remain intact.

The interior longitudinal ligament remains longitudinally intact with no ligamentous synovial fluid. All other medial and lateral ankle ligaments are intact with no visible disruption.

All flexor and extensor tendons remain longitudinally intact with no intratendinous tear or tenosynovitis.

All muscles appear normal ruling out intramuscular edema and intramuscular tear.

The tarsal tunnel appears open with no impingement or entrapment of the neurovascular bundle.

No space-occupying mass or neoplastic process is noted.

**CONTINUED**

09/02/04  THU 16:43 FAX 630 572 1455          VISION MRI OAK BROOK                            ☒ )0

| Patient Name | Physician | Date |
|---|---|---|
| Graham, Shawnetta<br>Page 2 | Lyon, D.P.M. | 08-26-04 |

## MRI OF THE LEFT ANKLE AND MIDTARSAL

**IMPRESSION:**
1.    Appearance of the left ankle and midtarsal show no evidence of acute or chronic pathologic process accounting for patient's symptomatology.


*Joseph Porada, M.D*

Joseph Porada, M.D.
Radiologist

John A. Aikenhead, D.C., Diplomat
American Chiropractic Board of Radiology
Radiologist

Curt Tessman, D.P.M.
Podiatric Consultant

ms/09-01-04

## VISION MRI & CT

A subsidiary if Mirscor Diagnostics, Ins.
2425 West 22nd Street, Suite 105 * OAK BROOK, IL. 60523
(630) 990-4674 Fax (630) 572-1455

Referring Physician: _Dr. Lyon_     Physician Phone: _4951240_

Patient Name: _Shaunetta Graham_     Parent/Guardian: ___

Patient Home Phone: _630-299-3508_     Work Phone: _630-983-6231 Ext.262_

Diagnosis (Reason for study): _Injury Bil Ankle sprain_

**MODALITY:**  (☑ MRI)     ☐ MRA     ☐ CT

☐ With Contrast     ☐ Kinematic Motion Study

| | | Extremities: | | | | ☐ Chest |
|---|---|---|---|---|---|---|
| ☐ Brain | ☐ Cervical Spine * | Shoulder | L ☐ R ☐ | | | ☐ Abdomen |
| ☐ Orbits | ☐ Thoracic Spine | Elbow | L ☐ R ☐ | | | **Attention to:** |
| ☐ Temporal Bones | ☐ Lumbar Spine | Wrist | L ☐ R ☐ | | | Liver ☐ |
| ☐ Facial Bones | | Hip | L ☐ R ☐ | | | Pancreas ☐ |
| ☐ Pituitary / IAC's* | | Knee | L ☐ R ☐ | | | Adrenal ☐ |
| ☐ Sinus | ☐ Neck / Soft Tissue | Foot | L ☐ R ☐ | | | Kidneys ☐ |
| | | Ankle | L ☑ R ☑ | | | ☐ Pelvis |
| | | | | | | ☐ Boney Pelvis |

Other: ___

Appointment Day: _Thursday 8/26_  ~~Saturday~~ Date: _8/88_ Th _5530_ Time: _7:00pm_ AM/~~PM~~

Doctor's Signature: ___

Please be sure to bring all insurance information with you on the day of your appointment.
Please bring all previous X-rays, MRI's, CT's or any other diagnostic test results.

*MRI Preferred

**FOR DIRECTIONS: REFER TO MAP ON REVERSE SIDE**

Telephone: (630) 657-5030
Fax: (630) 657-5031

DEA #BL 5297040
#016-004795

## LYON FOOT AND ANKLE CLINIC, P.C.
ESTHER LYON, D.P.M.

2 South 631 Route 59, Suite C                    Warrenville, IL 60555

Name _Shawnetta Graham_ Date _9/8/04_

Address _____

Rx  Physical Therapy
— Evaluate + treat Dx > dgns
   sprain of ankles
   Re a wk for 1 mo.

               _Esther E. Lyon_ , D.P.M.

☐ Label

Refill - 0 - 1 - 2 - 3 - 4 - PRN

☐ May Substitute _____ , D.P.M.

☐ May Not Substitute _____ , D.P.M.



## LOMBARD FOOT & ANKLE CLINIC, P.C.

**ESTHER LYON, D.P.M.**

6 East St. Charles Road, Suite 1
Lombard, Illinois 601
Telephone: (630) 495-12
Fax: (630) 495-19

Date: 9/8/04

To Whom It May Concern:

Our patient, _Shawnetta Graham_, had an injury
/foot surgery (circled) that requires recovery time.

