# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| SHAWNETTA T. GRAHAM, ) | |
| ) | |
| Plaintiff, ) | Case No. 07 C 7078 |
| v. ) | |
| ) | Hon. Samuel Der-Yeghiayan |
| STATE OF ILLINOIS, ) | |
| DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO DISMISS

NOW COMES the Defendants, the State of Illinois and the Illinois Department of Corrections ("IDOC") (herein after referred to as "Defendants") by and through its attorney, LISA MADIGAN, Illinois Attorney General and Assistant Attorney General, COLETTE A. WALSH, and, pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), respectfully request that this Court grant their Motion to Dismiss Plaintiff's Complaint. In support of this motion, Defendants state as follows:

### I. BACKGROUND

1. Plaintiff has been employed by IDOC since May 1994. Since July 2002, Plaintiff has been employed as a Library Associate at the Illinois Youth Center – Warrenville, a juvenile detention facility. On or about November 16, 2004, Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights (hereinafter referred to as "IDHR") and cross-filed this charge with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC").

2.      Plaintiff's IDHR charge alleges that her employer failed to provide an accommodation under the Americans with Disabilities Act ("ADA") for an alleged disability and based on her race, "mixed breed" African-Indian.

3.      On or about September 21, 2007, the EEOC issued a Notice of Right-To-Sue letter to Plaintiff.

4.      On or about December 17, 2007 Plaintiff, *pro se*, filed a complaint of employment discrimination.

## II.    DEFENDANT'S MOTION TO DISMISS

5.      Defendants move to dismiss Plaintiff's claims under 42 U.S.C. §1981, 42 U.S.C. §1985, 42 U.S.C. §1985 because the State of Illinois and IDOC are immune from suit under these statutes as well as not defined as being "persons" amenable to suit under said statutes.

6.      The State of Illinois moves to dismiss Plaintiff's Title VII and ADA claims against it as it is not Plaintiff's "employer" as defined under the ADA and Title VII and only employers may be liable for violations under these statutes.

7.       Title VII makes is unlawful for an employer "to discriminate against any individual with respect to . . . compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1)  IDOC, Plaintiff's employer, moves for dismissal of Plaintiff's Title VII claim against it because Plaintiff has failed to plead any facts that support a cause of action under any one of Title VII protected characteristics.

8. Defendant IDOC moves for dismissal of Plaintiff's failure to accommodate claim as two of the claims are precluded by the Illinois Workers' Compensation Act and Plaintiff pleads that her employer accommodated her work restrictions.

9. Because the Illinois Workers' Compensation Commission has exclusive jurisdiction over claims for workers' compensation any claim for compensation based upon alleged work related injuries must be dismissed.

10. To the extent that Plaintiff's complaint could be construed to include any Illinois State law claims, those claims are barred by the doctrine of sovereign immunity.

### III. CONCLUSION

**WHEREFORE**, Defendants respectfully request that Plaintiff's complaint be dismissed in its entirety and to grant any other relief it deems just and fair.

Respectfully submitted,

LISA MADIGAN
Illinois Attorney General

**STATE OF ILLINOIS and ILLINOIS DEPARTMENT OF CORRECTIONS,**

By: s/ Colette A. Walsh
COLETTE A. WALSH
Assistant Attorneys General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-4328