# CASE/CITATION AVAILABLE IN WESTLAW ONLY
# PERKINS V. BOARD OF TRUSTEES
# 1996 WL 308292

Westlaw.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1996 WL 308292 (N.D.Ill.)  
**(Cite as: Not Reported in F.Supp.)**

Page 1

HPerkins v. Board of Trustees of University of Illinois  
N.D.Ill.,1996.  
Only the Westlaw citation is currently available.  
United States District Court, N.D. Illinois, Eastern Division.  
Thomas E. PERKINS, Plaintiff,  
v.  
BOARD OF TRUSTEES OF the UNIVERSITY OF ILLINOIS, Defendant.  
No. 95 C 4320.

June 4, 1996.

MEMORANDUM AND ORDER

LINDBERG, District Judge.

**\*1** Count I of the First Amended Complaint filed by plaintiff, Thomas E. Perkins, alleges that defendant, the Board of Trustees of the University of Illinois, denied plaintiff promotion, subjected plaintiff to different terms and conditions of employment, and did not allow plaintiff to work because of his race, in violation of 42 U.S.C. § 1981. Defendant has moved to dismiss Count I pursuant to FRCP 12(b)(6). The motion to dismiss Count I will be granted.

Defendant is immune from federal damages liability under § 1981 by virtue of the Eleventh Amendment because defendant is a state agency. *Rucker v. Higher Educ. Aids Bd.,* 669 F.2d 1179, 1184 (7th Cir.1982). Under the Eleventh Amendment, a state "may claim immunity from suits brought in federal court." *Kroll v. Board of Trustees of the Univ. of Illinois,* 934 F.2d 904, 907 (7th Cir.1991); U.S. Const. amend. XI. State agencies are treated as states for purposes of Eleventh Amendment immunity. *Kroll, 934 F.2d at 907.* The Board of Trustees of the University of Illinois is an agent of the state of Illinois. Id. at 908. Furthermore, state agencies are "immune from federal damages liability by virtue of the Eleventh Amendment" for claims brought under § 1981. *Rucker, 669 F.2d at 1184.* Therefore, defendant, as a state agency, has sovereign immunity from suits brought under § 1981.

A state may claim sovereign immunity unless one of two exceptions applies. First, a state may waive immunity by its own unequivocal language. *Kroll, 934 F.2d at 907.* This exception does not apply here because defendant has used no language waiving its right to immunity. Plaintiff has not contested the inapplicability of this exception.

Second, "Congress may by unequivocal language use its enforcement powers under the fourteenth amendment to abrogate the states' eleventh amendment immunity." *Kroll, 934 F.2d at 907.* Plaintiff argues that this exception applies based on the amended language of § 1981. The language upon which plaintiff relies provides that "[t]he rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law." 42 U.S.C. § 1981(c) (1995). Plaintiff's argument that this language expresses Congress' intent to waive sovereign immunity for claims brought under § 1981 is incorrect.

The language of subsection (c) fails to demonstrate that Congress intended to waive sovereign immunity when it amended § 1981. The phrase "under color of State law" does not alter the conclusion that Eleventh Amendment immunity applies to § 1981 claims. *See Quern v. Jordan,* 440 U.S. 341 (1979); *Kroll, 934 F.2d at 909* (holding that Eleventh Amendment immunity applies in a § 1983 action where statute has an explicit "under color of state law" requirement). Subsection (c) also protects "against impairment by nongovernmental discrimination." *Kroll, 934 F.2d at 907.* Defendant here is a governmental agency. Thus, this language is inapplicable here. Because Congress has not expressed in unequivocal language intent to alter immunity in claims brought under § 1981, the second exception to Eleventh Amendment immunity does not apply.

**\*2** Since Count I of plaintiff's Amended Complaint alleges a claim under § 1981, defendant is a state agency, and state agencies are immune from suits brought in federal court under § 1981, Count I of plaintiff's amended complaint fails to state a claim upon which relief can be granted.

ORDERED: The motion by defendant the Board of

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
Not Reported in F.Supp., 1996 WL 308292 (N.D.Ill.)  
**(Cite as: Not Reported in F.Supp.)**

Page 2

Trustees of the University of Illinois to dismiss Count I is granted. Count I of plaintiff Thomas E. Perkins' First Amended Complaint is dismissed.

N.D.Ill.,1996.  
Perkins v. Board of Trustees of University of Illinois  
Not Reported in F.Supp., 1996 WL 308292 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.