<u>CASE/CITATION AVAILABLE ON WESTLAW ONLY</u>
BUTLER V. ILLINOIS DEPARTMENT OF TRANSPORATION
2008 WL 341353

**Westlaw**

--- F.Supp.2d ----                                                                                                          Page 1
--- F.Supp.2d ----, 2008 WL 341353 (N.D.Ill.)
**(Cite as: --- F.Supp.2d ----)**

Butler v. Illinois Dept. of Transp.
N.D.Ill.,2008.
Only the Westlaw citation is currently available.
United States District Court,N.D. Illinois,Eastern Division.
Dion Paul BUTLER, Plaintiff,
v.
ILLINOIS DEPARTMENT OF TRANSPORTATION, Defendant.
**No. 06 C 6207.**

Feb. 7, 2008.

**Background:** Terminated Illinois Department of Transportation (IDOT) employee sued IDOT seeing relief under Americans with Disabilities Act (ADA), Title VII, § 1983, alleging retaliatory discharge and tortious interference under Illinois law and under Rehabilitation Act. IDOT moved to dismiss for failure to state a claim.

**Holdings:** The District Court, Elaine E. Bucklo, held that:
(1) allegations in employee's Equal Employment Opportunity Commission (EEOC) charge were not reasonably related to his retaliation claims under ADA and Title VII in second and third counts of complaint;
(2) ADA retaliation claim in first count of complaint was reasonably related to discrimination claim;
(3) as government agency, IDOT was exempt from punitive damages for employment discrimination;
(4) IDOT was not a "person" for purposes of § 1983;
(5) doctrine of sovereign immunity barred retaliatory discharge and tortious interference claims under Illinois law; and
(6) Rehabilitation Act claim was time-barred.

Motion granted in part and denied in part.

**[1] Federal Civil Procedure 170A ⟿1829**

170A Federal Civil Procedure
    170AXI Dismissal
        170AXI(B) Involuntary Dismissal
            170AXI(B)5 Proceedings
                170Ak1827 Determination
                170Ak1829 k. Construction of Pleadings. Most Cited Cases

**Federal Civil Procedure 170A ⟿1835**

170A Federal Civil Procedure
    170AXI Dismissal
        170AXI(B) Involuntary Dismissal
            170AXI(B)5 Proceedings
                170Ak1827 Determination
                170Ak1835 k. Matters Deemed Admitted. Most Cited Cases
In assessing motion to dismiss for failure to state a claim, court must accept all well-pleaded facts in complaint as true and must view allegations in light most favorable to plaintiff. Fed.Rules Civ.Proc.Rule 12(b)(6), 28 U.S.C.A.

**[2] Civil Rights 78 ⟿1516**

78 Civil Rights
    78IV Remedies Under Federal Employment Discrimination Statutes
        78k1512 Exhaustion of Administrative Remedies Before Resort to Courts
            78k1516 k. Scope of Administrative Proceedings; Like or Related Claims. Most Cited Cases
Employee cannot bring claims under Title VII or the ADA that were not originally included in charges made to the Equal Employment Opportunity Commission (EEOC); claims that are like or reasonably related to EEOC charge, and can be reasonably expected to grow out of EEOC investigation of charges are exempt from this requirement. Americans with Disabilities Act of 1990, § 2 et seq., 42 U.S.C.A. § 12101 et seq.; Civil Rights Act of 1964, § 701 et seq., 42 U.S.C.A. § 2000e et seq.

**[3] Federal Civil Procedure 170A ⟿921**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(I) Motions in General
            170Ak921 k. In General. Most Cited Cases

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ---- Page 2
--- F.Supp.2d ----, 2008 WL 341353 (N.D.Ill.)
**(Cite as: --- F.Supp.2d ----)**

Undeveloped, perfunctory arguments not supported by relevant legal authority are waived.

