IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAWNETTA T. GRAHAM, ) | |
| ) | |
| Plaintiff, ) | Case No. 07 C 7078 |
| v. ) | |
| ) | Hon. Samuel Der-Yeghiayan |
| STATE OF ILLINOIS, ) | |
| DEPARTMENT OF ) | |
| CORRECTIONS, ) | |
| Defendants. ) | |

**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO DISMISS
AND RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION TO AMEND HER COMPLAINT**

NOW COME the Defendants, ILLINOIS DEPARTMENT OF CORRECTIONS ("IDOC") and the STATE OF ILLINOIS (collectively referred to as "Defendants") by and through their attorney, LISA MADIGAN, Illinois Attorney General and Assistant Attorney General, COLETTE A. WALSH, and for their memorandum in reply to Plaintiff's Response to Defendants' Motion to Dismiss and against Plaintiff's Motion to Amend her complaint, states as follows:

I.   **ARGUMENT**

A.   **Because the State of Illinois and the Illinois Department of Corrections are immune from suit under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 42 U.S.C. § 1985 this Court Lacks Subject Matter Jurisdiction over Plaintiff's claims.**

Although Plaintiff objects to the State of Illinois and IDOC's rights under the Eleventh Amendment, she has failed to refute (and simply cannot refute) the State's immunity from suits under 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 42 U.S.C. § 1985. The doctrine of sovereign immunity "limits the original subject matter jurisdiction of the federal courts." *Id.* (citing Gossmeyer v. McDonald, 128 F.3d 481 (7th Cir.1997)).

1

Plaintiff merely cites to the four exceptions of sovereign immunity, none of which apply in the instant matter. The Defendants in their opening memorandum have asserted sovereign immunity and although they were unexpectedly requested to waive their immunity and consent to be sued, this Court may be assured that Defendants have no intention of doing either in this matter. Because the Plaintiff has not met her burden under F.R.C.P. 12(b)(1), Plaintiff's allegations against the state and its agency under these statutes must be dismissed[1].

**B.      Defendants' are entitled to dismissal of Plaintiff's Title VII Claims**

Plaintiff is seemingly confused on Defendants' bases for the motion to dismiss her Title VII and ADA claims. Defendants have not and do not assert that this court lacks subject matter jurisdiction over those claims. But rather Defendants move for dismissal of Plaintiff's Title VII and ADA claims pursuant to 12(b)(6) because "it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99 (1957).

> 1.    *The State of Illinois is entitled to dismissal because it is not Plaintiff's employer and Plaintiff fails to plead allegations of wrongdoing against the State*

Defendant, State of Illinois should be dismissed from Plaintiff's Title VII and ADA claims because it is not Plaintiff's "employer" as defined under both statutes. 42 U.S.C. § 2000e2(a)(1); 42 U.S.C. § 2000e(b); *See also* Cheng v. Benson, 358 F.Supp.2d 696, 699 (N.D. Ill. 2005) (*citing* Williams v. Banning, 72 F.3d 552, 553 (7th Cir. 1995)).

---

[1] In her Motion to Amend her complaint, Plaintiff seeks to sue current and former IDOC employees in their official capacity for alleged violations of 42 U.S.C. § 1981, 42 U.S.C. § 1983, and 42 U.S.C. § 1985 on the basis of a "continuing violation theory." On this basis, Plaintiff claims that all of her claims predicated upon these statutes are timely and therefore cannot be dismissed. However innovative Plaintiff's new theory might be, as fully explored below, it has no effect on IDOC and the State's sovereign immunity as the pleading currently stands.

The Seventh Circuit has analyzed the issue of who is the "employer" when a State is named as a defendant in an employment discrimination case and determined that the employer is generally the particular state or local agency. *See generally* Salvato v. Illinois Dept. Of Human Rights, 155 F.3d 922 (7th Cir. 1998); Hearne v. Board of Educ. Of City of Chicago, 185 F.3d 770, 777 (7th Cir. 1999); Holman v. Indiana, 211 F.3d 399 (7th Cir. 2000). In Hearne, the Seventh Circuit held, "In suits against state entities, the term 'employer' is understood to mean the particular agency or part of the state apparatus that has actual hiring and firing responsibility." 185 F.3d at 777. The Hearne court dismissed the Governor's office, the State of Illinois, and the Illinois Labor Relations Board from the suit, holding that the defendants were not the plaintiffs' "employer" under Title VII because they did not possess actual hiring and firing responsibility. Id.

