FILED

JUL 14 2008
JUL 14, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| Shawnetta T. Graham | ) |
|     Plaintiff, Pro Se | ) |
|   -VS- | ) |
| | )   **United States District Court** |
| State of Illinois and the Illinois Department | )   **Northern District of Illinois** |
| Of Corrections, | ) |
|     Defendants | )   **Honorable Judge** |
| | )   **Der Yeghiayan** |
| | ) |
| | )   Civil Action #: <u>07 C 7078</u> |
| | ) |
| | ) |
| | ) |
| | ) |

---

### Motion to request to exceed page limitation for legal memorandum
### Or Sur-Reply Brief

### Excluding the Appendix

Now, here comes the plaintiff with her motion to request the court to allow her to exceed the 15 page limitation for the objection to the Assistant Attorney General Colette Walsh and to further my support of a filed motion to amend my complaint.

On <u>May 15, 2008</u> Graham was allowed additional time to answer Assistant Attorney Colette Walsh. The additional time was order to or order close to <u>July 24, 2008</u> to allow Graham to answer Assistant Attorney General Colette supporting legal memorandum or re-reply brief to dismiss Graham's complaint. Also, it was order that Graham have close to or it was order Graham have to <u>July 24, 2008</u> to submit a legal memorandum or sur-reply brief to further support her motion which request to allow her to amend her complaint. So, Graham has two subjects which need to be address. Graham would like to answer these subjects in one legal memorandum or one sur-reply brief.

<u>Authority:</u>

<u>Local Rule 7.1</u>: Briefs: Page Limit: neither a brief in support of or in opposition to any motion nor objections to a report and recommendation or order of a magistrate judge or special master shall exceed 15 pages without prior approval of the court...

<u>Judicial Home Pages</u>: Memorandum of Law
The parties should comply with the 15 page limitation on all memorandums as provided for in <u>Local Rule 7.1.</u> Any Motion to extend the 15 pages limit shall contain specific reasons for requesting such an exception. ...Motion of extension of

time will not be granted except on a showing of good cause. The circumstances warranting an extension shall be set forth in specific detail by written motion.

Graham does not want her legal memorandum or sur-reply brief to be struck by the court because she needs to exceed the require page limitation in order to allow Graham the ability to answer to subjects like:

> (1) Objections to defendant attorney further support to dismiss Graham Complaint

> (2) Further to support Graham motion to amend her complaint

With this said Graham is requesting a 30 page limitation for the objections and further support to answer the above subject or maximum page allowed. Graham request to exceed the 15 pages and to allow a 30 page limitation excludes the appendix which will be attached to the legal memorandum or sur-reply brief.

Graham needs to answer the argument like: Plaintiff had failed to plead any recognizable violation of Title VII, a violation of Fed. R. Civil Pro. 8(a) 2, the State of Illinois is not the Plaintiff employer ...A scheme to circumvent the exclusive jurisdiction of the Illinois Workers Compensation Commission.

These are a few things Graham needs to address. Graham does not have a staff like the State of Illinois Assistant Attorney General Office.

<u>Prayer</u>

Graham will like the court to allow this motion to exceed the 15 page limitation in order to allow Graham to answer Assistant Attorney General Colette Walsh supporting legal memorandum which she filed on <u>May 01, 2008</u>.

7/5/08

Shawnetta T. Garham ( Graham )
1101 Assell Ave
Aurora, Illinois 60505
(630)-709-7165