

RECEIVED

AUG 15 2008
Judge Samuel Der-Yeghiayan
U.S. District Court

FILED

AUG 18 2008
Judge Samuel Der-Yeghiayan
U.S. District Court

Shawnetta T. Graham                              )

       Plaintiff, Pro Se                     )
-VS-                                             )
                                                 )    United States District Court
State of Illinois and the Illinois Department    )    Northern District of Illinois
Of Corrections,                                  )
       Defendants                            )
                                                 )        Honorable Judge
                                                 )        Der Yeghiayan
                                                 )
                                                 )    Civil Action #: <u>07 C 7078</u>
                                                 )
                                                 )
                                                 )
                                                 )

# Table of Contents and Table of Cases
# For Graham's Sur-Reply
# &
## Certificate of Services and Notice of Filing
# &
# Affidavit

### Table of Contents of Graham's Sur-Reply

**Objections to Assistant Attorney General Argument to further support her motion for dismiss**

#### Objection 1/sur-reply

Walsh's argument for immune to suit.............................................page 1

Graham's sur-reply.................................................................page 1-2


#### Objection 2/sur-reply

Walsh's argument that defendants' are entitle to dismissal.................page 2

Graham's sur-reply.................................................................page 2-3

#### Objection 3/sur-reply

Walsh's argument that the State of Illinois is not Plaintiff employer.......page 3

Graham's sur-reply.................................................................page 3 to 7


#### Objection 4/sur-reply

Walsh's argument that Plaintiff has failed to plead day recognizable violation under Title VII.............................................................................Page 7


Graham's sur-reply.................................................................page 7 to 11

#### Objection 5/sur-reply

Walsh arguments that claim under ADA fails....scheme to circumvent exclusive jurisdiction...........................................................................page 11

Graham's sur-reply.................................................................page 11 to 15

#### Objection 6/sur-reply

## Table of Contents of Graham's Sur-Reply

**Objections to Assistant Attorney General Argument to further support her motion for dismiss**

Walsh's comments in the body of her reply on page 7th and 8th..................page 15

Graham's sur-reply...................................................................page 15to 17

### Objection 7/sur-reply

Walsh argument that court lacks subject matter jurisdiction over..............page 17

Graham's sur-reply...................................................................page 18-19

### Objection 8/sur-reply

Walsh argument that plaintiff's Motion to amend her complaint should be denied......................................................................................page 19

Graham's sur-reply...................................................................page 19 to 26

### Objection 9/sur-reply

Further support to amend Graham's Complaint/Graham reply........page 27 to 30

### Conclusion

**Graham's Reply and Plead
Page 30**

# TABLE OF CASES OF
# STATUES USED/SUPPLEMENT USED
# IN SUR-REPLY

### CONSTITUTIONAL LAW
**Eleventh Amendment**

### Federal Law/Federal Supplement

United States Code Annotated
USCA Amendment XI
USCA 42<1981a> Chapter 21
USCA 28 Rule 11 and Rule 12
USCA 42<2000e>
USCA 42 <12112> Chapter 126
USCA 42 <12111>

U.S. Court Reporter 52. Law ED U.S.

### Federal Civil Rules Handbook <2008>
Rule 12 Remedy and Amendments
Rule 10(a) Caption, names of parties

### Federal
### Civil Liability Law & Civil Statues

Title VII of the Civil Rights Act of 1994
Civil Rights Act of 1991
The American with Disabilities Act of 1990

### Federal Cases Cited
Eugene McAdory and Kenneth Briley-VS- Rod R. Blagojevich &
Roger Walker Jr. (No. 05 C4196 & 05 No C 2024)
2006 U.S. Dist. Lexis 34076

Jeffery Hutchinson-v-Rod R. Blagojevich and Roger Walker Jr.
(No o4 C2947) (2006 U.S. Dist. Lexis 36071)

Mark Pierson-VS-Rod R. Blagojevich and Roger Walker Jr.
(No 04 C 939) (2005 U.S. Dist. Lexis 9)

Federal Cases Cited
Diane Ford-VS- Rod R. Blagojevich
(No 03-3089)
260 F. Supp. 2d 700: 2003 U.S. Dist. Lexis 7776

Mark Trevathan-VS-Roger E. Walker Jr & Eugene Mcadory
(No. 06-CV-4044-JPG)

Norman Bankston, Herman Davila, John E. George, Jr. and Rolando
Hermandez-VS- State of Illinois, Central Management Services,
Stephen G. Schnorf
(No. 93 C 39)

Mason Williams (N-73834)-VS-School District # 428
(No 98 C 1448) & (1998 U.S. Dist. Lexis 21770)

Dana Malone-VS-Illinois Department of Corrections
(No 02-C-8126) & (2003 U.S. Dist. Lexis 16566. )14 Am.
Disabilities Cas. (BNA) 1491

Kenvin Downey & Janice Tuxhorn Charles Shonkwiler
(No. 05-3001)  & (2007 U.s. Dist. Lexis 73505)

Indira Adusumilli-VS-Loyola University of Chicago
(No 97 C 8188) & 1999 U.S. Dist. Lexis 17229

Federal Civil Judicial Procedure and Rules <2007>
Federal Civil Rules Handbook
Rule 8 & Rule 10a

Lexis Nexis Case Cited

Marlin  Unzicker-VS-Kraft Food Ingredient Corporation
203 Ill. 2d 64 N.E. 2d 1024: 2002 Ill lexis 957: Dec 724
Docket No. 92838

### Case Cited for the Illinois Human Rights Commission

**Janet S. Bowen-VS- Illinois Department of Corrections**
**William Penning-VS-Illinois Department of Corrections**
**Deachtra Henry-VS- Illinois Department of Corrections**

### Illinois Law/Illinois Act/ Illinois Statues

**26 Illinois Jurisprudence Workers' Compensation**
**1:01-10:105**

**11 Illinois Jurisprudence 4:13 Personal Injury and Torts**

**Illinois Contribution Act**
**735 ILCS 5/2 6/6**
**740 ILCS 100/3.5**
**820 ILCS 305/12 <2006>**
**820 ILCS 305/25.5**

### Academic Books
**Black Law Dictionary 7th Edition**
**Webster's Third New International Dictionary**
**Unabridged copyright 1976**

### Web-Site

**www. U.S. Equal Employment Opportunity Commission**
**www.eeoc.gov**

### Labor Orginzations
### AFSCME
### Article III, Article XXIII,...

| | |
|---|---|
| Shawnetta T. Graham | ) |
|      Plaintiff, Pro Se | ) |
|   -VS- | ) |
| | )   **United States District Court** |
| **State of Illinois and the Illinois Department** | )   **Northern District of Illinois** |
| **Of Corrections,** | ) |
|      Defendants | ) |
| | )   **Honorable Judge** |
| | )   **Der Yeghiayan** |
| | ) |
| | )   **Civil Action #: 07 C 7078** |
| | ) |
| | ) |
| | ) |
| | ) |

## Notice of filling and Certificate of Service

This serves as notification to the defendants that I will be filing a **SUR-REPLY** to **FURTHER SUPPORT MY MOTION** to amend my complaint in the U.S. District Court in the Northern of Illinois Eastern Division at Chicago. Also, I would be filling my objections to the defendant **REPLY TO FURTHER SUPPORT HER MOTION TO DISMISS.**

I Shawnetta T. Graham, being first duly sworn on oaths, states that she has served one copy of the attach **SUR-REPLY** to each person name below the _13_ day of August, in the year of 2008, in the manner indicated below. The **SUR-REPLY** was delivered by U.S. Mail before the hour of **5:00 p.m.** This is excluding the exhibits. The exhibits will be mailed out before the hours of 5:00 pm on August 15, 2008.