Our patient will be recovering at home from: _9/20/04 — 9/24/04_
to:
or until further notice.

If you have any questions or concerns please call.

Sincerely,

M. Esther Lyon

Dr. Esther Lyon

9-16-2004

I am writing you to let you know that the pain has stopped on
the right ankle. The boot(Cam walkes) has helped alot. The left
ankle has stopped; however, with the left the only discomfort is I
need a left boot. I was gave ~~two~~ right boots. This is the only
problem. I feel like  I can work next week until my next appointment
date on 8-23-2004. I feel like I need to be check weekly,because  I
am a diabetic, and their is swellen.  I can drive at the proper speed.
It takes me longer to get places ;   I do not want to fall. I have to
watch out for slippery places. I have trouble walking up stairs.  I
have trouble walking down stairs.

Shawnetta T. Graham



## LOMBARD FOOT & ANKLE CLINIC, P.C.

**ESTHER LYON, D.P.M.**

6 East St. Charles Road, Suite 100
Lombard, Illinois 60148
Telephone: (630) 495-1240
Fax: (630) 495-1993

Date: **8-23-04**

To Whom It May Concern:

Our patient, **Shawnetta Graham**, ~~had an injury~~
/foot surgery (circled) that requires recovery time.

~~Our patient will be recovering at home from:~~ She recieved ultrasound
~~to:~~ therapy to both ankles, she is being sent for
or until further notice. an MRI and will need to be seen
in one week with the results.
If you have any questions or concerns please call.

Sincerely,

M. Esther Lyon

Dr. Esther Lyon


**Work Restrictions:**
Due to injury of ankles patient is not to be
walking at work, continuously for longer than 5 minutes.
She is only to lift items while seated, no greater than
5 lbs.
Patient is only to be seated while at work, except to
go to the bathroom, to go to lunch, or to
make copies of paper (but is to be seated for
the majority of the activity).



**LOMBARD FOOT & ANKLE CLINIC, P.C.**

**ESTHER LYON, D.P.M.**

6 East St. Charles Road, Sui
Lombard, Illinois (
Telephone: (630) 495
Fax: (630) 495

Date: 8-25-4

To Whom It May Concern:

Our patient, Shrunetta Graham, had an (injury)
/foot surgery (circled) that requires recovery time.

Our patient will be recovering at home from: She recieved U/S
to: therapy & is awaiting on MRI,
or until further notice.

If you have any questions or concerns please call.

Sincerely,

M. Esther Lynd

Dr. Esther Lyon

Her restrictions are:
May Walk/Stend no more than
60 minutes at one time
with rest at patients discretion
She is only to lift a maximum
of 5 lbs.
All work must be guided by
an increase in swelling
pain the patient may
be experiencing at her
discretion.
D              until MRI

# EXHIBIT

# N

**A prepared note from Ms. Miller**

# MEMORANDUM

**DATE:**     August 24, 2004

**TO:**     Cynthia N. Miller, EFA

**FROM:**     Shawnetta Graham, Library Associate

**SUBJECT:** Leave of Absence

I am requesting a leave of absence beginning August 25, 2004 until my next doctor's appointment at which time my work restrictions will be reviewed by the Department of Corrections.

*Please read the following*

_____                    _____
Signature *(Shawnetta Graham)*                    Date

I, Shawnetta Graham, was presented this memo at 4:00 o'clock. I was told that my medical statement was sent to legal, and the decision was made that I could not report to work due to work restriction. I was told that if I don't sign the form I will be consider unauthorized. I was told that the leave would be without pay. The memo was type and presented to me without me having any Union representation.

my superior needs to give me written notice within one hour; and only then of will sign out and leave. of am not requesting a leave of absent; of have been told because under policy of can not be in this work setting with such limitation. of'm signing this memo only on the behalf of my written statement. Also, CMS, has not official contact me in writing with any of their concerns. Futhermore, of worked a complete day with such a restriction.

*Shawnetta Graham*

# EXHIBIT

# O

**A note from YS II Daryl Tesh**

October 20, 2004

I testify that on August 25, 2004 I was a witness in a meeting with C.N. Miller, school principal, and Shawnetta T. Graham, Library Associate; the issue was that I brought in a doctor statement which stated I had some work restriction. I was told that I had to take a leave of absent due to the fact that I had a five minutes walking and standing limitation. D.O.C. has a policy that all employee need to walk or stand at least one hour. C.N. Miller stated that I had no benefit time available on the books. She stated that all my time was exhausted. She stated that soon as I earn time I use time. She stated the only time available was dock time. She stated if I did not make a written request to take a leave of absent, I would be unauthorized .