**[4]** Civil Rights 78 🗝1516

78 Civil Rights
    78IV Remedies Under Federal Employment Discrimination Statutes
        78k1512 Exhaustion of Administrative Remedies Before Resort to Courts
            78k1516 k. Scope of Administrative Proceedings; Like or Related Claims. Most Cited Cases

States 360 🗝53

360 States
    360II Government and Officers
        360k53 k. Appointment or Employment and Tenure of Agents and Employees in General. Most Cited Cases

Allegations in state employee's Equal Employment Opportunity Commission (EEOC) charge were not reasonably related to his retaliation claims under ADA and Title VII, for administrative exhaustion purposes; charge was completely silent with respect to any "complaints" made by employee to management or anyone else and acknowledged that employee was already "suspended pending termination" when it was filed, meaning he could not have been terminated on basis of the subsequently filed charge. Americans with Disabilities Act of 1990, § 503(a), 42 U.S.C.A. § 12203(a); Civil Rights Act of 1964, § 704(a) 42 U.S.C.A. § 2000e-3(a).

**[5]** Civil Rights 78 🗝1516

78 Civil Rights
    78IV Remedies Under Federal Employment Discrimination Statutes
        78k1512 Exhaustion of Administrative Remedies Before Resort to Courts
            78k1516 k. Scope of Administrative Proceedings; Like or Related Claims. Most Cited Cases

States 360 🗝53

360 States
    360II Government and Officers
        360k53 k. Appointment or Employment and Tenure of Agents and Employees in General. Most Cited Cases

Illinois Department of Transportation (IDOT) employee's ADA retaliation claim was reasonably related to discrimination claim, for administrative exhaustion purposes, where it alleged that IDOT discharged employee "in retaliation for asserting his rights under the [ADA]" and thus that claim was not subject to dismissal for failure to exhaust administrative remedies; as alleged by employee in both complaint and charge, he was qualified individual who asserted his rights under the ADA by taking time off for legitimate medical reasons, and discrimination claims concerned the same conduct and individuals. Americans with Disabilities Act of 1990, § 503(b), 42 U.S.C.A. § 12203(b).

**[6]** Civil Rights 78 🗝1577

78 Civil Rights
    78IV Remedies Under Federal Employment Discrimination Statutes
        78k1569 Monetary Relief; Restitution
            78k1577 k. Persons Liable; Apportionment. Most Cited Cases

As government agency, Illinois Department of Transportation (IDOT) was statutorily exempt from punitive damages under employment discrimination statutes. 42 U.S.C.A. § 1981a(b)(1).

**[7]** Civil Rights 78 🗝1344

78 Civil Rights
    78III Federal Remedies in General
        78k1342 Liability of Municipalities and Other Governmental Bodies
            78k1344 k. States and Territories and Their Agencies and Instrumentalities, in General. Most Cited Cases

State or state agency is not a "person" for purposes of § 1983. 42 U.S.C.A. § 1983.

**[8]** Federal Courts 170B 🗝265

170B Federal Courts
    170BIV Citizenship, Residence or Character of Parties, Jurisdiction Dependent on
        170BIV(A) In General
            170Bk264 Suits Against States

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----       Page 3
--- F.Supp.2d ----, 2008 WL 341353 (N.D.Ill.)
**(Cite as: --- F.Supp.2d ----)**

170Bk265 k. Eleventh Amendment in General; Immunity. Most Cited Cases
Doctrine of "sovereign immunity" bars suits against a state by its own citizens. U.S.C.A. Const.Amend. 11.

**[9]** Federal Courts 170B ⚷269

170B Federal Courts
   170BIV Citizenship, Residence or Character of Parties, Jurisdiction Dependent on
      170BIV(A) In General
         170Bk268 What Are Suits Against States
           170Bk269 k. State Officers or Agencies, Actions Against. Most Cited Cases
State agencies or departments are considered "states" for purposes of sovereign immunity. U.S.C.A. Const.Amend. 11.