In addition of failing to address Defendants' argument that the State of Illinois is not her employer, Plaintiff has not included a single fact of any alleged wrongdoing on the part of the State of Illinois. Merely including a Defendant in the caption of the complaint is not sufficient to state a claim against them. *See* Collins v. Kibort, 143 F.3d 331, 334 (7th Cir.1998).

Plaintiff has not rebutted any of the case law presented by Defendant, State of Illinois, and the State is entitled to be dismissed as a Defendant to Plaintiff's Title VII and ADA claims because it is not her employer.

    2.    *Plaintiff had failed to plead any recognizable violation of Title VII*

Even if this court deems it possible that the State of Illinois is potentially Plaintiff's employer, Plaintiff's Title VII claims against the State and IDOC fail because Plaintiff fails to state a claim under which relief may be granted. Plaintiff claims that she

attached the exhibits "in order for the court to give a fair determination to an on going violation in a work setting." (Plaintiff's Response P[2]. 13)

Under Title VII (and the ADA), a claimant must file a charge with the EEOC within 300 days of the occurrence of the alleged discriminatory action serving as the basis of the charge. 42 U.S.C. §2000e-5(e); Koelsch v. Beltone Electronics Corp., 46 F.3d 705, 707 (7th Cir. 1995); Burmistrz v. City of Chicago, 186 F.Supp.2d 863, 871 (N.D. Ill. 2002). The failure to file a charge within 300 days renders the charge untimely and the claimant is precluded from filing the claim in court. Burmistrz, 186 F.Supp.2d at 871. Therefore, Plaintiff is precluded from asserting any acts of alleged discrimination which may have occurred prior to January 21, 2004, which is 300 days prior to filing a charge of discrimination.

Moreover, it is well-established that a plaintiff cannot bring claims under Title VII (or the ADA) that were not included in his charge of discrimination. Sitar v. Indiana Dept of Transportation, 344 F.3d 720, 726 (7th Cir. 2003); Cheek v. Western & Southern Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994). "[T]he scope of the subsequent judicial proceedings is limited by the nature of the charges filed with the EEOC." Rush v. McDonald's Corp., 966 F. 2d 1104, 1110 (7th Cir. 1992). The rationale for this rule recognizes the "principle of primary jurisdiction" of the EEOC and "affords the [EEOC] and the employer an opportunity to attempt conciliation without resort to the courts." Id.

In pleading her claims, the Federal Rules of Civil Procedure require Plaintiff to provide a "short and plain statement of the claim" showing [she] "is entitled to relief." Fed.R.Civ.Pro. 8(a)(2). To survive a Rule 12(b)(6) motion, the complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to

---

[2] Herein after referred to as "Response."

4

relief." Fed.R.Civ.Pro. 8(a)(2). The Supreme Court has interpreted this language to require that: (1) the complaint describes the claim in sufficient detail to give the defendant notice of what the claim is and the grounds therefore; and (2) the allegations plausibly suggest the plaintiff has a right to relief above a speculative level. EEOC v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir.2007), *citing* Bell Atl. Corp. v. Twombly, 550 U.S. ---, 127 S. Ct. 1955, 1964, 167 L.Ed. 2d 929 (2007). In order to withstand a motion to dismiss, a complaint must allege facts that set forth the essential elements of the cause of action. Doherty v. City of Chicago, 75 F.3d 318, 326 (7th Cir.1996). The claim must be supported with enough facts, taken as true, that plausibly suggest that the plaintiff is entitled to relief. *See* Bell Atlantic 127 S. Ct. 1955 at 1965. Plaintiff does not need to plead detailed factual allegations, but his "obligation to provide the 'grounds' of her 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1964-65. Plaintiff liberally tosses out statements of having "equal justice under the law," "due process of law," "a federal question," "violation of the Civil Rights Act of 1964," and even states that the manner in which Defendants' drafted their Motion to Dismiss Plaintiff's complaint is "unconstitutional." (Response P.[3] 12)  However, Plaintiff's Complaint utterly fails to address which discriminatory factor she seeks to bring her claim under, other than her disability.