**( ) Hand Delivered**            **(X) First Class mail**            **( ) Certified mail**

Illinois Attorney General
c/o Colette A. Walsh
Assistant Attorney General
General Law Bureau
100 West Randolph St., 13th Floor
Chicago, Illinois 60601
(312)-814-4328

<u>Affidavit of Service</u>            **SEAL:**

Plaintiff: _Shawnetta T. Graham_
Shawnetta T. Graham
1101 Assell Ave.
Aurora, Illinois 60505

Subscribed and sworn before me, this day _12th_ of August in the year 2008

Notary Public: _Candice M. Bonham_ date: _Aug. 12, 2008_

OFFICIAL SEAL
CANDICE M. BONHAM
Notary Public - State of Illinois
My Commission Expires Apr 07, 2012

| | |
|---|---|
| Shawnetta T. Graham | ) |
|      Plaintiff, Pro Se | ) |
|   -VS- | ) |
| | )   **United States District Court** |
| State of Illinois and the Illinois Department | )   **Northern District of Illinois** |
| Of Corrections, | ) |
|      Defendants | )      **Honorable Judge** |
| | )      **Der Yeghiayan** |
| | ) |
| | )   **Civil Action #: 07 C 7078** |
| | ) |
| | ) |
| | ) |
| | ) |

## Affidavit

This is an affidavit that testified that the information in this Sur-Reply/Legal Memorandum is true and correct as well as the exhibits, in addition to the objections to the defendant memorandum to dismiss. All medical information is being provided to help the presiding judge and the defendant attorney understand the body of the Sur-Reply. All medical information is for court purpose only and I am not giving permission for anyone to share the medical information to the general public or anyone who is not name in the caption of the case.

I **Shawnetta T. Graham**, being first duly sworn on oaths, states that this information that is attached is true and correct. I testify to this on the ¹² day of **August,** in the year of 2008.

        Plaintiff: _Shawnetta T. Graham_

                Shawnetta T. Graham
                1101 Assell Ave.
                Aurora, Illinois 60505

Subscribed and sworn before me, this day _12_ of the month of August in the year 2008

Notary Public: _Candice M. Bonham_    date: _Aug 12, 2008_

Seal:

OFFICIAL SEAL
CANDICE M. BONHAM
Notary Public - State of Illinois
My Commission Expires Apr 07, 2012

RECEIVED

AUG 15 2008

Judge Samuel Der-Yeghiayan
U.S. District Court

FILED

AUG 18 2008

Judge Samuel Der-Yeghiayan
U.S. District Court

| | |
|---|---|
| Shawnetta T. Graham           ) | |
|       Plaintiff, Pro Se     ) | |
|     -VS-               ) | |
|                 ) | United States District Court |
| State of Illinois and the Illinois Department  ) | Northern District of Illinois |
| Of Corrections,             ) | |
|       Defendants      ) | Honorable Judge |
|                 ) | Der Yeghiayan |
|                 ) | |
|                 ) | Civil Action #: 07 C 7078 |
|                 ) | |
|                 ) | |
|                 ) | |
|                 ) | |

## SUR- REPLY BREIF/LEGAL MEMORANDUM

For further support of the plaintiff's <u>objections</u> to the Assistant Attorney General Colette A Walsh Motion to <u>Dismiss the plaintiff complaint</u> and further <u>support</u> for the motion to <u>amend the plaintiff's complaint</u>  Now, here come plaintiff, who is Pro-Se who will reply to Assistant Attorney General reply to further her support of dismissal of the plaintiff complaint that she filed on <u>May 01, 2008.</u>

### 1. Objection to Assistant Attorney General Argument
<u>Because the State of Illinois and the Illinois Department of Corrections
Are immune from suit under 42 U.S.C.A. <1981>, 42 U.S.C.A. <1983>, and
U.S.C. A. <1985> this Court Lacks Subject Matter over Plaintiff's Claim</u>

### <u>Sur-Reply</u>

Defendant argument has no merit, when one of the named State Officials presented

a statement which was on the State of Illinois letter head, and the administration

allowed such an action, than the State of Illinois became a party of interest. This

statement that was present to Graham stated that the Illinois Department of

Corrections had a policy which I have not found an official administrative directive

or an institutional administrative. It appears to be an alleged falsification of a

document which was presented to Graham. (See Graham's Statement of Facts of

Complaint) Such an act by the State Official, Cynthia N. Miller, School Principal for

Illinois Department of Corrections School District # 428, was an act beyond the scope of her authority. Base on the alleged wording of the document Graham was asked to write a force medical leave statement and was docked about 5 hours. The docking of Graham's pay check caused a hardship on Graham. Graham was short of food and gas money for the docking pay check. Plus, asking Graham to write a forced medical leave statement was emotional up-setting. It states...Eleventh Amendment provides no immunity to state officials accused of unconstitutional action and damages are sometimes liable against individual defendants despite the fact they are state official.

### 2. Objection to Assistant Attorney General Argument
### Defendants' are entitled to dismissal of Plaintiff's Title VII Claims
### Sur-Reply

The Defendants are not entitled to dismissal of the plaintiff Title VII Claim, a complaint is not subject to dismissal unless it appears to a certainty that the plaintiff cannot possibly be entitled to relief under any set of facts which could be proved in support of the claim. (See USCA 28 Rules 11 and 12, Note 91, page 488)

### Let's have a review of the Civil Rights Act of 1964

(i) Title VII of the Civil Rights Act of 1964, as amended, as it appears in 42 USCA beginning at section 2000e prohibits employment discrimination based on race, color, religion, sex, national origin. (See U.S. Equal Employment Opportunity Commission website)

(ii) The Civil Rights Act of 1991 amends several sections of Title VII, it provides for recovery of compensatory, and punitive damage in case of intentional violations of Title VII, the American with Disabilities Act of 1990. Title I of the ADA prohibits

employment discrimination against qualified individuals with disabilities. (See U.S.