I testify that ----- an unauthorized absent of three or more days can lead to discharge.

Witness: _____         Date: _10-21-04_

# EXHIBIT

# P

A.D. 03-02-215

HUG-25-2004   05:19     IDOC PERSONNEL                    217 522 1513    P.05/16



**ILLINOIS DEPARTMENT OF CORRECTIONS**

**ADMINISTRATIVE DIRECTIVE**

| | |
|---|---|
| Number | 03.02.215 |
| Page | 1 of 6 |
| Effective | 5/1/1998 |

| | | |
|---|---|---|
| Section: | 03 | Personnel and Labor Relations |
| Subsection: | 02 | Personnel Standards |
| Subject: | 215 | Medical Restrictions on Personnel |

## I. POLICY

### A. Authority

730 ILCS 5/3-2-2

80 Ill. Adm. Code 303.145

### B. Policy Statement

Employees shall not be allowed to work with medical restrictions unless permission to work with limited restrictions has been granted in accordance with this directive. No employee shall be allowed to return to work with restrictions where long term recuperation (in excess of 90 days) is involved or where the return to work may contribute to reoccurrences of the medical condition or where working under restrictions may impair the operation or security of the employing facility.

## II. PROCEDURE

### A. Purpose

The purpose of this directive is to establish written instructions to staff in regard to approval of working with limited restrictions.

### B. Applicability

This directive is applicable to all divisions within the Department.

### C. Internal Audits

An internal audit of this directive may be conducted in accordance with the facility audit schedule.

'004  09:20    IDOC PERSONNEL                                        217 522 1513    P.06/16

| | | | Number | |
|---|---|---|---|---|
| **:OIS** | | | | **03.02.215** |
| **:PARTMENT** | | **ADMINISTRATIVE** | Page | |
| **OF** | | **DIRECTIVE** | | **2 of 6** |
| **CORRECTIONS** | | | Effective | |
| | | | | **5/1/1998** |

| Section: | 03 | Personnel and Labor Relations |
|---|---|---|
| **Subsection:** | **02** | **Personnel Standards** |
| **Subject:** | **215** | **Medical Restrictions on Personnel** |

## D.  Designees

Individuals specified in this directive may delegate stated responsibilities to another person or persons unless otherwise directed.

## E.  Definitions

Extended sick leave - any leave other than an approved medical leave of absence for which a medical verification of the employee's disability is required, regardless of whether the employee is in paid or non-paid status or of the type of benefit time the employee is utilizing.

Restrictions - limitations on or special provisions for the normal work assignment such as hours limited to less than full-time hours, weight limit on lifting and carrying, limited movement, etc.

## F.  General Provisions

1.  Every employee who has been on a medical leave of absence or extended sick leave shall return to work as soon as a full medical release has been obtained from the employee's physician or from a physician authorized by the Department.

2.  An employee may request to work or return to work with limited restrictions for a period of 90 days or less if the employee's physician indicates in a signed statement the length of time and nature of the limitations.

3.  The Department may request that an employee work or be returned to work with limited restrictions based on a statement provided by the employee's physician or a Department authorized physician.

| | | |
|---|---|---|
| **ILLINOIS DEPARTMENT OF CORRECTIONS** | **ADMINISTRATIVE DIRECTIVE** | **Number** 03.02.215 |
| | | **Page** 3 of 6 |
| | | **Effective** 5/1/1998 |

| | | |
|---|---|---|
| **Section:** | **03** | **Personnel and Labor Relations** |
| **Subsection:** | **02** | **Personnel Standards** |
| **Subject:** | **215** | **Medical Restrictions on Personnel** |

4. To determine whether the employee is capable of performing his or her job duties with some temporary or limited restrictions, the Chief Administrator may request a physician, authorized by the Department, evaluate the employee's:

   a. Current condition and prognosis; and

   b. Job description or post assignment.