**[10]** Federal Courts 170B ⚷265

170B Federal Courts
   170BIV Citizenship, Residence or Character of Parties, Jurisdiction Dependent on
      170BIV(A) In General
         170Bk264 Suits Against States
           170Bk265 k. Eleventh Amendment in General; Immunity. Most Cited Cases

Federal Courts 170B ⚷267

170B Federal Courts
   170BIV Citizenship, Residence or Character of Parties, Jurisdiction Dependent on
      170BIV(A) In General
         170Bk266 Waiver of Immunity
           170Bk267 k. Consent to Suit. Most Cited Cases

States 360 ⚷191.4(1)

360 States
   360VI Actions
      360k191 Liability and Consent of State to Be Sued in General
         360k191.4 Necessity of Consent
           360k191.4(1) k. In General. Most Cited Cases
There are two exceptions to sovereign immunity: (1) when state unequivocally waives sovereign immunity and consents to suit, and (2) when Congress unequivocally abrogates state's immunity by invoking its enforcement powers under Fourteenth Amendment. U.S.C.A. Const.Amend. 14.

**[11]** Federal Courts 170B ⚷269

170B Federal Courts
   170BIV Citizenship, Residence or Character of Parties, Jurisdiction Dependent on
      170BIV(A) In General
         170Bk268 What Are Suits Against States
           170Bk269 k. State Officers or Agencies, Actions Against. Most Cited Cases
Doctrine of sovereign immunity barred Illinois Department of Transportation (IDOT) employee's state law claims against IDOT for retaliatory discharge and tortious interference. U.S.C.A. Const.Amend. 11.

**[12]** Federal Courts 170B ⚷265

170B Federal Courts
   170BIV Citizenship, Residence or Character of Parties, Jurisdiction Dependent on
      170BIV(A) In General
         170Bk264 Suits Against States
           170Bk265 k. Eleventh Amendment in General; Immunity. Most Cited Cases
Congress did not abrogate state sovereign immunity in Supplemental Jurisdiction Act. U.S.C.A. Const.Amend. 11; 28 U.S.C.A. § 1367.

**[13]** Action 13 ⚷3

13 Action
   13I Grounds and Conditions Precedent
      13k3 k. Statutory Rights of Action. Most Cited Cases

Health 198H ⚷196

198H Health
   198HI Regulation in General
      198HI(B) Professionals
         198Hk191 Regulation of Professional Conduct; Boards and Officers
           198Hk196 k. Records and Duty to Report; Confidentiality in General. Most Cited Cases

Health 198H ⚷257

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----  
--- F.Supp.2d ----, 2008 WL 341353 (N.D.Ill.)  
**(Cite as: --- F.Supp.2d ----)**

Page 4

198H Health
    198HI Regulation in General
        198HI(C) Institutions and Facilities
            198Hk257 k. Records and Duty to Report; Confidentiality in General. Most Cited Cases
Health Insurance Portability and Accountability Act (HIPAA) does not imply a private right of action. Social Security Act, § 1171, 42 U.S.C.A. § 1320d.

**[14] Federal Civil Procedure 170A ⚖═673**

170A Federal Civil Procedure
    170AVII Pleadings and Motions
        170AVII(B) Complaint
            170AVII(B)1 In General
                170Ak673 k. Claim for Relief in General. Most Cited Cases
If plaintiff pleads facts that show that his suit is time-barred or otherwise without merit, he has pled himself out of court.

**[15] Limitation of Actions 241 ⚖═95(1)**

241 Limitation of Actions
    241II Computation of Period of Limitation
        241II(F) Ignorance, Mistake, Trust, Fraud, and Concealment or Discovery of Cause of Action
            241k95 Ignorance of Cause of Action
                241k95(1) k. In General; What Constitutes Discovery. Most Cited Cases
Under the "discovery rule," limitation period starts to run when plaintiff knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused.