As addressed in Defendants opening memorandum, Plaintiff apparently seeks to redress alleged discrimination under the ADA and sets forth no basis on which to support a claim under Title VII.  (Defs. Memo P. 7)  Plaintiff even sets forth the specific documents that she believes support her allegations of a violation of the Title VII of the

---

[3] Herein after referred to as "Response."

Civil Rights Act of 1964 (Response Exhibits P. 54-55). However, Plaintiff's documents fail to set forth a protected category under Title VII and rather reiterates Plaintiff's ADA claim of failure to accommodate her alleged disability. Title VII makes it unlawful for an employer to discriminate against an employee because of a protected category such as religion, national origin, gender or race. 42 U.S.C. § 2000e-2(a)(1) is not a "catch all" statute for a Plaintiff to redress general unfairness or hostility in the workplace nor does it make difference of treatment between employees illegal. Defendants have reviewed the complaint, response, motion and exhibits and have found no such allegations.[4]

Because Plaintiff has failed to alleged any facts to support her claim that she was discriminated against because of a protected category, her Title VII claim must be dismissed against IDOC and the State.

### C. Plaintiff's Claim under the ADA fails and can only be construed as a scheme to circumvent the exclusive jurisdiction of the Illinois Workers Compensation Commission

Plaintiff did not respond to Defendants' assertion that Plaintiff could not establish that "working" was the major life activity affected by Plaintiff's impairment. Rather, Plaintiff clarified that she believes that standing and walking were the major life activities affected by her impairment of "Chrondromalacia." According to Plaintiff's response, her condition did not exist until July 1, 2004. (Response P. 10) Moreover, Plaintiff admits that she was cleared to work without any restrictions on November 18, 2004. Plaintiff states that even though she no longer has any work restrictions, her condition is permanent and she cannot stand or walk for excessive hours. (Id.) Plaintiff's complaint is

---

[4] It should be noted that Plaintiff did include a charge of race discrimination in her initial EEOC/IDHR complaint. However, the IDHR documents that Plaintiff included to "support" her allegations state that Plaintiff relinquished this claim during the proceedings. (Exhibit B P. 5) Indeed, there are no allegations of discrimination based on Plaintiff's race found elsewhere in the 150 plus pages Plaintiff filed with this Court.

6

that she was "denied the opportunity to work due to [her] physical limitations which are permanent." (Id. at 11)

Even though Plaintiff's contrary statements are perplexing, it is clear from all the records that Plaintiff provided that on August 23, 2004, Plaintiff returned to work with restrictions that limited her to standing and walking for no longer than five minutes. (Exhibit M) According to all of Plaintiff's documents in Exhibit Q, her employer believed that these restrictions could cause a "hardship" in the employment setting. Indeed, common sense dictates that the inability of an employee who works closely with female juvenile offenders to stand or walk for more than five minutes may pose a safety hazard to fellow employees as well as inmates. In accordance with the Illinois Department of Corrections Administrative Directive 03.02.215 an employee must have approval to work no more than 90 days with restrictions. (Exhibit P) As explained in Exhibit P, employees who seek accommodations due to a permanent disability must bring their request for an accommodation in accordance with another administrative directive. Although Plaintiff clearly disagrees with her employer's decision not to allow her to work with such severe restrictions, nothing in complaint indicates that at the time this decision was made, were Plaintiff's injuries considered to be a permanent disability as defined under the ADA. Quite to the contrary, Plaintiff's August 26, 2004, MRI results indicated that Plaintiff suffered a sprain. (Exhibit M)