Equal Employment Opportunity Commission Website)

Now, Damages in Cases of Intentional Discrimination states that the Civil Right Act

of 1991 Sec. 102 ...under compensatory and punitive damages has limitation as

follow:

(a) Cases...14 and fewer than 101 employees in ...20 or more calendar

weeks...50,000

(b) Cases...100 and fewer than 201 employee in... 20 or more calendar weeks

...100,000

(c) Cases...200 and fewer than 501 employees in 20 or more calendar weeks...

  200,000

(d) Cases...500 employees in each of 20 or more calendar weeks...300,000

   (See www.eeoc.gov) (Page 4 of website) (See 42 <1981a>, Chapter 21

   Right of Recovery)

With all said above Graham is entitled to relief under the Civil Rights Act of 1991 as

stated in the limitation.

### 3.   Objection to Assistant Attorney General Argument
State of Illinois is entitled to dismissal because it is not Plaintiff's
employer and Plaintiff fail to plead allegation of wrongdoing against
The State.
#### Sur-Reply

Title II of the American with Disabilities Act validly abrogates State Sovereign

Immunity insofar as it creates a private cause of action for damages against the

states for conduct that actually violates the Fourteenth Amendment. (See USCA

Amendment XI, Note 4 (36))

There are three counts of intentional discrimination

Count I: Violation of American with Disabilities Act

Count II: Unlawful Employment Practice

Count III: Intentionally violating the Union Contract

The Defendants needs to answer to Count I, Count II & Count III and any other violation which occurred against Graham is the employment setting. The United States District Court of Northern District of Illinois presiding judge has a task in deciding to allow the motion of dismissal or strike the motion of dismissal what needs to be determine whether plaintiff has legal right to seek relief base on allegation contained in complaint. (See U.S.C.A 28 rule 11 and rule 12, note 91, page 491) The presiding judge needs to apply legal theory, the Federal Court simply require "Notice pleading". A complaint need not specify correct legal theory nor point to right statute to survive motion to dismiss (USCA 28, rule 11 & rule 12, Note 127, page 506) Minimal pleading are permitted and complaint will survive motions to dismiss and summary judgment if plaintiff has salvaged a single "genuine issue as to any material fact. (USCA 28 rule 11 and rule 12, Note 128, page 507) Complaints in Civil Cases should not be dismissed unless it clearly appears that under no theory can the plaintiff be entitled to relief. (USCA 28 Rules 11 and Rule 12, Note 127). Now, the Assistant Attorney General has stated that the State of Illinois should be dismissed from Plaintiff claim because it is not the plaintiff employer...She cited Hearne v. Board of Education of Chicago...Hearnes ...the term employer is understood to mean the particular agency or party of the state apparatus that has the actual hiring and firing responsibility. When I get my pay check it states the

State of Illinois at the top (See Exhibit 1) & (See Graham's Complaint Exhibit CC),

and any document I received in the mail states the following: <u>State of Illinois</u>

<u>Department of Central Management Services</u>. (See Exhibit 2) Graham is a member

of American Federation of State, County and Municipal Employees, Council, AFL-

CIO Local 416.Graham applied for a job and Graham tested in Springfield, Illinois

for a library position for the Illinois Department of Corrections. All my medical

benefit, salary increases and etc has the title of State of Illinois Department of

Central Management Services. (See Exhibit 2) AFSCME has a written agreement

between State of Illinois Department of Central Management Service for the year

July 1, 2004 to June 30, 2008. (See Exhibit 3) I have the agreement book. The

current contract is pending in Springfield, Illinois and will begin post-dated from

<u>July 1, 2008</u> to <u>June 30, 2012</u>. It is a 4 year contract. AFSCME has been the labor

union representative for the IDOC since I started on <u>May 02, 1994</u>.  The Governor

of Illinois signs on the behalf of the State of Illinois. (See Exhibit 4) The Current

<u>Governor of Illinois is Rod <u>R. Blagojevich</u>. The CEO of the Union signed the written

agreement which is Henry Bayer and other AFSCME Administers and other

President of Local Unions signs the written agreement. Jan Bradley is the President

of Local 416 and I am a member of Local 416. Jan Bradley is my president of Local

416 and she also signed the written contract. (Exhibit 5) So, if my complaint needs

an amendment of the caption of the case it needs to include the agency that has the

hiring and firing power. Then, I must ask the court to allow me to amend my

complaint to include the <u>State of Illinois Department of</u> <u>Central Management</u>

<u>Services and the Governor of Illinois Rod R. Blagojevich.</u> If I have to prove any

wrong doing, I must state a violation of <u>Article III: Section 1: Prohibition Against</u> <u>Discrimination and Section 4: Equal Employment</u> <u>Affirmative Action/ADA</u> of the agreement with AFSCME and the State of Illinois Department of Central Management Services. ... the agreement states ...comply with Federal and State....laws and the American with Disabilities Act (See Exhibit 3) If I have to prove any wrong doing, I must state a violation of <u>Article XXIII: Section 19 Service-</u> <u>Connected Injury and Illness and Section 20-Alternative Employment Program</u> of the agreement with AFSCME and the State of Illinois Department of Central Management Services. If I had to prove any wrong doing I must state that the contract states the following: ...will implement an alternative employment program for any employee ...after a work related or non work related disability...pursuant to P.A. 84-876 as it pertains to Section 8 (c) (6) of the personnel Code (See Exhibit 3) The State of Illinois Department Central Management Services broke their agreement with me as a member of AFSCME 416. Graham was hirer under a collective bargaining unit agreement which was entered between the State of Illinois and AFSCME. Illinois Department of Central Management Service (CMS), an agency of the State of Illinois which has statutory authority to negotiate and administer collective bargaining agreements. The Governor of Illinois signed on the behalf of State of Illinois. (See Exhibit 4) The incidents of the violation are outlined clearly in the <u>Statement of Facts in Graham's Complaint</u>. If you have to prove a wrong doing of Graham's employer than it has been proven. Someone hired Graham to work for the Illinois Department of Corrections: Juvenile Division at the facility Illinois Youth Center Warrenville between the years July 2002 to present.

6

When reviewing Graham current work identification which was delivered to Graham around January 2006 when the official change for the Illinois Department of Corrections Juvenile Division became the Illinois Department of Juvenile Justices the only difference in this current identification is the old work identification states Illinois Department of Corrections: IYC Warrenville and the current work identification states Illinois Department of Juvenile Justices. (See Exhibit 6) During July 2004 and August 2004 Graham's work identification stated Illinois Department of Correction: Illinois Youth Center Warrenville, therefore, the caption of the case should include Illinois of Department of Corrections if legally necessary the facility Illinois Youth Center Warrenville should be noted behind all name state official who worked at the facility during the Civil Rights Violation. Due to the fact that Graham's work identification states that the agency and the facility and these name officials were employee of the Illinois Youth Center Warrenville.