5. A request to work or return to work with restrictions shall only be considered when the restrictions:

   a. Are temporary in nature and limited to a specific period of time not to exceed 90 days, after which the employee is expected to return to work on a full-time basis with no restrictions.

   b. Are limited to minor changes in the work routine or assignment within the scope of the employee's job description or post assignment.

   c. Would not require assignment to duties outside of the employee's job classification.

   d. Would not cause violations of any union contract provisions or personnel rules.

   e. Would not require the Department to expend any funds or take any measures to alter the work site.

   f. Would not jeopardize or impair the security of the facility or any person.

   g. Would not disrupt the operation of the facility.

**ILLINOIS DEPARTMENT OF CORRECTIONS**

**ADMINISTRATIVE DIRECTIVE**

| Number | 03.02.215 |
|---|---|
| Page | 4 of 6 |
| Effective | 5/1/1998 |

| Section: | 03 | Personnel and Labor Relations |
|---|---|---|
| Subsection: | 02 | Personnel Standards |
| Subject: | 215 | Medical Restrictions on Personnel |

6. The Chief Administrator may limit the number of employees who may work on a restricted basis and shall determine, based on the operating needs of the facility, which employees may work with restrictions. However, once an employee has been approved to work with restrictions, the restricted status cannot be terminated to allow a different employee to go on restricted status.

7. A request to extend the time period for working with limited restrictions may only be submitted and considered when:

   a. A physician has stated in writing that the employee is still under restriction for a specified time and provides the expected date the employee will be able to return to work with no restrictions; and

   b. The total period of time the employee would be on restricted status would not exceed 90 days (that is, the initial restricted period plus any extended periods would not exceed 90 days).

8. This directive shall not give an employee the right to work with restrictions or to remain on leave of absence indefinitely.

9. Employee requests for reasonable accommodation due to a permanent disability shall be processed in accordance with Administrative Directive 03.02.225.

G. **Requirements**

   1. A written request for an employee to work or return to work with restrictions on a temporary basis may be initiated by the employee, facility, or the Central Office Manager of the Claims Section. The request shall be directed to the Chief Administrator and shall be identified as an initial or extended request. A copy of the physician's statement must be submitted with the request and shall include:

IDOC PERSONNEL

217 522 1513     P.09/16

| ILLINOIS DEPARTMENT OF CORRECTIONS | ADMINISTRATIVE DIRECTIVE | Number | 03.02.215 |
|---|---|---|---|
| | | Page | 5 of 6 |
| | | Effective | 5/1/1998 |

| Section: | 03 | Personnel and Labor Relations |
|---|---|---|
| Subsection: | 02 | Personnel Standards |
| Subject: | 215 | Medical Restrictions on Personnel |

      a.   Nature and extent of the restriction;

      b.   Length of time of the restriction or extended restriction (the total restriction period shall not exceed 90 days); and

      c.   Projected return to work date with no restrictions.

2.   The Chief Administrator shall review the request and may request additional information or require a physician, authorized by the Department, to examine the employee or to evaluate the request.

3.   After considering all the factors identified in paragraph II.F. of this directive, the Chief Administrator shall recommend approval or denial of the request. Recommendations shall be submitted in writing or by electronic mail to the Manager of the Claims Section.

4.   The Manager of the Claims Section shall:

      a.   Review the request and supporting documents to determine eligibility;

      b.   Consult with the appropriate Deputy Director, when necessary, to resolve any questionable issues;

      c.   Approve or deny the request; and

      d.   Notify the Chief Administrator of the final decision in writing or by electronic mail.

5.   The Chief Administrator shall ensure that by the end of the specified time frame for restricted status the employee has:

      a.   Returned to work with no restrictions;

      b.   Been approved for an extension of restricted status; or

HUG-25-2004  09:20      IDOC PERSONNEL                                    217 522 1513      P.16/16

| ILLINOIS DEPARTMENT OF CORRECTIONS | ADMINISTRATIVE DIRECTIVE | Number | 03.02.215 |
|---|---|---|---|
| | | Page | 6 of 6 |
| | | Effective | 5/1/1998 |

| Section: | 03 | Personnel and Labor Relations |
|---|---|---|
| Subsection: | 02 | Personnel Standards |
| Subject: | 215 | Medical Restrictions on Personnel |

c.    Been placed on a leave of absence or an extended sick leave until he or she is able to return to work with no restrictions. When placed on the leave of absence, ensure a copy of the written decision is attached to Personnel Action Form, DC-2, or Internal Personnel Action Request Form, DC-242, and submitted to the Central Personnel Office.

Authorized by:

**Odie Washington**
**Director**

Supersedes:
03.02.215              AD                    7/1/91