**[16] Limitation of Actions 241 ⚖═95(15)**

241 Limitation of Actions
    241II Computation of Period of Limitation
        241II(F) Ignorance, Mistake, Trust, Fraud, and Concealment or Discovery of Cause of Action
            241k95 Ignorance of Cause of Action
                241k95(15) k. Civil Rights. Most Cited Cases
Illinois Department of Transportation (IDOT) knew or reasonably should have known of employee's injury and that it was wrongfully caused as of date his employment was terminated, and two-year limitations period on employee's Rehabilitation Act claim started to run on that date. Rehabilitation Act of 1973, § 504, 29 U.S.C.A. § 794; S.H.A. 735 ILCS 5/13-202.

Amy Joan Thompson, Pretzel & Stouffer, Chtd., Chicago, IL, for Plaintiff.
Colette Alexandra Walsh, Illinois Attorney General, Maisha N. Shaw, Illinois Attorney General's Office, Chicago, IL, for Defendant.

*MEMORANDUM OPINION AND ORDER*

ELAINE E. BUCKLO, District Judge.
**\*1** Plaintiff Dion Paul Butler filed a first amended complaint ("the complaint") against defendant the Illinois Department of Transportation ("IDOT"). The defendant has moved to dismiss under FED. R. CIV. P. 12(b)(6). For the following reasons, the motion is granted in part and denied in part.

I.

The complaint alleges plaintiff was employed by IDOT as a "Night Highway Maintainer" from September 1999 until April 2004. During the course of his employment plaintiff was involved in four separate automobile accidents in which third-parties struck the vehicle occupied by plaintiff. Plaintiff was not found to be at fault in any of these accidents. The complaint generally alleges that following the accidents plaintiff was diagnosed with post-traumatic stress disorder ("PTSD") and filed an action pursuant to the Workman's Compensation Act. No dates are specified with respect to this action. The complaint does allege that on or about March 29, 2004, plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR"). He was terminated in April 2004. The complaint also alleges that after plaintiff was terminated, IDOT advised prospective employers that plaintiff would be unable to perform ordinary job functions due to his diagnosis with PTSD.

Plaintiff received a right to sue letter from the EEOC on or about September 8, 2006 and filed a *pro se* complaint in this court on November 9, 2006. On August 15, 2007, I appointed plaintiff's present counsel and on October 18, 2007, plaintiff filed the first amended complaint. In it, plaintiff seeks relief under the Americans with Disabilities Act ("ADA"),

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----  
--- F.Supp.2d ----, 2008 WL 341353 (N.D.Ill.)  
**(Cite as: --- F.Supp.2d ----)**

Page 5

42 U.S.C. § 12101 et seq. (count I); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (counts II-III); 42 U.S.C. § 1983 (count IV); retaliatory discharge under Illinois law (count V); tortious interference under Illinois law (count VI); and the Rehabilitation Act of 1973, 29 U.S.C. § 794 (count VII).

II.

[1] In assessing defendant's motion to dismiss under FED. R. CIV. P. 12(b)(6), I must accept all well-pleaded facts in the complaint as true. *McMillan v. Collection Prof'ls,* 455 F.3d 754, 758 (7th Cir.2006). I must view the allegations in the light most favorable to plaintiff. *Id.* However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. ----, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007); *E.E.O.C. v. Concentra Health Servs., Inc.,* 496 F.3d 773, 776-77 (7th Cir.2007).

III.

A. Counts I-III

[2] Defendant first moves to dismiss portions of counts I-III on the ground that no retaliation claims were originally included in plaintiff's *pro se* IDHR/EEOC charge. A plaintiff cannot bring claims under Title VII or the ADA that were not originally included in the charges made to the EEOC. *See, e.g., Sitar v. Indiana Dep't of Transp.,* 344 F.3d 720, 726 (7th Cir.2003). "[C]laims that are 'like or reasonably related' to the EEOC charge, and can be reasonably expected to grow out of an EEOC investigation of the charges" are exempt from this requirement. *Id.* (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.,* 538 F.2d 164, 167 (7th Cir.1976)).