Nevertheless, Plaintiff was allowed to return to work on August 25, 2004, and Plaintiff provided to her employer several documents that were consistent with IDOC's policy regarding working with restrictions. Plaintiff provided a physician's statement that imposed lesser restrictions, namely, that Plaintiff could stand and walk for an hour,

7

and she was allowed to return to work with those restrictions. Indeed, Plaintiff's exhibits clearly establish that her restrictions lasted no longer than 90 days, and in November 2004 she was cleared to return to work without any restrictions. (Exhibit T) A "court is not bound to accept the pleader's allegations as to the effect of the exhibit, but can independently examine the document and form its own conclusions as to the proper construction and meaning to be given the material." Centers v. Centennial Mortgage, Inc., 398 F.3d 930, 933 (7th Cir.2005), *quoting* Rosenblum v. Travelbyus.com Ltd., 299 F.3d 657, 661 (7th Cir.2002).

Plaintiff now is apparently seeking money damages as compensation for "everlasting" injuries because her "on the job" injuries were caused by IDOC's actions of giving her assignments outside her job description. Obtaining a monetary recovery for an "on the job" injury is a workers' compensation claim and not a remedy under the Americans with Disabilities Act.

It is clear from all of Plaintiff's pleadings that her real complaint is that she was not paid for her time off work due to her restrictions and that she was not granted a "work related" *paid* leave of absence to obtain medical treatment for an "on the job" injury. (Plaintiff's Complaint 13-15**:** Response P. 12-13) She also argues that her employer will not offer a settlement in the workers' compensation claim that she brought against IDOC as posed in the form of a hypothetical question to this Court asking why her workers' compensation claim not settled. (Response P. 13)

She may not have liked having to take unpaid time off when she believed that her injury would be compensable under the Workers' Compensation Act, but the determination whether an "on the job injury" is compensable is not a determination for

8

this Court. As outlined in Defendants' opening memorandum, that determination can only be made at the Illinois Workers' Compensation Commission. (820 Ill. Comp. Stat. 305/5(a) (West 2004)). "When an employer is covered by the Act, neither the employee, a dependent or a legal representative of the employee, nor anyone otherwise entitled to recover damages for an injury may recover damages outside the Act." Schwartz v. Graebel Van Lines, Inc., No. 05 C 4682, 2006 WL 1343533 at *3 (N.D.Ill. May 15, 2006) *citing* Hunter v. Southworth Products Corp., 775 N.E.2d 238, 241 (Ill.App.Ct.2002).

For the reasons stated above, Plaintiff's claim under the ADA for a failure to accommodate must be dismissed.

**D.     This Court Lacks Subject Matter Jurisdiction over Any Purported State Law Claims**

Because Plaintiff used terms such as "negligence," in an abundance of caution Defendants assert their immunity from suit in this Court for any alleged violation of Illinois State law based in tort that could be construed against Defendants. Plaintiff did not contest Defendants' assertion of immunity, but rather stated that if she is allowed to amend her complaint, then this court will have jurisdiction[5]. However, even with an amendment to her complaint which may or may not clarify the issue of whether or not Plaintiff intends to bring state law claims against the Defendants, the Defendants are still entitled to immunity against any state law claims. The State Lawsuit Immunity Act provides that the State "shall not be made a defendant or party in any Court" except as provided in the Court of Claims Act and the Illinois Public Labor Relations Act. 745 ILCS 5/1 (2006). The Court of Claims Act gives the Court of Claims *exclusive*

---

[5] Again, Plaintiff posed a hypothetical question to this Court stating, "[w]ithin this motion to amended there are new federal questions?"

*jurisdiction* over all tort claims against the *State*. 705 ILCS 505/8(d) (West 2004) (emphasis added). When sovereign immunity applies, the circuit court lacks subject-matter jurisdiction over the action. Smith v. Jones, 113 Ill.2d 126, 130 (1986).

Therefore, Defendants, the State of Illinois and IDOC have positively asserted their immunity from suit and cannot be deemed to have waived it. As such, any part of Plaintiff's Complaint that could be construed as alleging a state law claim against the Defendants, must be dismissed.