### 4. Objection to Assistant Attorney General Argument
### Plaintiff has failed to plead any recognizable violation of Title VII

### Sur-Reply

Plaintiff is requesting relief under Civil Rights Act 1991, which is outlined in this memorandum or sur-reply brief. At this point the defendant has come up with the idea that the charge was untimely, the charge was filled 180 days after the act according to the Illinois Department of Human Rights guidelines. EEOC and IDHR have a cross filing policy. If the charge was untimely, than the Department of the Illinois Human Rights would not have drafted a charge under their policy. If the charge was untimely than the Illinois Department of Human Rights Chief Legal

Counsel would have addressed this idea of an untimely charge in his Final Order. (See Graham's Complaint Exhibit D) If Graham charge was filed untimely than she would have been sent a notice from the Department of Illinois Human Rights similar to notices by the Illinois Human Rights Commission Office when <u>timely exceptions is an issue</u>.

**(See Exhibit 7)**

Case #1: Janet S. Bowen, Complainant –VS- State of Illinois, Department of Corrections, respondent

Case #2: William Penning, Complainant -VS–- State of Illinois, Department of Corrections, respondent

Case #3:  Deachtra Henry, Complainant -VS- State of Illinois, Department of Corrections

At this point the defendant is stating that it is a <u>prior requirement</u> of filing an initial discrimination case. Graham understanding that a prediction of discrimination cannot occur but a complaint can be made at any agency after the alleged act of discrimination as long as it is timely. If the complaint was not timely, then the agencies will not have drafted a charge or it could have been dismissed on the grounds of an untimely filed charge at the Illinois Department of Human Rights level, such a topic is not an interest in 2004 and it is not a interest in 2008 (See Graham's Complaint Exhibit F)  Furthermore, the nature of the charge was not address at any <u>Level of the Illinois Civil Justice System</u>, this is why Graham is in Federal Court .(See Graham's Complaint Exhibit F) What was not said in the charge was the following: Graham introduced herself to Cynthia N. Miller as an

8

African-Indian. A summary of <u>National Origin violation</u> on <u>July 01, 2004</u>. Graham was dressed in Indian and Pakistan dress and she was denied emergency treatment. Graham needed assistant and it was not provided. If the defendant's Attorney want to address an undress charge this is another count. After such an incident on July <u>01, 2004</u>, Graham was approached by her supervisor Cynthia N. Miller, who is a representative of a state agency of the State of Illinois. (IDOC & IDOC School. Dist. # 428) This occurred on or near <u>August 24, 2004</u> and Graham was forced to write a forced medical leave statement on <u>August 24, 2004</u> and she was denied the privilege like others State Employee to use other benefits time and this put Graham in a docking situation. This situation put emotional stress on Graham. This incident was not necessary, because with the amount of years Graham have and the amount of work Graham has done, she should have been offered an Alternative Work Program per Union Contract Agreement with AFSCME and State of Illinois Department of Central Management Services. Graham was forced off the job as a Library Associate because, she had a disability called <u>Chrondromalacia.</u> This condition was reported to Graham's employer after the incident on July 01, 2004 and before the incident on August 24, 2004. (See Graham Complaint Exhibit K) Instead of being presented an <u>Alternative Work Program</u> she was presented a policy on State of Illinois letter head which stated that the Illinois Department of Corrections have a policy that all employees must walk and stand for 60 minutes. Instead of presenting <u>Alternative Work Program</u> from the written agreement with the State of Illinois Department of Central Services and AFSCME Graham was presented with a policy that no one as of today can deliver a copy to her. Maybe the

9

Court can order a copy for review during discovery preceding. Quite to the contrary, it was later told to me verbally and in writing that YS II Tesh and YS II Mathis was never an AFSCME Union Steward for Local 416. (See Exhibit 8) It was told to me later by AFSCME Chief Union Blair of Local 416 that when a union steward is not available it is better to have someone present. However, I personally asked for representation of an AFSCME Union Steward. It appeared once again management presented another falsification of representation to walk me off the grounds because I had a disability. This in inexcusable and it is not cover under a <u>Workman Compensation Act.</u> Such an act is a violation of AFSCME agreement with CMS. Such an act is a violation of Graham's Civil Rights. Such an act is a violation of Federal Law. Such an act is clearly a solid wrong doing of IDOC. Now, Graham has the Burden of Proof under the Americans with Disabilities Act that she should be protected. (USCA 42 <12112> Chapter 126, Note 35, paragraph 36, page 237) <u>Graham's has establish a prima facie case of discrimination in violation</u> of the American with Disabilities Act; to establish a prima facie case under ADA (See USCA 42<12112>, Note 141, page 324)

(1) He or she must be a disable person within the meaning of the ADA

(2) He or she is qualified to perform essential functions of job (either with or without reasonable accommodation)

(3) He or she has suffered an adverse employment action under circumstances from which an inference of unlawful discrimination arises.

<u>Graham present preponderance of evidence which proves:</u>

(1) She was in a protected class: <u>Chrondromalacia</u>

(2)  Graham was force to go on a medical leave

(3)  Graham was performing job at level that met employer's expectation as a

Library Associate

(4)  At the time of a force medical leave an act of unlawful discrimination

occurred and Graham was docked 5 hours

(See statement of Facts of Graham's Complaint) (See USCA 42 <12112>

Chapter 126, page 325)

## McDonnell Douglas Theory

Under <u>McDonnell Douglas Analysis</u> an employee claiming disability

discrimination must first make out a <u>prima facie case</u> by showing that he or

she suffers from a disability, he or she is qualified for the job, he or she was subject

to adverse employment action, and he or she was replaced by a non-disabled person

or was treated less favorably than non-disabled employee... (Graham's Complaint

Statement of Facts and See USCA 42 < 12112>, note 141) Since Graham establish all

of the requirement, than she is entitled to relief as stated and outlined in the Civil

Rights Act of 1991 under intentional discrimination and recovery as defined by the

limitation. Such an act of discrimination was solely because of Graham handicap

<u>Chrondromalacia.</u>

### 5. <u>Objection to Assistant Attorney General Argument</u>
<u>Plaintiff's claim under the ADA fails and can only be construed as a scheme
to circumvent the exclusive jurisdiction of the Illinois Workers Compensation
Commission</u>
#### <u>Sur-Reply</u>

The Defendant Attorney brought to the court attention that such a claim should be

dismissed due to a lack of jurisdiction the defendant attorney brought to the court

attention that such a legal issue is a matter of Illinois Workman Compensation Commission Jurisdiction. As of May 05, 2008, it has not been any positive results on collecting any benefits under such guidelines. At this point it is considered uncollectible, and Graham considered this is an act of waving the lien it holds on Graham right to recovery. There is no reason that Graham can justify why this case is not settled in the Illinois Workman Compensation Court. The Attorney General used the word scheme, so I feel like I should present possible defense, even though I have filed a complaint in the United State Federal Court.