*2 Plaintiff's March 29, 2004 IDHR/EEOC charge alleges that he was discriminated against based on his "mental handicap, post traumatic stress syndrome" and "race." (*See* Am. Comp. Ex. A.) The charge further alleges that on March 21, 2004 he "was suspended pending discharge" and "the reason cited for the suspension was unexcused absences."(*Id.*) However, according to plaintiff "every day [he] was off due to illness [he] provided [IDOT] with a doctor's statement." Plaintiff also alleged that he was "a handicapped individual;" IDOT "was aware of his condition;" and he was "performing [his] duties as a highway maintenance person in a satisfactory manner."(*Id.*)

[3][4] Plaintiff's allegations are not reasonably related to his retaliation claims in counts II-III to the extent these claims arise under 42 U.S.C. §§ 2000e-3 (a) (Title VII) & 12203(a)(ADA).[FN1] The charge does not contain allegations that plaintiff "opposed any practice" or made any "charge, testified, assisted or participated in manner in an investigation, proceeding, or hearing" under the meaning of the pertinent Title VII and the ADA retaliation provisions. 42 U.S.C. §§ 2000e-3(a) & 12203(a); *see also Twisdale v. Snow,* 325 F.3d 950, 952 (7th Cir.2003). The charge is completely silent with respect to any "complaints" made by plaintiff to management or anyone else. In contrast, count II of the complaint alleges that "[a]s a consequence of complaining about this disparate treatment, [p]laintiff was terminated from his position."(Compl. at ¶ 28.) Count III incorporates this allegation. *See Squibb v. Mem'l Med. Ctr.,* 497 F.3d 775, 786 (7th Cir.2007) (under 42 U.S.C. § 12203(a) an employer is prohibited "from retaliating against an employee who has raised an ADA claim"); *Rogers v. City of Chicago,* 320 F.3d 748, 753 (7th Cir.2003) (citations omitted) ("Under Title VII, unlawful retaliation occurs when an employer takes an adverse employment action against an employee for opposing impermissible discrimination."). Furthermore, the charge itself acknowledged that plaintiff was already "suspended pending termination" when he filed his charge, therefore he could not have been terminated based on the subsequently filed charge. *See McKenzie v. Illinois Dep't of Transp.,* 92 F.3d 473, 482-83 (7th Cir.1996) (a plaintiff is allowed to bring a retaliation claim that is not included in EEOC charge when the acts of retaliation occurred after the filing of the charge); *Eruteya v. City of Chicago,* No. 04 C 1482, 2005 WL 563213, at *4 (N.D.Ill. Mar. 9, 2005) (Coar, J.) (same). Therefore, the retaliation claims set forth in counts II-III are dismissed.

[5] In contrast, plaintiff's remaining retaliation claim under the ADA, as articulated in count I, is reasonably related to his discrimination claim to the extent it arises under 42 U.S.C. § 12203(b) ("It shall be unlawful to ... interfere with any individual in the exercise or enjoyment of ... any right granted or protected by [the ADA]"). *See Silk v. City of Chicago,*

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

194 F.3d 788, 799 (7th Cir.1999) (examining retaliation provisions of ADA). Count I alleges IDOT discharged plaintiff "in retaliation for asserting his rights under the [ADA]." (Compl. at ¶ 22.) When taken in the best light to the plaintiff, the allegations in the complaint state a claim for retaliation under 42 U.S.C. § 12203(b)."Time off may be an apt accommodation for intermittent conditions."Byrne v. Avon Prods., Inc., 328 F.3d 379, 381 (7th Cir.2003). As alleged by plaintiff in both the complaint and the charge, he is a qualified individual who asserted his rights under the ADA by taking time off for legitimate medical reasons. Moreover, the discrimination claims concern the same conduct and individuals and, thus, are reasonably related. Accordingly, the motion to dismiss the retaliation claim in count I on this ground is denied.