**E.      Plaintiff's Motion to Amend her Complaint should be denied**

Federal Rule of Civil Procedure 15(a) provides that leave to amend a complaint is to be "freely given when justice so requires." However, leave to amend should be denied if the amendment would be futile. Villa v. City of Chicago, 924 F.2d 629, 632 (7th Cir.1991) *citing* Foman v. Davis, 371 U.S. 178, 183, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In an attempt to circumvent the State and IDOC's sovereign immunity, it appears from Plaintiff's motion that she intends to amend her complaint to sue certain state officials in their official capacity under Ex Parte Young. Plaintiff makes no attempt in her motion to address any other deficiencies identified in Defendants' Motion to Dismiss.

Although Defendants moved this court for dismissal on alternative grounds, it could have sought dismissal under Federal Rule of Civil Procedure 10(b) as well. Fed. R. Civ. P. 10(b) states, "All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; and a paragraph may be referred to by number in all succeeding pleadings. Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or

10

defense whenever a separation facilitates the clear presentation of the matters set forth. Plaintiff failed to draft a pleading that complied with Fed. R. Civ. P. 10(b). This alone may be grounds for dismissal. *See* Frederiksen v. City of Lockport, 384 F.3d 437, 439 (7th Cir.2004). Because Plaintiff failed to attach a proposed amended complaint to her motion to amend, Defendant can only speculate that it again appears that Plaintiff will again submit a pleading that is again deficient under Fed. R. Civ. P. 10(b).

Additionally Defendants moved for dismissal of Plaintiff complaint because she failed to provide sufficient notice to defendants Under Fed.R.Civ.P. 8(a)(2) a complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the ... claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. ----, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (*quoting* Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)) (alteration in Bell Atlantic ). Plaintiff's allegations must raise the possibility of relief above a "speculative level." If a Plaintiff fails to meet both hurdles, then she pleads herself out of court. Bell Atlantic, 127 S.Ct. at 1965, 1973 n. 14. It is impossible for the Court to evaluate whether the proposed amended complaint complies with Fed. R. Civ. P 8(a)(2) and 10(b) or states a claim without having a draft of the complaint presented to the Court.

All that can be gleaned from Plaintiff's motion to amend her complaint is that she seeks to sue former IDOC employee, Cynthia Miller, IDOC Warden Jeffery Barger; IDOC Assistant Warden Margarita Mendoza, and Dr. Wendy Navarro all in their official capacities, apparently under 42 U.S.C. § 1983 and pursuant to Ex Parte Young. Plaintiff provides this court with a plethora of documents to "support" her claim all of which date back several years. Plaintiff claims that these documents establish an "ongoing" or

"continuing" violation of her rights.   In order to prove an ongoing violation, however, Plaintiff must show that acts outside the limitations period are "related closely enough to constitute a continuing violation." Doe v. R.R. Donnelley & Sons Co., 42 F.3d 439, 446 (7th Cir.1994).  Plaintiff cannot do so here.

One of the purposes of a "continuing violation theory is to permit the inclusion of acts whose character as discriminatory acts [were] not apparent at the time they occurred." R.R. Donnelley, 42 F.3d at 446; *see also* Threatt v. Jackson, No. 06-CV-3944, 2007 WL 723584, at *2 (N.D.Ill. Mar.7, 2007) (holding that plaintiff could not toll the filing deadline under the continuing violation doctrine when plaintiff knew of violations before the applicable time limitation had run). Rather than bolstering her complaint that the actions of IDOC constitute a continuing violation, Plaintiff's documentation which references alleged discrete acts that "violate" Plaintiff's rights.  Some of the acts Plaintiff alleges date as far back as 2002, five years prior to the filing of her complaint.  Plaintiff's statute of limitations began to run upon "injury" and cannot be tolled by subsequent injuries. Ledbetter v. Goodyear Tire & Rubber Co., 550 U.S. ---, 127 S.Ct. 2162, 2169, 2175-76, 167 L. Ed. 2d 982 (2007); Heard v. Sheahan, 253 F.3d 316, 318-19 (7th Cir.2001); Pollis v. New School for Social Research, 132 F.3d 115, 119 (2d Cir.1997). Plaintiff cannot maintain a theory of continuing violation and therefore should not be allowed to amend her complaint to include this theory.