(1) The injured employee must filed the workers' compensation claim within three years after the date of the accident if no compensation were paid. (See 26 Illinois Jurisprudence Workers' Compensation 1: 01-10: 105, page 285) The Incident July 01, 2004 was filed November 14, 2006 and the Incident on August 18, 2004 was filed July 01, 2007. Graham's claim falls in the guideline.

(2) Illinois Contribution Act states if the employer liability is found to be 25 % or more than you are 25% liable for the accident. You should be liable for the entire amount, if you are found less than 25%, than you should pay only your share (See Marlin Unzicker-V-Kraft Food ingredients Corporation: 203 Ill. 2d 64 N.E. 2d 1024: 2002 Ill Lexis 957; Dec. 724) (See 740 ILCS 100/3.5, Contribution against the plaintiff employer)…employer's workers' Compensation liability, and is therefore irrelevant to the determination of the Employer's Contribution Liability. (See 11 Illinois Jurisprudence, 4:13 Personal Injury and Torts, pages 257-258) On the following dates Graham was assigned

12

other duties assigned out of her scope of her hiring job title. Graham had a work restriction of a small limitation of walking and standing for one hour. On the following dates Graham's was sent back to work with a Fox Valley Orthopedic Institute Physician Report:  May 19, 2004, July 19, 2004, and August 16, 2004. (See Graham's Complaint Exhibit K)  Graham was ordered to work on the following date's during her job restriction and out of her job title May 28, 2004, July 26, 2004, August 6 & 1, 2004, and September 27, 2004. Graham's employer action caused Graham's internal trauma, which is a physical body damages to Graham's foot and ankles. On <u>May 28, 2004</u> Graham had a work limitation and her work restriction was until <u>June 19, 2004</u>. On <u>July 1, 2004</u> Graham knees went out during other duties assigned, and it was not just one day Graham work during my work restriction. Graham even work while wearing cam walkers and a soft cast (See Exhibit 9) (See Graham's Complaint Exhibit K)

(3)  Graham's employer did not request any examination either within or without of the State of Illinois, for the purpose of determining the nature, extent and probable duration of the injury…for the purpose of ascertaining the amount of compensation …all the employer had to do is deliver to the Graham with the notice of the time and place of examination with the necessary expense of travel…. (See 820 ILCS 305/ 12 <2006>)

(4)  Graham has been working at Illinois Youth Center Warrenville since July 2002 until present and according to <u>26 Illinois Jurisprudence Worker's</u>

13

<u>Compensation 1:01 -10:105</u> filing a fraudulent Workers Compensation claim may justify termination. There no bogus doctor's notes. There no evidence of fraud or schemes. It is the Illinois Worker's Compensation Commission has this jurisdiction to prove fraud and the evidence must be clear and convincing.

The element of fraudulent misrepresentation:

(1) A false statement or material fact

(2) Known or believed to be false by the party making it

(3) Intent to induce the other party to act

(4) Action by the other party in justifiable reliance on the truth of the statement

(5) Damages to the other party resulting from such reliance

(See 26 Illinois Jurisprudence Workers' Compensation 1:01-10:105. section: 8:11

    False representation by employee)

I do not know how the Assistant Attorney General can <u>prove a scheme to circumvent the exclusive jurisdiction of the Illinois Workers Compensation Commission, if she cannot such comments should be bar from the United States District Court during the fair termination of this case.</u>

Graham is aware of the unlawful act penalties associated with schemes or intentionally present or cause to be present any false or fraudulent claim for the payment of any workers' compensation benefits. This is a Class Four Felony. Graham knows that the law is fair and also gives protection to a person who has the entitlement of workman compensation benefits. (See 820 ILCS 305/25.5;

14

Employment) When Graham's reviewed all elements of the case it was geared to Federal Law, so Graham decided to exercise her rights in Federal Court, filing a workman compensation claim is the first thing one do in an on the job injury, but some people look at a legal situation with a different eye.

### 6. Objection to Assistant Attorney General Argument
Comments in the body of memorandum or reply on page 7th & 8th

### Sur-Reply

The Assistant Attorney General states on page 7th of her memorandum that the "employer believed that these restrictions could caused … "hardship" in the employment setting…pose a safety hazard to fellow employee as well as inmates." Again, Graham's employer assigned Graham a work assignment which was not in her scope of her hiring job title, plus Graham had a work restriction which documentation was delivered to Graham's employer on the following dates: 5/19/04 7/19/04, & 8/16/04 Graham should have been presented an Alternative Work Program not a forced medical leave and dock time. As stated early Graham's employer has written agreement for an Alternative Work Program which is Article III: Section 20 and this is with the State of Illinois Central Management. Again, the Governor of the State of Illinois signed on the behalf of the State of Illinois. Offering an Alternative Employment Program, would have allowed Graham an opportunity to work with a very small limitation and not have to be docked and be sent home with the idea that she would not have a problems getting non-occupational or occupational disability payments or unemployment payments.

15

On page 7th last paragraph the Assistant Attorney states that the Plaintiff was allowed to return to work on <u>August 25, 2004</u>... Under the ADA it requires employer to make reasonable accommodations for individuals who are qualified to perform essential requirements for their employment...discharging employee or giving them a second chance is not an accommodation...Reasonable accommodation...provides a disable employee opportunity to attain same level of performance...enjoy the same level of benefits and privileges of employment as are available to average similarly situation employee without disability (See USCA 42 <12111>, Note 64, page 198 to 199)  Instead of following the guidelines in AFSCME written agreement between State of Illinois Department of Central Management Services, Graham was walked off the job, denied available benefits time usage which she had available (See Graham's Complaint Exhibit Z), she was docked, and she was told if she did not leave grounds the police was going to be called on her.  Plus, the dimension of the facility could have accommodated Graham. Everything is inside the facility is less than five minutes away. As a Library Manager you can operate the library with a limited amount of walking and standing, and the youths are aides for a small pay. Working as a security staff is another subject which Graham was not hirer to work.  There are proper legal steps that need to be followed in this society. There was a clear violation of Graham's rights in the employment setting. Graham is entitled to relief and if it was stated in Graham's complaint monetary recovery or any other relief... Graham will be amending her complaint to include <u>recovery rights under The Civil Rights Act 1991</u> Section 1977A: Damages in Cases of intentional Discrimination in Employment section (b)