*3 [6] Defendant also moves to strike plaintiff's request for punitive damages in count I on the ground that, as a government agency, IDOT is statutorily exempt from punitive damages pursuant to 42 U.S.C. § 1981a(b)(1).See Blalock v. Illinois Dep't of Human Servs., 349 F.Supp.2d 1093, 1097 (N.D.Ill.2004). Plaintiff fails to respond to the motion to strike. Accordingly, plaintiff's request for punitive damages in count I is stricken. [FN2]

### B. Count IV

[7] Defendant moves to dismiss count IV on the ground that § 1983 imposes liability on "persons" acting under color of law, not a State or a State agency. Defendant is correct that a State or State agency is not a "person" for purposes of § 1983. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 64, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989); Titus v. Illinois Dep't of Transp., No. 04 C 7425, 2005 WL 670657, at *2 (N.D.Ill. Mar. 18, 2005) (Zagel, J.) (dismissing § 1983 claim against IDOT). Plaintiff fails to respond to this argument. Accordingly, count IV is dismissed.

### C. Count V-VI

[8][9][10] Defendant moves to dismiss counts V and VI for lack of subject matter jurisdiction in light of the doctrine of sovereign immunity. Plaintiff seeks relief against IDOT for retaliatory discharge under Illinois law in count V and for tortious interference under state law (and arguably the Healthcare Insurance Portability and Accountability Act ("HIPAA")) in count VI. The doctrine of sovereign immunity bars suits against a state by its own citizens. See Hans v. Louisiana, 134 U.S. 1, 15, 10 S.Ct. 504, 33 L.Ed. 842 (1890); Takle v. Univ. of Wisconsin Hosp. and Clinics Auth., 402 F.3d 768, 769 (7th Cir.2005) (citations omitted). State agencies or departments are considered "states" for purposes of sovereign immunity. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); Kroll v. Bd. of Trustees of Univ. of Illinois, 934 F.2d 904, 907 (7th Cir.1991) (citations omitted). There are two exceptions to sovereign immunity: (1) when a state unequivocally waives sovereign immunity and consents to suit, and (2) when Congress unequivocally abrogates the state's immunity by invoking its enforcement powers under the fourteenth amendment. See Wisconsin v. Ho-Chunk Nation, 512 F.3d 921, 936 (7th Cir.2008); Kroll, 934 F.2d at 907.

[11][12][13] In this case, plaintiff has not shown any of the exceptions to this doctrine apply. First, plaintiff argues I may exert supplemental jurisdiction over these claims in light of the remaining federal claims. This is incorrect, for the Supreme Court has held that Congress did not abrogate state sovereign immunity in the Supplemental Jurisdiction Act.Raygor v. Regents of Univ. of Minnesota, 534 U.S. 533, 541-42, 122 S.Ct. 999, 152 L.Ed.2d 27 (2002). Second, plaintiff's claim that it seeks to bring a claim under HIPAA fails because not only does the complaint specify that count VI brings a claim for tortious interference, but HIPAA does not imply a private right of action. See Acara v. Banks, 470 F.3d 569, 571 (5th Cir.2006); Cain v. Mitchell, No. 06-897-CV-W-FJG, 2007 WL 4287866, at *2 (W.D.Mo. Dec. 6, 2007); Buchanan v. Gay, 491 F.Supp.2d 483, 497 (D.Del.2007); Johnson v. Quander, 370 F.Supp.2d. 79, 99-100, (D.D.C.2005). Accordingly, counts V and VI are dismissed.

### D. Count VII

*4 [14] Finally, defendants move to dismiss count VII under the Rehabilitation Act as time-barred. If a plaintiff "pleads facts that show that his suit is time-barred or otherwise without merit, he has pled himself out of court."Tregenza v. Great Am. Comm. Co., 12 F.3d 717, 718 (7th Cir.1993). The complaint, filed on December 11, 2006, provides that plaintiff's

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.Supp.2d ----
--- F.Supp.2d ----, 2008 WL 341353 (N.D.Ill.)
**(Cite as: --- F.Supp.2d ----)**

Page 7

employment was terminated on April 20, 2004 and that he had already filed his IDHR/EEOC charge on March 29, 2004. This claim under Rehabilitation Act is governed by the Illinois two-year statute of limitations.