Additionally, Plaintiff fails to state what type of prospective or injunctive relief she is seeking from these individuals.  State officials who have no such role, or too remote a role (such as a Governor, who in a general sense is responsible for "enforcement" of all state law), are not proper defendants. *See* Weinstein v. Edgar, 826

F.Supp. 1165 (N.D. Ill. 1993); David B. v. McDonald, 156 F.3d 780, 783 (7th Cir. 1998) ("to take advantage of Young the plaintiffs must sue the particular public official whose acts violate federal law."). If the official is outside the orbit of Ex parte Young, suit against him is tantamount to suing the State of Illinois, which is forbidden under the Eleventh Amendment. Bruggeman v. Blagojevich, 324 F.3d 906, 912 (7th Cir. 2003); Sonnleitner v. York, 304 F.3d 704, 717 (7th Cir. 2002); Licari v. City of Chicago, 262 F.3d 646, 648 (7th Cir. 2001). Put yet another way, those individuals who are no longer employed with IDOC cannot provide Plaintiff with any prospective relief because they have no authority to do so on behalf of the State.

Equally important, to seek redress through Section 1983, a plaintiff must assert the violation of a federal right, not merely a violation of federal law. Gonzaga University v. League, 536 U.S. 273, 282 (2002). Section 1983 is not a source of rights; it is a mechanism for enforcing individual rights found elsewhere (i.e., the Constitution and federal laws). "One cannot go into court and claim a violation of §1983 – for §1983 by itself does not protect anyone against anything." Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 617 (1979). *See also* Albright v. Oliver, 510 U.S. 266, 271 (1994); Gonzaga at 285 (2002). For example, the Seventh Circuit has held that section 1983 does not provide a remedy for rights created under Title VII. Schroeder v. Hamilton, 282 F.3d 946, 951 (7th Cir. 2002); Trautvelter v. Quick, 916 F.2d 1140, 1149 n.4 (7th Cir. 1990); Gray v. Lacke, 885 F.2d 399, 414 (7th Cir. 1989).

The Plaintiff has failed to address this threshold issue. There is no general federal right to "equal treatment" in the workforce. The federal rights to equality in the workforce are only found based upon protected categories set forth by respective statutes:

13

namely race, national origin, sex, age or disability. (42 U.S.C. §§ 2000e: 42 U.S.C. § 12101: 42 U.S.C. §§ 621-634)  Moreover, it is not the role of federal courts to serve as a second-guessing "super-personnel department" to deal with employment disputes in which disappointed employees can challenge their employer's decisions that do not involve the violation of the specific statutes. *See* Blise v. Antaramian, 409 F. 3d 861, 867 (7th Cir. 2004); Ptasznik v. St. Joseph Hosp., 464 F.3d 691, 697 (7th Cir.2006).

Plaintiff also seeks to include IDOC, Illinois Youth Center Facility at Warrenville and the State of Illinois as defendants in her amended complaint.  It is unclear which claims Plaintiff seeks to assert against these Defendants.  However, if the claims against Defendants are identical to those alleged in Plaintiff's original complaint, these also would be subject to dismissal, and Plaintiff's efforts to amend the Complaint to add these Defendants would be futile.

## II.     CONCLUSION

For the reasons stated above, Defendants are entitled to dismissal of Plaintiff's Complaint, and Plaintiff should be prohibited from filing an amended complaint.

Respectfully submitted,

LISA MADIGAN
Illinois Attorney General

**STATE OF ILLINOIS and
ILLINOIS DEPARTMENT OF
CORRECTIONS,**

By:     s/ Colette A. Walsh
COLETTE A. WALSH
Assistant Attorneys General
100 West Randolph Street, 13th Floor
Chicago, Illinois 60601
(312) 814-4328