16

Compensatory and Punitive Damages. When Graham's was presented with
Administrative Directive which stated that all employee must stand or walk for at
least 60 minutes this was an intentional act of discrimination. Such an act brought
hardship toward Graham, and to think that this directive does not exit is
inexcusable.  Such an incident is not a matter for the Illinois Worker's Commission,
because such an ACT does not cover fraudulent documentation that was used to
force an employee to take a medical leave. Such an ACT does not cover presenting
an employee with fraudulent union representative. This is a matter of Federal Law.
Again, the Assistant Attorney General states on page 7th the "Quite to the contrary,
Plaintiff's August 26, 2004, MRI results indicated the Plaintiff suffered a sprain";
however, the Assistant Attorney General did not mention the MRI by Dr. Bartel
which indicated Chrondromalacia. (See Graham's Complaint Exhibit K)  This was
done July 19, 2004. Graham had a sprain which required her to wear orthopedic
boots and her right foot to be wraps in a soft cast. Graham had to used her own time
for a work related injured, and accordingly to the AFSCME agreement with State
of Illinois Central Management Article XXIII: Leave of Absence: Section 19:
Service Connected Injury and Illness. It states an employee who suffers an on the
job injury...shall not be required...be allowed to go to such appointments without
loss of pay and without utilization of sick leave. (See Exhibit 3)


### 7. Objection to Assistant Attorney General Argument
### This Court Lacks Subject Matter Jurisdiction over any purported State Law Claims


### Sur-Reply

The Assistant Attorney General States on page 9 " When a employer is covered by the Act, neither the employee or a dependent or a legal representative or the employee ...entitle to recover damage for ....outside the Act." It's the first time for everything, and as of today the workers' compensation commission has not settled and since Graham last checked the American with Disabilities Act was a Federal Act. This is a matter of Federal Law at this point. (See Graham's Complaint) Since the name officials have appeared to have conduct which is unconstitutional, so, their rights and the agencies of the states' rights are abrogated. There no sovereign immunity defense for the defendants. Graham was walked off the job and denied the use of benefit time that was available (See Graham's Complaint Exhibit Z & AA), Graham was docked, denied emergency medical treatment, Graham was called a nuisance, Graham was told that she making up injury, Graham was forced to write a medical leave statement, Graham was presented fraudulent union representative, Graham was told that the police would be called on her, Graham rights under **Article III** and **Article XXIII** of the Agreement between AFSCME and the State of Illinois Department of Central Management Services were violated. It is up to the federal court to determine if they have jurisdiction or transfer the case to the court that should have jurisdiction. This case should not be dismissed, because of the nature and the topic. Such a violation should be address by a court system in the United States of America. Such action of officials and job related conduct is a risk to the society and it should be addressed by a court system. If you have the ability to do a job in question an individual should have the right to do the job without such complication. There is not a defense the defendant can legally use for

18

the violations which have been outlined in the complaint and the briefs in this case.
How could the parties who are mention defend the actions of an alleged document
that has not been discovered as of today and presenting a union employee with
union representative who were not certified **AFSCME UNION STEWARD.** (See
Exhibit 8)The name defendants and named agencies do not have any rights under
the eleventh amendment; because their act was unconstitutional there is no
justification, so their rights have been abrogated.

### 8.   Objection to Assistant Attorney General Argument
### Plaintiff's Motion to amend her Complaint should be denied

### Sur-Reply

At any time before judgment ...amendments may be allowed on just and reasonable
terms, introducing any party who ought to have been joined... (See 735 ILCS 5/2
616, page 21) Also, Federal Rules of Civil Procedure: Rule 12 states: the court will
generally permit the pleader an opportunity to amend unless amendment would be
futile...plaintiff leave to amend and refile the pleading at least once, prior to entry
judgment... The word futile means serving no useful purpose (See Webster-
unabridged) Graham requests that the court strike the defendant motion to dismiss
due to the fact of a violation of the ADA and Civil Rights Act of 1964. Graham
requests that court to allow a relief to recovery under the Civil Rights Act of 1991.
Graham requests that court allow her to amend her complaint to apply the Ex Parte
Young Doctrine. (See U.S. Court Reports 52 Law. ED U.S. 207-210, pages 714-746)
(See Purpose Complaint Exhibit 10). Graham requests that the court allow her to
include the following in the caption of her case:

19

State of Illinois, Illinois Department of Corrections, State of Illinois Department of Central Management Services, Illinois Department of Corrections School District # 428, and name officials Governor of Illinois Rod R. Blagojevich, Director of the Illinois Department of Corrections Roger E, Walker Jr., Warden Jeffery Bargar of Illinois Youth Center Warrenville, Assistant Warden of Programs Margarita Mendoza of Illinois Youth Center Warrenville, Assistant Warden Operations Wendy Blank- Navarro of Illinois Youth Center Warrenville, & School Principal for Illinois Department of Corrections School District #428  for Illinois Youth Center Warrenville Cynthia N. Miller

The role of the name officials have been outlined in Graham's filed complaint and

the proposed amended complaint, and as well as this sur-reply brief. All named

parties will be notified of the amendment in the caption of the case. (See Exhibit 15)

Rule 10(a) of the Federal Civil Judicial Procedure and Rules states: In the

complaint the title of the action shall include the names of all the parties...The

current name official which is the State of Illinois Governor role is that he signed a

contract on the behalf of the State of Illinois between State of Illinois Department of

Central Management Services and AFSCME. The agreement of the contract was

violated. This is not the first case that Governor Rod R. Blagojevich and Director of

Illinois Department of Corrections, Roger E. Walker Jr. has been name in a case

found or unfound in the United States District Court:

Case # 1: Eugene McAdory and Kenneth Briley, Plaintiff –vs- Rod R. Blagojevich

and Roger Walker Jr. ( No 05 C 4196 &  No O5 C 2024 )

Subject: Discharging of a Warden who worked for Illinois Department Corrections

at Menard Correctional Center

Case # 2: Jeffrey Hutchinson, Plaintiff-v- Rod R. Blagojevich and Roger Walker Jr.,

Defendant (No 04 C 2947)

Subject: Firing former assistant Warden from his position

Case # 3: Mark Pierson, Plaintiff-v- Rod R. Blagojevich an Roger Walker Jr.

Defendant (N0 04 C 939)

Subject: termination of a warden at an Illinois Penal Institution

Rod R. Blagojevich has been name alone in a case in the United State District Court

of the Central District of Illinois, Springfield Division:

Case #1:  Diane Ford, plaintiff-v- Rod R. Blagojevich, defendant (Case No. 03-3089)

Subject: firing the plaintiff from the Illinois Industrial Commission, plaintiff was

formally the chief legal counsel to former Illinois Governor George Ryan

It not the first time the Director of the Illinois Department of Corrections has been

named in a case where an employee felt like their rights were violated in the work

setting in the United States District Court. Director Walker has been named in

caption of court cases with others. This is because the Director Walker is the

executive of enforcing departmental policies. (See Mark Trevathan, plaintiff-v-

Roger E. Walker, Jr. & Eugene Meadory (in their individual capacity as the

Director of Illinois Department of Corrections and the Warden of Menard

Correctional Center: Case No 06-CV-4044-JPG)

Subject: The plaintiff an employee at IDOC Menard Correctional Center deprived

of a constitutionally protected liberty of rights

Since the Assistant Attorney General Walsh has developed an agreement that the

State of Illinois is not my employer than I must include the following: Illinois

Department of Corrections School District # 428 and the State of Illinois

Department of Central Management Services.