[15][16] Plaintiff does not dispute that his Rehabilitation Act claim is outside the two-year statute of limitations period, but argues for the application of the discovery rule. Under the discovery rule, the limitation period starts to run when the plaintiff "knows or reasonably should know of his injury and also knows or reasonably should know that it was wrongfully caused."*Parks v. Kownacki, 193 Ill.2d 164, 176, 249 Ill.Dec. 897, 737 N.E.2d 287, 294 (Ill.2000)* (quotation omitted). The complaint alleges that IDOT "in refusing to offer reasonable accommodations and in terminating [p]laintiff's employment, has denied him participation in a public benefit program."(Compl. at ¶ 51.) On the face of the complaint, plaintiff knew or reasonably should have known of his injury and that it was wrongfully caused as of April 20, 2004. This is made clear by the language of the complaint itself, for plaintiff filed his IDHR/EEOC charge alleging discrimination based on his suspension pending discharge in March 2004. Accordingly, count VII is time-barred and must be dismissed.

IV.

For the foregoing reasons, the motion to dismiss is granted in part and denied in part. Counts II-VII are dismissed; count I is dismissed in part and plaintiff's request for punitive damages in count I is stricken.

FN1. Plaintiff failed to raise the argument that Title II has no exhaustion requirement, instead arguing these claims are reasonably related. The law is not settled on this point. See *Staats v. County of Sawyer,* 220 F.3d 511, 518 (7th Cir.2000) (declining to reach the question of whether Title II has an exhaustion requirement)."[U]ndeveloped, perfunctory arguments not supported by relevant legal authority are waived."*Black & Decker, Inc. v. Robert Bosch Tool,* No. 04 C 7955, 2006 WL 3883937, at *2 (N.D.Ill. Dec. 27, 2006) (St.Eve, J.) (citing *SmithKline Beecham Corp. v. Apotex Corp.,* 439 F.3d 1312, 1320 (7th Cir.2006); *Kramer v. Banc of Am. Sec., LLC,* 355 F.3d 961, 964 n. 1 (7th Cir.2004)).

FN2. Defendant's motion to dismiss also contains an additional request concerning count I. As set forth, count I specifies it is a claim under Title II of the ADA. Defendant requests the complaint "be amended on its face to reflect the correct statute under which [p]laintiff brings his claim."(Def. Op. Br. at 9.) Defendant fails, however, to develop the argument or provide any legal citations for the proposition that plaintiff's claims are not cognizable under Title II. In fact, there is conflicting case law on this subject. See *Staats,* 220 F.3d at 518 (identifying circuit split); see also *Canfield v. Isaacs,* 523 F.Supp.2d 885, 890-91 (N.D.Ind.2007) (finding employment claims by public employees are not cognizable under Title II); *Winfrey v. City of Chicago,* 957 F.Supp. 1014, 1023 n. 7 (N.D.Ill.1997) (Manning, J.) (allowing employment discrimination claim by public employee to proceed under Title II); *Silk v. City of Chicago,* No. 95 C 0143, 1996 WL 312074, at *10 (N.D.Ill. June 7, 1996) (Coar, J.) (same). I need not decide this issue, however. First, plaintiff appears to abandon this argument in its reply brief. Second, while defendant's intentions are noble, it has no standing to move to have the court amend plaintiff's pleading. Nor can a complaint be amended on a motion to dismiss. Accordingly, defendant's request is procedurally improper.

N.D.Ill.,2008.
Butler v. Illinois Dept. of Transp.
--- F.Supp.2d ----, 2008 WL 341353 (N.D.Ill.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.