21

State of Illinois Department of Central Management Services has been named in
many cases found or unfound in the United States District Court: (See Case #1:
Norman Bankston, Herman Davila, John E. George, Jr. and Rolando Hernandez,
plaintiff-v-State of Illinois, Illinois State Department of Central Service
Management Services, Stephen G. Schnorf, both in his capacity as Director of
Department of Central Management Services and, individually, defendants: Case
No. 93 C 39)

Subject: <u>Illinois Police Officer alleged for three years they worked unpaid hours</u>
Since it appears to be a loop hole in the topic who you are working for in the State of
Illinois and the Assistant Attorney General Walsh states that your employer is the
one who has the ability to hire you and firer you, and since Cynthia N. Miller, was a
representative for the State of Illinois Department of Corrections as well as the
principal for Illinois Department of Corrections School District # 428. Since the
Assistant Attorney General Walsh states on page 13 of her reply that," those
individuals who are no longer employed with IDOC cannot provide Plaintiff with
any prospective relief because they have no authority to do so on behalf of the State.
Cynthia N. Miller retire before justice could prevail, however the Illinois
Department of Corrections School District # 428 still remains. So, therefore,
Graham will be adding this arm of the State of Illinois to her caption of the case.
Furthermore, the Director of the Illinois Department of Corrections is the executive
of enforcing policy for the agency, so, Roger E. Walker, Jr. will be added to the
caption of the case as mention in latter comments. Most likely the Assistant
Attorney General will address once again that this arm of the State of Illinois which

22

is a Illinois Department of Corrections School District # 428 and other agencies

which are being added is protected under the Eleventh Amendment; however, if the

action of the officials were unconstitutional than there is no protection, so their

rights has been abrogated.

The Illinois Department of Corrections School District # 428 has been name in cases

found and unfound in the United States District Court for the Northern District of

Illinois, Eastern Division and the Central District of Illinois, Springfield Division.

* See Case #1: Mason Williams (N-73834)-V- School District # 428  (No. 98 C 1448)

Subject: <u>unknown at this time but basically it is an unhappy inmate</u>

*See Case #2: Kevin Downey and Janice Tuxhorn, Plaintiffs-v- Charles Shonkwiler,

Defendant  (N0. 05-3001)

Subject:  <u>Macon/Corrections Special Education Employee/ also called School</u>

<u>District # 428 contract was not renewed because of being a registered republican.</u>

With all that has been said when reviewing Graham's annual performance

evaluation which is prepared by an Illinois Department of Corrections School

District #428 Educator Facility Administer/School Principal it states on page one the

State of Illinois Department of Central Services. (See Exhibit 2) Therefore, if the

Assistant Attorney General needs some kind of proof who has the hiring a firing

power of Graham's employment, than it is a partnership with the IDOC, IDOC

School. Dist. #428, and CMS which are agencies of the State of Illinois. To further

support in the amendment of Graham's complaint to include the IDOC School Dist.

#428 will be outline in the next sentence. A step one level union grievance attempt on

September 17, 2004 which was presented to Cynthia N. Miller by a Chief Union

Steward YSII D. Marshal for the violation of Article: 3-Non-Discrimination:
Section 1-Prohibition Against Discrimination and Article XII Hours of work and
overtime: Section: 6-General Provisions and any other articles or sections which
were violated. At the step one level Cynthia N. Miller should have made the
situation whole and acknowledge that a policy was not enforceable, the union
stewards were not certified union representative, and Graham did have vacation
time on the book which could have been applied instead of docking her from 11am
to 4pm. However, the grievance was not resolved and it went to a second level
grievance which was held <u>October 13, 2004</u> by the Illinois Department of
Corrections School District # 428 Hearing Officer. (See Graham's Complaint
Exhibit Y) Cynthia N. Miller was present at the hearing and she had another
opportunity to acknowledge that the policy which was used was not enforceable and
the union stewards were not certified AFSCME UNION STEWARDS and Graham
could have used vacation time instead of being docked. Graham has a federal right
to work without discrimination in the work setting and she has the right to recover
damages for intentional discrimination these rights are govern by a Federal Law.
Graham has the right to be protected under the ADA because she has a disability.
The federal courts do not have to do a "second-guessing duty", Graham is asking
the federal courts to review Graham's complaint and all exhibits, and all submitted
briefs and it exhibits. Graham is asking the presiding judge to make a fair
determination on the case and Graham is asking the presiding judge to applied legal
theory which will help solve this dispute over if Graham rights were violated in the
work setting, was there an act of intentional discrimination, was there a violation of

24

unlawful employment practice, and if there are any set of facts that can justify Graham is entitled to relief under the Civil Rights Act of 1991 or any other relief. If there are any set of facts that was a Violation of the Civil Rights Act and Americans with Disabilities Act, then Graham is asking for the United State District Court to strike the Assistant Attorney General Motion to Dismiss Graham's Complaint and proceed with the normal court order in such a case which is outlined in the Statement of Facts and other body of Graham's Complaint.

The Assistant Attorney General Walsh states in her reply on page 10 the following: it could have sought dismissal under Federal Rule of Civil Procedure 10 (b)...the Black Law Dictionary Seventh Edition states that a harmless error is not ground for reversal, and personally Graham feels such an error should be considered so small because it was apparently not obvious to the defendant's attorney until the second supporting legal memorandum or reply brief. Graham would like the court to consider any stated violation of Federal Rule of Civil Procedure as a <u>Harmless Error</u> due to the fact of the nature of the case and the risk it has on society. (Black Law Dictionary 7th Edition, page 563) Graham knows from experience by working in an incarcerated environment that if one breaks the law and get away with it then they will continue. Such an ongoing violation towards Graham needs to be address in the lower federal court of law. This society has established a Civil Justice System. Graham would like an injunction to prevent such a violation of her rights in the employment setting. On page 12 of the Assistant Attorney General reply she filed on <u>May 01, 2008</u> she made reference to Graham purpose of a "continuing violation theory". Graham has stated previously that a continuing violation was present in

25

the work setting. Now, "to succeed under the <u>Continuing Violation Theory</u> a plaintiff must demonstrate that the acts of alleged discrimination are part of an ongoing pattern of discrimination and that at least one of the alleged discrete acts of discrimination occurred within the relevant limitation period" (See Indira Adusumilli, Plaintiff-Versus- Loyola University of Chicago, Defendant, United States District of the Northern of Illinois, Eastern Division, Case # 97 C 8188) The following are dates and incidents reports which started from July 1, 2004 to Present: ... (See Exhibit 11)

Also, on page 12 the Assistant Attorney General states: "Plaintiff cannot maintain a theory of continuing violation and therefore should not be allowed to amend her complaint to include this theory. If the court will review Exhibit 11, it will show that it has been an ongoing violation toward Graham from July 1, 2004 to Present. So, the <u>Ex Parte Young Doctrine</u> should be applied and Graham should be allowed to name state official in their job capacity. Similar to Dana Malone --vs- Illinois Department of Corrections this case was filed in the United States District Court for the Northern District of Illinois, Eastern Division: No. 02 C 8126. Dana Malone and Graham both work for the Illinois Department of Corrections Juvenile Division and both live in Aurora, Illinois and Dana Malone and Graham both suffered an on the job injury to the knees. There no logical legal reason that the courts should not allow Graham the right to name parties who played a part in the violation of Graham's Civil Rights in the work setting, so, please allow amendment.

26

### 9. Further support to Amend Graham's Complaint

On <u>April 21, 2008</u> or close to it Graham filed a motion to amend her complaint and a legal memorandum or reply brief to object to the Assistant Attorney General Colette Walsh motion to dismiss Graham's Complaint. The Assistant Attorney General's defense was that the State of Illinois and the Illinois Department of Corrections are protected under the Eleventh Amendment. Graham defense is that if she is allowed to use the <u>Ex Parte Young Doctrine</u> she can name state officials if in fact the conduct of the official was unconstitutional. On <u>May 1, 2008</u> the Assistant Attorney General Colette Walsh filed a sur-reply brief which she makes new and more defenses to support her motion to dismiss. This civil case needs to have a fair determination by the lower federal court. It needs to be a determination that can be named in the caption of the case, if Graham is entitled to recovery under the Civil Rights Act of 1991 because it was a violation of federal law. Assistant Attorney General Walsh stated on page 7th of her sur-reply brief "nothing in complaint indicates that at the time this decision was made, were plaintiff's injuries considered to be a permanent disability as defined under the ADA...This is not Graham fault that her employers took a stand that such an injury was temporary before reviewing facts and <u>quite to the contrary</u> every on the job injury should have high consideration it should not be taken lightly.  Regardless, of Graham employer determination the agreement between the State of Illinois Department of Central Management Services and AFSCME for the June 1, 2004 and June 30, 2008 states that the union member should be offered an Alternative Work Program. The Governor of Illinois signed this agreement on <u>behalf of the State of Illinois</u>. If in fact

27

Graham's employer consider her restrictions could cause a hardship in the employment setting, than Article XXIII (Leave of Absent) Section 20: Alternative Employment Program of the union contract should have been applied. (See Exhibit 3) If Graham's employer had followed the right steps there would have not been a violation of union contract Article III (Non-Discrimatory). (See Exhibit 3) Graham's proposed amended complaint is attached to this sur-reply as Exhibit 10. Due to the fact Graham's rights were violated under Civil Rights Act and her rights were violated under the union contract for the year July 01, 2004 and June 30, 2008. Graham has suffered from the stress which has caused medical condition to be treated with daily medication. Graham was not taking high blood pressure medication or insulin injection at the start of her employment with the Illinois Department of Corrections neither at the start of her employment at Illinois Youth Center Warrenville. On May 19, 2008 Graham was diagnosis with Colitis with a mild Hemorrhoid, (See Exhibit 16) it has been said on National Television that stress and Colitis has been linked together (Channel 7 local new in Chicago) Also, Graham's foot deformity was exam again on April 22, 2008 (see Exhibit 16) Graham was not order to wear orthotics at the start of her employment at IDOC nor at the start of employment of IYC Warrenville. The ongoing violations which were presented in Graham's Complaint have caused undue stress. Recently, Graham was denied Optional Group Life Insurance which would have covered her up to 8 times her salary, the total amount would have been $ 407,200. (See Exhibit 12) Graham was also denied $10, 000 whole life insurance policies, which her first month premium was mailed back to Graham. (See Exhibit 13) Therefore, if I want to

qualify in the next year or so, Graham would like the unnecessary stress which only will occur if an <u>injunction is order to stop</u> "continuing violation in the work setting. Taking things without fair and logical reasoning behind action, forcing Graham to work out of job title, and preventing me to have the same privileges as others has caused stress which has contribute to Graham's medical conditions. Recently, a reading program which I developed for the youth patrons were changed without prior notification. When I started at IYC Warrenville there was not a library reading incentive in place for the female youths. (See Exhibit 14 & 17)) Therefore, I am request the presiding judge to allow me to amend my complaint which was filed on or around <u>December 17, 2007</u>, because Graham would like a fair determination and the Illinois Constitution of 1970 Article 1: Section 2 states the following: "every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, privacy, property, or reputation. He shall obtain justice by law, freely, completely, and promptly." I would like to include in my <u>amended complaint</u> the following:

*1: by using the <u>Ex Parte Young Doctrine</u> I would like to name state official which are outlined in this Sur-Reply brief or Legal Memorandum. This will allow me to amend the caption of the case

*2: I also would like to include new agencies which are arms of the State of Illinois. This will allow me to amend the caption of the case to include my employer or who ought to be name. (Federal Rule of Civil Procedure 10a)

*3: I would like to include new federal questions, because this will allow the court to give a fair determination. (USCA Amend 10- Amend 14) (Law Suits against the State) (Title 42 <chapter 126>)(Title 28<Chapter 85>)

*4: I would like to include a short and plain statement which gives me the rights for relief. (Rule 8(a) 2 FRCVP) (Civil Rights Act of 1991) (Illinois Constitution of 1970 Article I: Section 12)

29

*5: I would like to include details on the complaint about the violation of AFSCME union contract which the Governor of Illinois signed on the behalf of the State of Illinois. (Amending a portion of the statement of fact to include this information and include in the argument section)

*6: I would like to make a distinguish between reasonable doubt and beyond doubt

*7: anything else which is outlined in the sur-reply brief/ legal memorandum and I would like to amend Graham Complaint Exhibit DD which will include new witnesses (See Motion to leave to amend filed complaint Point 6) Plus, add Exhibit FF to Graham's complaint.

## 10. Conclusion

Graham has submitted in this sur-reply brief a copy of her purposed amended complaint with each and every detail that Graham feels should be address in the lower federal court. Graham would like the presiding judge in this civil matter to review all filed documents and exhibits and allow Graham to amend her complaint and Graham would like the presiding judge to review all reasons of both parties and make a fair determination in this case.  Plaintiff request the court to strike the defendant motion to dismiss due to the fact of a violation of the ADA, Civil Rights Act of 1964, and she request the court to allow a relief for recovery under the Civil Rights Act of 1991

Respectfully submitted,

8/13/08

Shawnetta T. Graham, Pro-Se
1101 Assell Ave.
Aurora, Illinois 60505

30